ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC and*
*Mortgage Electronic Registration Systems, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THU THUY NGUYEN,<br><br>              Plaintiff,<br><br>vs.<br><br>PENNYMAC    LOAN    SERVICES,    LLC,;<br>FEDERAL    NATIONAL    MORTGAGE<br>ASSOCIATION       (FANNIE       MAE);<br>MORTGAGE          ELECTRONIC<br>REGISTRATION       SYSTEMS,       INC.<br>("MERS"), as Nominee and Beneficiary; DOES<br>1-X, inclusive; ROE BUSINESS ENTITIES 1-<br>X, inclusive,<br><br>              Defendants. | Case No.:  2:25-cv-00362<br><br>**NOTICE OF REMOVAL** |

Pennymac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. (**MERS**) remove this action from the Eighth Judicial District Court in Clark County, Nevada, to the United States District Court for the District of Nevada.  This court has federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

## I.    BACKGROUND

Thu Thuy Nguyen initiated this action on January 17, 2025, by filing a complaint in the Eighth Judicial District Court of Clark County, Nevada, styled *Thu Thuy Nguyen v. Pennymac Loan Services, LLC, et al.*, case no. A-25-910276-C.  The complaint relates to the deed of trust recorded against

{80169984;1}

property located at 9878 Belikove Manor Avenue, Las Vegas, Nevada 89178. **Ex. 1** at Compl., ¶¶ 1, 2. Nguyen asserts multiple causes of action in an effort to, *inter alia*, obtain a declaration that the deed of trust is invalid. *See id.*, ¶¶ 16-26. Nguyen asserts causes of action for quiet title, fraudulent misrepresentation, breach of contract, and violations of federal and state law. *Id*.

Pennymac was served with the complaint on February 4, 2025. MERS was served with the complaint on February 10, 2025. Copies of all pleadings, processes, and orders in the state court action are attached as Ex. 1.

## II.    BASIS FOR REMOVAL JURISDICTION

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir 2000). This court has federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331. This court also has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332. The case is therefore removable pursuant to 28 U.S.C. § 1441.

### A.    Federal Question Jurisdiction

This court has federal question jurisdiction. District courts have original jurisdiction of all civil actions arising under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This court has federal question jurisdiction under 28 U.S.C. § 1331 because Nguyen brings claims based on "violations of federal [] law," including the Real Estate Settlement Procedures Act (**RESPA**) and the Truth in Lending Act (**TILA**). *See* Ex. 1 at Compl., ¶¶ 14, 15, 25, 26; *see also Juntilla v. Resi Home Loans IV, LLC*, No. 2:12-CV-00790-MMD, 2012 WL 3761932, at \*1 (D. Nev. Aug. 29, 2012) (claims under RESPA and TILA involve interpretation of federal law); *Pajarillo v. Countrywide Home Loans, Inc.*, No. 2:09-CV-0078-LDG-GWF, 2009 WL 10659055, at \*2 (D. Nev. Sept. 24, 2009) (same). Removal is appropriate under 28 U.S.C. § 1441, and the court has supplemental jurisdiction over the state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

2

{80169984;1}

**B.      Diversity Jurisdiction**

The court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.

### 1.  Complete Diversity

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  The real parties in interest are diverse.

Nguyen is a citizen of Nevada and currently resides at the subject property in Las Vegas, Nevada.  Ex. 1, Compl. at ¶ 3.

Pennymac is a citizen of California and Delaware.  Pennymac is a Delaware limited liability company, the sole member of which is Private National Mortgage Acceptance Company, LLC. Private National Mortgage Acceptance Company LLC's members are PNMAC Holdings Inc. (PNMAC) and PennyMac Financial Services Inc. (PFSI). Both PNMAC and PFSI are Delaware corporations with principal places of business in Westlake Village, California.

MERS is incorporated in the State of Delaware, with its principal place of business in Atlanta, Georgia.  MERS is not a citizen of Nevada and therefore diverse from Nguyen.  MERS received a copy of the complaint on February 10, 2025.  MERS joins and consents to removal.

Federal National Mortgage Association (**Fannie Mae**) is a corporation organized under the laws of the United States.  Fannie Mae is a citizen of the District of Columbia and has its principal place of business in the District of Columbia. *See* 12 U.S.C. § 1717(a)(2)(B) ("[Fannie Mae] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction ... to be a District of Columbia corporation.").  There is no indication Fannie Mae has been served.  To the extent necessary, Fannie Mae consented to removal.

None of the named defendants are Nevada citizens. *See* 28 U.S.C. § 1441(a).

### 2.  Amount in Controversy

28 U.S.C. § 1332(a) provides that "the matter in controversy [must] exceed the sum or value of $75,000, exclusive of interest and costs" for diversity jurisdiction to lie.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's

3

liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

In Nevada, a removing party need only establish that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Salvador v. National Default Servicing Corp.*, No. 2:13-CV-1011 JCM GWF, 2013 WL 6019211, at *1 (D. Nev. Nov. 13, 2013) ("the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]." (internal citation and quotations omitted)). The amount in controversy in actions seeking declaratory or injunctive relief "is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in the action exceeds the sum or value of $75,000 exclusive of interest and costs. Nguyen seeks a quiet title judgment "declaring the Deed of Trust null, void, and unenforceable." Ex. 1, Compl. at Prayer for Relief. The face value of the at-issue deed of trust is $762,372.00. *Id.*, ¶ 10. This amount continues to increase so long as the loan secured by the deed of trust remains unpaid. Further, the grant, bargain, and sale deed attached to Nguyen's complaint lists the property value as $785,950.00, which further supports the amount in controversy. *Id.*, Compl. at Ex. B; *see also Bank of Am., N.A. v. Regency Vill. Owner's Ass'n, Inc.*, No. 2:16-CV-00496-GMN-CWH, 2017 WL 2817882, at *2 (D. Nev. June 29, 2017) (discussing amount in controversy in quiet title actions). Nguyen also seeks at least $29,980.75 in compensatory damages, as well as emotional distress, punitive damages, and attorney's fees and costs.

## III.   PROCEDURAL REQUIREMENTS

Nguyen filed this action in the Eighth Judicial District Court, Clark County, Nevada on January 17, 2025. Ex. 1, Compl. Nguyen served Pennymac on February 4, 2025. Ex. 1, Declaration of Service. Nguyen served MERS on February 10, 2025. This notice is timely-filed within the 30-day removal period.

Venue is proper in this court because the United States District Court of Nevada embraces the place in which the state court action was pending, Clark County, Nevada. 28 U.S.C. § 1441(a).

4

{80169984;1}

Pennymac and MERS will concurrently file a notice of removal in the Eighth Judicial District Court for Clark County, Nevada.

## IV.    CONCLUSION

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).  Pennymac and MERS intend no admission of fact, law, or liability by this removal notice, and expressly reserve all defenses, motions, and/or pleas.

DATED this 25th day of February, 2025.

AKERMAN LLP

*/s/ Nicholas E. Belay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc.*

{80169984;1}

**INDEX OF EXHIBITS**

Exhibit 1        State court filings

akerman

{80169984;1}