ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC and*
*Mortgage Electronic Registration Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THU THUY NGUYEN,<br><br>        Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,<br><br>        Defendants. | Case No.:   2:25-cv-00362-GMN-DJA<br><br>**MOTION TO DISMISS** |

PennyMac Loan Services, LLC (**Pennymac**) moves to dismiss plaintiff Thu Thuy Nguyen's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**I.    INTRODUCTION**

In December 2024, Thu Thuy Nguyen obtained a $762,372.00 loan from Pennymac to purchase a new home, agreeing to be bound by the terms of both a promissory note and the associated deed of trust.  Nguyen now attempts to avoid upholding her end of the bargain by bringing the instant lawsuit just one month after entering into the agreement.  Nguyen claims she owns the property free and clear from the mortgage due to various "irregularities" in the loan documents, while also vaguely alleging that she suffered "damages."

Nguyen's complaint is based on nothing more than misstatements of law and recycled arguments that have been repeatedly rejected in Nevada.  Pennymac respectfully requests the court dismiss this action with prejudice.

## II.    FACTUAL ALLEGATIONS

Nguyen purchased the property located at 9878 Belikove Manor Avenue, Las Vegas, Nevada 89178 in December 2024.  *See* Compl. at ¶¶ 2, 10.  To finance the purchase, Nguyen executed a $762,372.00 promissory note, secured by a deed of trust recorded against the property.  *Id*. at ¶ 10; *see also* **Ex. A** (Deed of Trust); **Ex. B** (Redacted Note).[1]  The deed of trust identifies Pennymac as the original lender and Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary, solely as a nominee for Pennymac and its successors and assigns.  Ex. A.  Nguyen does not challenge that both the note and deed of trust bear her signature.  *See* Compl. at ¶¶ 10, 11; *see also* Exs. A, B.

Despite entering into a routine loan agreement, Nguyen now claims various deficiencies that she mistakenly believes render it invalid.  These alleged deficiencies include that: (1) the note and deed of trust were not signed by a representative of the lender; (2) the note was not recorded; (3) the note and deed of trust were bifurcated; and (4) ownership of the note was transferred without proper disclosure.  *See* Compl. at ¶¶ 11–14.  Aside from these purported "errors" in the loan, Nguyen also alleges that she sent a "qualified written request" on December 30, 2024, which Pennymac received on January 6, 2025.  *Id*. at ¶ 15.  Nguyen does not attach the request to the complaint, nor does she provide any allegations as to its contents or even the general nature of the request.  She also does not adequately plead any damages caused by defendants, nor can she.  None exist.

Based on these faulty allegations, Nguyen asserts claims for quiet title, fraudulent misrepresentation, breach of contract, and "violations of federal and state law."  *Id*. at ¶ 16–26.

## III.    LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Pennymac respectfully requests the court consider the exhibits attached to this motion to dismiss. The recorded deed of trust is a judicially noticeable matter of public record, and Nguyen incorporates the promissory note by reference in her pleading.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

80205002;1

662, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

## IV.   NGUYEN MISCONSTRUES NEVADA LAW AND THE LOAN DOCUMENTS

Nguyen's entire complaint is premised on fundamental misunderstandings of Nevada law and the relevant loan documents. Because these misunderstandings are intertwined with each of Nguyen's causes of action, Pennymac addresses these allegations up front before turning to the individual elements of Nguyen's claims.

**First**, Nguyen contends that the promissory note and deed of trust are invalid because they were not "signed by an authorized representative of the lender." Compl. at ¶ 13. There is no such requirement in Nevada. "The note represents the right to the repayment of the debt, while the [deed of trust] . . . represents the security interest in the property that is being used to secure the note." *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 512, 286 P.3d 249, 254 (2012) (quoting Robert E. Dordan, *Mortgage Electronic Registration Systems (MERS), Its Recent Legal Battles, and the Chance for a Peaceful Existence,* 12 Loy. J. Pub. Int. L. 177, 180 (2010)). Under this framework, "the ***borrower***, or grantor, executes both the note and the deed of trust ***in favor of the lender***." *Id*. (emphasis added). The lender is not required to countersign the agreement because the lender is not the party

3

being charged with its obligations. *See* NRS § 111.220 (stating agreements must be signed by the party being charged); *see also Lehnerd v. E-Loan, Inc.*, No. CV-14-01811-PHX-SPL, 2015 WL 13333686, at *5 (D. Ariz. July 31, 2015) (finding note and deed of trust valid because "they are in writing and signed by the party to be charged—the [Borrower]"). Nguyen was aware of this fact because the deed of trust expressly informed her of it. *See* Ex. A ("BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider signed by Borrower and recorded with it."). These are uniform documents, and this standardized practice is consistent with every other home loan in Nevada.

