ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: nicholas.belay@akerman.com

*Attorneys for PennyMac Loan Services, LLC and
Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THU THUY NGUYEN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00362-GMN-DJA<br><br>**REPLY SUPPORTING MOTION TO DISMISS** |

Nguyen's complaint fails as a matter of law and must be dismissed. At a foundational level, Nguyen's complaint fails because she has not identified any legally valid "deficiencies" in the note or deed of trust. Nguyen entered into a routine mortgage transaction and executed standardized loan documents in accordance with Nevada law. Nguyen's opposition does not provide a *single* legal authority to demonstrate otherwise. Nguyen's complaint also fails because she has not alleged, and cannot allege, the requisite elements to state her claims. Nguyen all but concedes this fact by attempting to insert new unpled allegations into her opposition. These new allegations are procedurally improper, facially implausible, and do not save her meritless case anyway. Pennymac

respectfully requests the court dismiss Nguyen's complaint with prejudice.[1]

## I.    NGUYEN CONTINUES TO MISCONSTRUE NEVADA LAW AND THE LOAN DOCUMENTS

Nguyen's complaint identified four purported "deficiencies" in the loan documents: (1) the note and deed of trust were not signed by a representative of the lender; (2) the note was not recorded; (3) the note and deed of trust were bifurcated; and (4) ownership of the note was transferred without proper disclosure. *See* Compl. at ¶¶ 11–14. As explained in Pennymac's motion, each of these theories fails as a matter of law and cannot support Nguyen's claims. *See* ECF No. 6, MTD at 3-5. Nguyen's opposition offers no substantive rebuttal. Nguyen instead continues to ignore black letter law, while parroting the same misstatements that Pennymac already addressed in its motion. There is simply nothing here that would warrant Nguyen's requested relief.

### A.    A Lender is Not Required to Sign the Promissory Note and Deed of Trust

Pennymac's motion explained in detail why a lender is not required to countersign a note and deed of trust for the documents to be enforceable against a borrower. *See* MTD at 3-4; *see also Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 512, 286 P.3d 249, 254 (2012) (explaining that the *borrower* executes the note and deed of trust *in favor of the lender*); NRS § 111.220 (stating agreements must be signed by the party being charged). In response, Nguyen offers the conclusory assertion that NRS § 111.205 "requires that deeds be executed by an authorized party," while also citing the general UCC statute regarding *transfer* of negotiable instruments. ECF No. 13, Opp. at 10. Nguyen fails to cite any authority that a promissory note or deed of trust constitutes a "deed or conveyance" under NRS § 111.205. But even if they did, NRS § 111.205 only further supports Pennymac's position. As stated in NRS § 111.205, a conveyance *only* needs to be subscribed "by the party creating, granting, assigning, surrendering, or declaring the same." Here, that party would be Nguyen—by signing the promissory note and deed of trust, Nguyen agreed to the specified terms of the loan and granted Pennymac a security interest in the property. *See* MTD, Exs. A, B. Again, this is a standardized practice across home loans in Nevada.

. . .

---

[1] Nguyen's opposition to Pennymac's motion was entered and served on March 18, 2025. *See* ECF No. 13. Pursuant to Local Rule 7-2(b), Pennymac timely files this reply in support of dismissal.

80205002;1

### B.    The Promissory Note Does Not Need to Be Recorded

Nguyen alleges that the promissory note had to be recorded under NRS 111.315 and NRS 111.325, which govern record notice of conveyances.  Compl. at ¶ 11.  As Pennymac explained, a promissory note is not a conveyance; it is a private agreement between the borrower and lender.  *See* MTD at 4; *see also Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1214 (D. Or. 2012) ("A promissory note is not a conveyance of real property and is not recorded or even susceptible to recordation."); *Edelstein*, 286 P.3d at 254 (stating that after execution of the promissory note and deed of trust, the "***deed of trust*** may then be recorded") (emphasis added).  Further, even if the note were a conveyance, its record status is immaterial to its enforceability against Nguyen.  *See In re Montierth*, 131 Nev. 543, 546–47, 354 P.3d 648, 650 (2015) ("[A] security interest attaches to the property as between the mortgagor and mortgagee upon execution and as against third parties upon recordation.").