**Second**, Nguyen alleges that the promissory note had to be recorded under NRS 111.315 and NRS 111.325, which govern record notice of conveyances. Compl. at ¶ 11. Nguyen is wrong again. At a fundamental level, Nguyen is incorrect because a promissory note is not a conveyance under either NRS 111.315 or NRS 111.325; it is a private contractual agreement between a borrower and a lender. *See Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1214 (D. Or. 2012) ("A promissory note is not a conveyance of real property and is not recorded or even susceptible to recordation."); *see also Edelstein*, 286 P.3d at 254 (stating that after execution of the promissory note and deed of trust, the "***deed of trust*** may then be recorded") (emphasis added). There is no "procedural defect" or "breach of contract" in the promissory note by virtue of it being unrecorded. It is not meant to be recorded. Further, even if the note were a conveyance (which it is not), its record status would have no bearing on its enforceability against Nguyen as the borrower, only against third parties. *See In re Montierth*, 131 Nev. 543, 546–47, 354 P.3d 648, 650 (2015) ("[A] security interest attaches to the property as between the mortgagor and mortgagee upon execution and as against third parties upon recordation."); 59 C.J.S. *Mortgages* § 256 (2009) ("[A]n unrecorded deed is valid immediately between the mortgagor and the mortgagee.").

**Third**, Nguyen alleges that the deed of trust and note have been bifurcated, rendering them "null and void." Compl. at ¶ 12. This well-worn argument has been repeatedly rejected by Nevada state and federal courts. *See Edelstein*, 286 P.3d at 259 ("Separation of the note and security deed . . . does not render either instrument void."); *Bergenfield v. Bank of Am.*, 129 Nev. 382, 385, 302 P.3d 1141, 1142 (2013) ("Nevada law permits the severance and independent transfer of deeds of trusts and

4

80205002;1

promissory notes without impairing the right to ultimately foreclose."); *Zizi v. Republic Mortg., LLC*, No. 2:12-CV-00018-GMN, 2013 WL 1249654, at *4 (D. Nev. Mar. 27, 2013) (rejecting plaintiff's "split the note" theory and dismissing complaint with prejudice); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).

**Fourth**, Nguyen claims that she received notice that Fannie Mae had purchased the loan on January 7, 2025, but that this notice was somehow improper under federal law. Compl. at ¶ 14. Nguyen does not provide any explanation as to how or why this disclosure was supposedly improper. Instead, Nguyen merely cites *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470 (2011). But *Levya* has nothing to do with disclosing Fannie Mae as an owner of the loan. *Leyva* concerned a beneficiary's compliance with Nevada's Foreclosure Mediation statute, NRS 107.086. Defendants and Nguyen are not involved in foreclosure mediation, nor are defendants even seeking to foreclose under the deed of trust. There is no requirement that a "recorded instrument identify the note owner by name." *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018). And, to the extent Nguyen believes that securitization somehow renders the loan invalid, this argument has been continually and authoritatively rejected. *See Reyes v. GMAC Mortg., LLC*, 2:11–CV–100 JCM (RJJ), 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) ("[S]ecuritization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust.") (listing cases).

## V.    NGUYEN'S CLAIMS FAIL AS A MATTER OF LAW

### A.    Nguyen's Quiet Title Claim Fails Because the Loan Remains Unpaid

Nguyen seeks to quiet title in her favor but provides no legal basis to do so. In Nevada, a quiet title action may be brought "by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. "[T]he burden of proof rests with the plaintiff to prove a good title in himself." *Velazquez v. Mortgage Electronic Registration Systems, Inc.,* No. 2:11–CV–576, 2011 WL 1599595, at *2 (D.Nev. Apr. 27, 2011) (quoting *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318 (Nev. 1996)). Parties seeking to quiet title must allege they have paid any debt owed on the property. *See Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-CV-0084-KJD-PAL, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011) (citing *Ferguson v. Avelo Mortgage, LLC*, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011)).