Nguyen does not address these well-established principles in her response, thus conceding their merit.  *See* LR 7-2(d).  Nguyen instead asserts that Pennymac "misses Plaintiff's broader claim" that the failure to record, combined with other defects, somehow impacts the lien's enforceability.  Opp. at 10.  Nguyen fails to cite any authority for the proposition that "other defects" somehow trigger a duty to record a promissory note.  None exist.

### C.    Nguyen's Bifurcation Argument is Nothing Short of Frivolous

Nguyen's bifurcation argument has been *repeatedly* rejected by state and federal courts in Nevada.  *See* MTD. at 4-5.  Rather than accept this fact, Nguyen doubles down on her frivolous misstatements of law, claiming that under *Edelstein*, "the note holder must enforce the deed" and produce the original promissory note to establish standing.  Opp. at 11.  From the onset, Nguyen's argument is nonsensical because defendants are not currently seeking to enforce the deed of trust through foreclosure, rendering any "bifurcation" argument premature.  In any event, even if this were a foreclosure action, Nguyen's argument would lack merit.  *See Edelstein*, 286 P.3d at 259 ("Separation of the note and security deed . . . does not render either instrument void."); *Bergenfield v. Bank of Am.*, 129 Nev. 382, 385, 302 P.3d 1141, 1142 (2013) ("Nevada law permits the severance and independent transfer of deeds of trusts and promissory notes without impairing the right to ultimately foreclose."); *Zizi v. Republic Mortg., LLC*, No. 2:12-CV-00018-GMN, 2013 WL 1249654, at *4 (D. Nev. Mar. 27,

3

2013) (rejecting plaintiff's "split the note" theory and dismissing complaint with prejudice); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).  And, contrary to Nguyen's assertion, there is no obligation to produce the original note—either now or at the time of foreclosure.  *See Khouri v. JPMorgan Chase & Co.*, No. 2:12-CV-01209-GMN, 2012 WL 2885357, at *2–3 (D. Nev. July 13, 2012) ("There is no requirement for Defendants to produce the original Note before they commence a nonjudicial foreclosure proceeding in Nevada."); *Stabley v. Bank of Am., N.A.*, No. 2:11-CV-00635-GMN, 2014 WL 3645327, at *4 (D. Nev. July 22, 2014) (rejecting argument that "failure to produce the note renders the note void").

### D.    Nguyen Concedes That She Received Notice of Fannie Mae's Ownership Interest

Nguyen alleges that she received notice that Fannie Mae had purchased the loan on January 7, 2025, but that this notice was somehow improper under federal law.  Compl. at ¶ 14.  The only supporting authority Nguyen cites in the complaint is *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470 (2011), which has nothing to do with disclosing Fannie Mae as owner of the loan.  *See* MTD at 5. Nguyen now abandons this argument in her response, instead claiming that the actual "defect" is that defendants did not provide notice that Fannie Mae was a "new creditor" within 30 days of transfer under TILA.  Opp. at 11.  The court can summarily disregard this assertion for several reasons.  First, Nguyen does not explain how Fannie Mae qualifies as a "creditor" under TILA.  *See* 15 USC § 1602(g) (defining creditor).  Second, even if Fannie Mae were a creditor, Nguyen's *own* complaint categorically forecloses any wrongdoing.  Nguyen does not dispute entering into the loan agreement on December 12, 2024.  *See* Compl. at ¶¶ 2, 10.  Nguyen likewise does not dispute that she "received notice that Defendant Fannie Mae had purchased the loan" less than a month later on January 7, 2025.  *See id.* at ¶ 14.  It is thus legally impossible for any purported "thirty day" period to have expired without Nguyen receiving notice of Fannie Mae's interest.  And to the extent Nguyen continues to maintain that Fannie Mae's ownership interest itself somehow affects the validity of the loan, this faulty premise has long been rejected in Nevada.  *See Potter v. BAC Home Loans Servicing, LP.*, No. 2:10-CV-02095-GMN, 2011 WL 2971204, at *3 (D. Nev. July 19, 2011) (collecting cases).