5

80205002;1

Here, Nguyen does not dispute borrowing $762,372.00 from Pennymac just a few months ago, which was secured by a deed of trust recorded against the property. *See* Compl. at ¶ 10; Ex. A.  Nor does Nguyen dispute that the debt remains unpaid. *Id.*  Instead, Nguyen alleges the deed of trust is invalid because the note and deed of trust were bifurcated, and defendants have failed to demonstrate proper chain of title.  Compl. at ¶¶ 17, 18.  These allegations fail for the reasons already explained above.  Bifurcation does not invalidate the lien, and there is no affirmative obligation to "demonstrate" proper chain of title because defendants are not seeking to enforce the deed of trust through foreclosure. *See In re Montierth*, 354 P.3d at 650–51; *Leyva*, 127 Nev. at 470.  It is also legally impossible for there to be any gaps in the chain of title because there have not been any recorded assignments of the deed of trust since origination. *See generally*, APN # 176-19-316-010.  Nguyen fails to plausibly allege a claim for quiet title, and the court should dismiss this claim with prejudice.

### B.    Nguyen's Fraudulent Misrepresentation Fails

Nguyen alleges defendants committed fraud by "knowingly misrepresent[ing] the validity of the Deed of Trust and promissory note to induce [Nguyen] into executing a fraudulent agreement."  Compl. at ¶ 20.  To succeed on a claim for fraud or intentional misrepresentation, a plaintiff must show: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; (3) justifiable reliance; and (4) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007); *Collins v. Burns*, 741 P.2d 819, 821 (1987).  Nguyen's fraud claim fails as a matter of law.

**First**, Nguyen has not pled her claim with specificity as required under Rule 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam); *Sarro v. Nevada State Bank*, No. 2:16-CV-01756-GMN-GWF, 2016 WL 6909105, at *5 (D. Nev. Nov. 23, 2016).  Nguyen merely contends defendants collectively acted in accordance with some vague, undefined "intent" to induce Nguyen to secure a loan to purchase property.  This is insufficient to satisfy the heightened pleading requirements.

**Second**, neither Pennymac nor the other defendants have made any false representations regarding the property or the loan.  Nguyen voluntarily elected to enter into the loan contract, with each term being fully disclosed in writing prior to Nguyen executing the documents. *See* Exs. A, B.  While Nguyen now maintains the deed of trust is invalid due to perceived "procedural defects" or

6

"securitization," these allegations fail as explained above. *See supra*, Section IV. Further, Nguyen's complaint does not even begin to explain how the mere act of the deed of trust and note being invalid—even if true (which it is not)—would constitute fraudulently inducing Nguyen to execute the documents in the first place. Courts routinely dismiss fraud claims based on similar deficient allegations, and the court should do so here as well. *See, e.g.*, *Dyson Fourness v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-CV-40-ECR-RAM, 2010 WL 5071049, at *3 (D. Nev. Dec. 6, 2010).

**Third**, Nguyen does not adequately allege damages resulting from any supposed "fraudulent misrepresentation," nor can she. Nguyen indisputably obtained the full benefit of the loan by borrowing funds to purchase a nearly $800,000 property—a property that Nguyen admits to residing in today. Compl. at ¶¶ 2, 10. She now seeks a windfall by ostensibly keeping those funds and the property, while invalidating her obligations under the mortgage. While completely baseless, Nguyen's whole theory is the opposite of being "damaged."

C.    **Nguyen's Breach of Contract Claim Fails**

To state a claim for breach of contract under Nevada law, a plaintiff must demonstrate a valid contract exists. *Butcher v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-CV-00886-ECR, 2012 WL 3779060, at *3 (D. Nev. Aug. 31, 2012) (citing *Richardson v. Jones,* 1 Nev. 405, 405 (1865)). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005).

Nguyen alleges defendants breached the loan agreement by failing to execute/record the promissory note, bifurcating the loan documents, and failing to comply with recording statutes. Compl. at ¶¶ 23, 24. As with her other claims, Nguyen's breach of contract claim fails for the reasons already discussed above. *See supra*, Section IV. It also fails in a more fundamental sense—Nguyen's entire theory is that there was no valid contract due to supposed deficiencies in the note and deed of trust. Nguyen therefore cannot by her own allegations satisfy the most basic requirement for a breach of contract claim: alleging that there is a valid contract. *See Richardson,* 1 Nev. at 405.

In any case, notwithstanding the inconsistent framing of her claim, Nguyen's breach of contract claim fails because she *did* enter into a valid contract and has not, and cannot, identify a single provision of the agreement that has been breached. *See* Exs. A, B; *see also Aguilar v. WMC Mortg.*

7

80205002;1

*Corp*, No. 2:09-CV-01416-ECR-PAL, 2010 WL 185951, at *6 (D. Nev. Jan. 15, 2010) (dismissing breach of contract claim where plaintiffs primarily complained of conduct during loan application process and failed to "identify what provisions of that contract were breached or how").  The court should dismiss this claim with prejudice.