. . .

. . .

4

80205002;1

## II. NGUYEN CANNOT ALLEGE THE REQUIRED ELEMENTS TO STATE HER CLAIMS

### A. Nguyen is Not Entitled to Quiet Title Because the Deed of Trust is Valid

Nguyen cannot obtain quiet title in her favor because the deed of trust remains a valid encumbrance against the property, and Nguyen does not dispute that the debt remains unpaid. *See* MTD at 5-6; Opp. at 4. This ends the inquiry. *See Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318 (Nev. 1996) ("[T]he burden of proof rests with the plaintiff to prove a good title in [herself]."). Nguyen acknowledges this principle in her opposition but nonetheless claims that the "procedural defects" in the loan render the deed of trust invalid, such that quiet title is appropriate anyway. Opp. at 4-5. For the reasons discussed above and in Pennymac's underlying motion, Nguyen is simply incorrect. The Court should dismiss this claim with prejudice.

### B. Nguyen Fails to State a Claim for Fraudulent Misrepresentation

Nguyen's complaint contains just one allegation in support of her fraudulent misrepresentation claim: "Defendants knowingly misrepresented the validity of the Deed of Trust and promissory note to induce [Nguyen] into executing a fraudulent agreement." Compl. at ¶ 20. As explained in Pennymac's motion, this allegation falls woefully short of FRCP 9(b)'s heightened pleading standard. *See* MTD at 6. It also fails on its face because neither Pennymac nor the other defendants "misrepresented" anything regarding the validity of the deed of trust or promissory note—the loan has always remained valid. *Id.* Further, Nguyen's complaint lacks any allegation as to how supposed "misrepresentations" regarding the loan's validity caused her cognizable damages. If anything, assuming Nguyen were correct that the loan was invalid (which she is not), this would have resulted in a *windfall*, not damages. *Id.*

In an apparent attempt to sidestep these numerous deficiencies, Nguyen now asserts that her fraud claim is not just based on her false belief that the loan is invalid, but also the "omission of TILA disclosures" by a non-party closing agent, Ticor Title of Nevada, which somehow imputes fraud to the named defendants. Opp. at 6-7. As a threshold matter, Nguyen did not include these allegations in her complaint, and she cannot raise them now in opposition to a motion to dismiss. *See Int'l Game Tech., Inc. v. Fed. Ins. Co.*, No. 3:13-CV-00026-RCJ, 2014 WL 580876, at *4 (D. Nev. Feb. 13, 2014); *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) (citing *Harrell v. United*

5

80205002;1

*States,* 13 F.3d 232, 236 (7th Cir.1993)); *see also 2 Moore's Federal Practice,* § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."); *Phillips v. Bank of America*, N.A., Civil No. 10–00551 JMS–KSC, 2011 WL 2160583, *7 n. 5 (D. Haw. June 1, 2011) (plaintiffs "may not rely on facts stated in their [o]pposition that were not pled in the [a]mended [c]omplaint"). This alone warrants granting Pennymac's motion.[2]

In any case, even accepting Nguyen's new allegations as true, Nguyen fails to provide any coherent argument as to how this purported third-party omission constitutes a *fraudulent* misrepresentation by defendants towards Nguyen. Nguyen merely states that the omission somehow further "induced her into a defective loan." Opp. at 6. In other words, regardless of Nguyen's attempt to interject new allegations into the complaint, the core meritless theory behind her claim—that the loan is invalid—remains the same. This argument fails on its face and cannot support a fraud claim even if properly pled. The court should grant dismissal with prejudice.