### D.    Nguyen Fails to State Any "Violations of Federal and State Law"

Nguyen's final "claim" is for nondescript "violations of federal and state law."  Compl. at  ¶¶ 25, 26.  While Nguyen references both RESPA and TILA under this cause of action, the only actual allegation is that defendants "violated RESPA by failing to respond to a [qualified written request] within the statutory timeframe."  *Id*. at ¶¶ 15, 25.  Even accepting this allegation as true, it does not state a claim under RESPA.

A loan servicer has no obligation to respond to an improper request for information.  *Holmes v. Countrywide Home Loans*, No. 2:12-CV-2013-JCM-CWH, 2013 WL 1787182, at *4 (D. Nev. Apr. 25, 2013).  To be proper, a request must state, among other things, a reason why the borrower believes the "account is in error." 12 U.S.C. § 2605(e)(1)(B).  A request is insufficient and does not trigger the duty to respond where it is "more akin to a discovery demand than a qualified written request." *See Moon v. Countrywide Home Loans, Inc.,* no. 3:09–cv–00298, 2010 WL 522753, at *5 (D. Nev. Feb. 9, 2010); *Reyes*, 2011 WL 1322775, at *2.  The request must actually pertain to an issue related to servicing, such as "receiving any scheduled periodic payments from a borrower."  *See* 12 U.S.C. § 2605(i)(3).  A valid request *does not* encompass information surrounding a loan's origination or the lender's relationship with third parties.  *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666–67 (9th Cir. 2012); *Wang v. Countrywide Bank, N.A.*, No. 2:12-CV-01161-RCJ, 2013 WL 1003646, at *2 (D. Nev. Mar. 12, 2013).

Here, Nguyen fails to attach the alleged correspondence to the complaint or else make a *single* allegation as to its contents.  Nguyen does not even allege that she sent the request to the servicer of the loan—a prerequisite to any claim under the statute.  These deficiencies warrant dismissing Nguyen's claim outright.  But even if Nguyen had included the correspondence, it could not possibly pertain to servicing issues under the loan because, by Nguyen's own allegations, the loan is "invalid."  Further, purely from a timing perspective, Nguyen alleges to have sent the request just a couple weeks

80205002;1

after signing the loan documents and prior to any routine servicing activities even taking place. It is thus no surprise that the only alleged "deficiencies" Nguyen identifies throughout her complaint have nothing to do with servicing.

Nguyen's RESPA claim also fails because she does not, and cannot, identify any actual damages resulting from a supposed failure to timely respond. *See Suarez-Smith v. BAC Home Loans Servicing, LP*, No. 2:11-CV-00201-GMN, 2011 WL 5025143, at \*6 (D. Nev. Oct. 21, 2011) ("[T]he alleged failure of a servicer to respond to a [qualified written request] alone does not substantiate a RESPA claim . . . [the borrower] must have also suffered a pecuniary loss to support a RESPA violation."); *Waldrop v. Green Tree Servicing, LLC*, No. 2:14-CV-2091-JCM-GWF, 2015 WL 5829879, at \*3 (D. Nev. Oct. 5, 2015) (a plaintiff must demonstrate actual damages to state a claim under RESPA). Nguyen's sole allegation as to damages is the conclusory assertion that she suffered "compensatory damages, including closing costs of $29,980.75, emotional distress, and other financial losses." Compl. at 5. Nguyen fails to allege how these "damages" in any way resulted from the supposed failure to respond to a qualified written request. Notably, Nguyen brought this case just *four days* after she alleges the statutory period to "acknowledge" the request expired and well-within the statutory timeframe for a servicer to actually investigate the alleged errors. Further, expenses like "closing costs" would have occurred weeks before the alleged request was even sent. Nguyen cannot plead any plausible damages under these circumstances. The court should dismiss Nguyen's final "RESPA" claim with prejudice.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

9

80205002;1

## VI.    CONCLUSION

Pennymac respectfully requests the court dismiss Nguyen's complaint in its entirety and with prejudice for failure to state a claim.

DATED this 5th day of March, 2025.

**AKERMAN LLP**

*/s/ Nicholas E. Belay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc.*

80205002;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March 2025, I caused to be served a true and correct copy of the foregoing **MOTION TO DISMISS,** in the following manner:

☐    **(ELECTRONIC SERVICE)**  Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒    **(UNITED STATES MAIL)**  By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on March 4, 2025.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐    (**PERSONAL SERVICE**)  By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☒    **(EMAIL)**  By emailing a true and correct copy of the above-referenced document to the person(s) listed below on March 4, 2025:

**araslt8888@gmail.com**

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

/s/ Esther Ibarra
An employee of AKERMAN LLP

11

80205002;1