### C.    Nguyen's Breach of Contract Claim is Self-Contradictory and Meritless

Nguyen's breach of contract claim fails for two simple reasons. First, Nguyen's entire theory of her case is that the loan agreement is invalid, and therefore she cannot establish the predicate requirement for a breach of contract claim—alleging that there is a valid contract. MTD at 7. Second, even if Nguyen could satisfy this requirement, her claim still fails because she has not identified a single provision of the loan agreement that has actually (or even allegedly) been breached. *Id*.

Nguyen argues in response that her claim should survive because alternative pleading is permissible under the federal rules. Opp. at 7. Pennymac does not dispute that alternative pleading is allowed, but it is immaterial to the instant analysis. There are no allegations in the complaint to establish that Nguyen's breach of contract claim exists in the "alternative" to her overarching theory regarding the loan's invalidity. To the contrary, Nguyen's "breach of contract" claim is based on the exact same extracontractual "procedural" arguments regarding the loan execution/recording that fail for the reasons already discussed. Compl. at ¶¶ 23, 24. None of these allegations have anything to do

---

[2] Nguyen's opposition references a supporting affidavit as "Exhibit A." Opp. at 2. Aside from being improper at this phase of the pleadings, no such affidavit is attached to her response.

80205002;1

with a breach of the loan terms. *See* Exs. A, B; *see also Aguilar v. WMC Mortg. Corp*, No. 2:09-CV-01416-ECR-PAL, 2010 WL 185951, at *6 (D. Nev. Jan. 15, 2010) (dismissing breach of contract claim where plaintiffs primarily complained of conduct during loan application process and failed to "identify what provisions of that contract were breached or how"). The court should dismiss this claim with prejudice.

### D.    Nguyen Fails to State a Claim under RESPA

Nguyen alleges that defendants "violated RESPA by failing to respond to a [qualified written request] within the statutory timeframe." Compl. at ¶¶ 15, 25. As explained in Pennymac's motion, this allegation fails to state a claim under RESPA for several reasons, not least of which the complete lack of details as to the nature and contents of the purported request, as well as the lack of cognizable "damages" causally tethered to the alleged failure to timely respond. MTD at 8-9.

To the extent any doubt remained that this claim should be dismissed with prejudice, Nguyen's response has now removed it. While Nguyen tellingly still fails to place the alleged request into the record, Nguyen now concedes that the substance of the request was to obtain "the original promissory note." Opp. at 8. Nguyen acknowledges that Pennymac provided a response—albeit incorrectly maintains that it was still late—but her *only* complaint is that Pennymac's response provided a *copy* of the note, rather than the original. *Id*. Even if Pennymac's response was late (which it was not), this cannot establish any liability as a matter of law because requests to verify the note fall outside the scope of RESPA. *See Khouri*, 2012 WL 2885357 at *2–3 (a request for production of the original note does not constitute a valid QWR under RESPA); *see also Reutov v. PHH Mortg. Servicing*, No. 3:23-CV-01172-JR, 2024 WL 3402880, at *3 (D. Or. June 5, 2024) (RESPA does not encompass a request for production of the original note); *Pearson v. Select Portfolio Servicing., Inc.*, No. CV PX-17-1624, 2018 WL 1035768, at *2 (D. Md. Feb. 23, 2018) (request for original note fails to state a claim under RESPA because "it does not relate to the servicing of the loan"); *In re McGinley*, 490 B.R. 723, 728–29 (Bankr. D. Md. 2013) (collecting cases and confirming a request to verify the holder of a note is outside the scope of RESPA). Nguyen also cannot establish any damages resulting from the "late" production of the note because Pennymac was not required to produce it in the first place. *See Suarez-Smith v. BAC Home Loans Servicing, LP*, No. 2:11-CV-00201-GMN, 2011 WL 5025143,

7

at *6 (D. Nev. Oct. 21, 2011) ("[T]he alleged failure of a servicer to respond to a [qualified written request] alone does not substantiate a RESPA claim . . . [the borrower] must have also suffered a pecuniary loss to support a RESPA violation.").

**E.      Nguyen's Post-Hoc Attempt to Manufacture a TILA Claim Fails**

Although Nguyen's complaint references TILA in passing, it does not actually contain a single allegation supporting a claim under this statute.  Compl. at  ¶¶ 25, 26.  Nguyen tries to remedy this omission in her response by improperly raising new allegations not contained in the complaint.  Opp. at 8-9.  To the extent Nguyen contends this unpled claim should somehow stave off dismissal, Nguyen is incorrect. *See Int'l Game Tech*, 2014 WL 580876, at *4; *Schneider*, 151 F.3d at 1197 n. 1; *Phillips*, 2011 WL 2160583, *7 n. 5.  Likewise, Nguyen's new TILA argument does not support amendment because any such claim would be futile.

Nguyen bases her TILA allegations on two theories, each of which fail: (1) Nguyen did not receive timely notice that Fannie Mae became a "new creditor" under the loan within 30 days of the transfer; and (2) Pennymac's closing agent, Ticor Title of Nevada, failed to provide TILA disclosures, such as the finance charge, APN, and payment schedule.  *Id*.

The court can summarily dispose of the first theory for the reasons already discussed above— Nguyen has not alleged that Fannie Mae is a creditor under TILA and, even if it were, Nguyen's own complaint acknowledges receiving proper notice of the "transfer" on January 7, 2025. *See* Compl. at ¶¶ 2, 10, 14.  Nguyen's second theory fares no better.  While Nguyen is correct that TILA requires certain disclosures to be made prior to closing under 15 USC 1638(a), nothing in the statute requires that such disclosures be made by the closing agent on the closing date. *See* Opp. at 6.  Here, even with the benefit of a second opportunity to raise material allegations through her response, Nguyen tellingly does not contend that *Pennymac*—or any other named defendant—failed to provide the requisite disclosures at some point prior to closing, nor could Nguyen even raise such an allegation in good faith. *See Loesel v. Cooper Nat'l Default Servicing Corp.*, No. 2:19-CV-01447-RFB-VCF, 2019 WL 5265290, at *4 (D. Nev. Oct. 17, 2019) (dismissing TILA claim where plaintiff failed to specify which disclosures were not received, when they failed to receive the disclosures, and which defendants did not provide the disclosures); *West v. ReconTrust Co.*, No. 2:10-CV-01950-GMN, 2011 WL 3847174,

8

at *6 (D. Nev. Aug. 30, 2011) (stating a plaintiff must identify "specific facts" regarding a violation of the TILA disclosure requirements).  And, as with Nguyen's other claims, she fails to identify any concrete and causally connected damages stemming from the purported lack of disclosure.  Merely alleging that damages are somehow "directly traceable" is insufficient.  *See id*.

**III.    C<small>ONCLUSION</small>**

Pennymac respectfully requests the court dismiss Nguyen's complaint in its entirety and with prejudice for failure to state a claim.

DATED this 25th day of March, 2025.

**A<small>KERMAN</small> LLP**
*/s/ Nicholas E. Belay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for PennyMac Loan Services, LLC*

9

80205002;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March 2025, I caused to be served a true and correct copy of the foregoing **REPLY SUPPORTING MOTION TO DISMISS,** in the following manner:

☐　　**(ELECTRONIC SERVICE)**  Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒　　**(UNITED STATES MAIL)**  By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on March 4, 2025.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐　　(**PERSONAL SERVICE**)  By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☒　　**(EMAIL)**  By emailing a true and correct copy of the above-referenced document to the person(s) listed below on March 4, 2025:

**araslt8888@gmail.com**

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Esther Ibarra*
An employee of AKERMAN LLP

10

80205002;1