

_✓_ FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 6 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ MM DEPUTY

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

                Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,

                Defendants.

Case No.:   2:25-cv-00362-GMN-DJA

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY AND JOINDER AS UNTIMELY FILED**

**INTRODUCTION**

Plaintiff Thu Thuy Nguyen, appearing pro se, respectfully moves this Court to strike Defendants PennyMac Loan Services, LLC's ("PennyMac") Reply Supporting Motion to Dismiss (ECF No. 15) and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Joinder to PennyMac's Reply (ECF No. 16) as untimely filed, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-2(b). Defendants' filings, submitted on March 25, 2025, violate the Court's explicit deadline of March 24, 2025, for replies to Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 13). Defendants' failure to comply with this Court's order and the Local Rules demonstrates a pattern of disregard for the

judicial process, prejudices Plaintiff as a pro se litigant, and warrants striking their late submissions. Plaintiff further requests that the Court deny Defendants' Motion to Dismiss (ECF No. 6) in light of Plaintiff's unopposed Opposition and award Plaintiff her costs incurred in preparing this motion as a sanction for Defendants' misconduct.

**BACKGROUND**

1. On March 5, 2025, Defendants PennyMac and MERS filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 6), with MERS joining the motion (ECF No. 7).

2. On March 7, 2025, this Court issued a Minute Order (ECF No. 10) setting a deadline of March 21, 2025, for Plaintiff to file her opposition, with Defendants' reply due 7 days thereafter.

3. Plaintiff timely filed her Opposition on March 17, 2025 (ECF No. 13). The docket entry for Plaintiff's Opposition explicitly states: "Replies due by 3/24/2025" (ECF No. 13).

4. Local Rule 7-2(b) requires that replies to oppositions be filed within 7 days after the opposition is served. Plaintiff's Opposition was filed on March 17, 2025, making Defendants' reply due by March 24, 2025.

5. Defendants PennyMac and MERS filed their Reply (ECF No. 15) and Joinder (ECF No. 16) on March 25, 2025—one day after the Court's deadline.

6. Defendants did not seek an extension of time to file their reply before the deadline expired, nor have they filed a motion demonstrating excusable neglect for their late submission, as required by FRCP Rule 6(b).

7. Defendants' Certificate of Service for their Reply (ECF No. 15 at 10) incorrectly states that service was made on March 4, 2025—a date before Plaintiff's Opposition was even filed on March 17, 2025— evidencing their carelessness and disregard for procedural accuracy. The Certificate of Service for their Joinder (ECF No. 16 at 3) correctly lists the service date as March 25, 2025.

**ARGUMENT**

**I. The Court Should Strike Defendants' Reply and Joinder as Untimely Filed**

This Court has the authority to strike untimely filings under Federal Rule of Civil Procedure 12(f) and its inherent power to manage its docket. Defendants' Reply (ECF No. 15) and Joinder (ECF No. 16) were filed on March 25, 2025, in violation of the Court's explicit deadline of March 24, 2025 (ECF No.

13), as well as Local Rule 7-2(b), which mandates that replies to oppositions be filed within 7 days after the opposition is served. Defendants' failure to comply with this Court's order and the Local Rules demonstrates a pattern of disregard for the judicial process, prejudices Plaintiff, and warrants striking their late submissions.

**A. Defendants Violated the Court's Deadline and Local Rules**

The Court's docket entry for Plaintiff's Opposition clearly states: "Replies due by 3/24/2025" (ECF No. 13). Local Rule 7-2(b) further confirms that replies must be filed within 7 days after the opposition is served. Plaintiff's Opposition was filed on March 17, 2025, making Defendants' reply due by March 24, 2025—a deadline Defendants missed by filing on March 25, 2025. This Court has consistently held that failure to comply with filing deadlines constitutes grounds for striking untimely submissions. See, e.g., United States v. An Undetermined Quantity of an Article of Drug Labeled as OxyElite Pro, 2015 WL 787134, at *2 (D. Nev. Feb. 24, 2015) (striking late filing for non-compliance with court rules); Zamora v. City of Houston, 798 F.3d 326, 331 (5th Cir. 2015) (affirming district court's striking of untimely filing for violating court deadline); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Deadlines are not suggestions; they are firm dates that must be adhered to absent a showing of good cause.").

Defendants' one-day delay is not a mere technicality—it reflects a failure to adhere to this Court's explicit order. Defendants did not seek an extension of time before the deadline expired, nor have they filed a motion demonstrating excusable neglect, as required by FRCP Rule 6(b). Rule 6(b)(1) permits extensions for "good cause" if requested before the deadline, or for "excusable neglect" if requested after, but Defendants have done neither. Their failure to comply with this procedural requirement further justifies striking their late filings. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (defining excusable neglect as requiring a showing of cause, which Defendants have not provided).

**B. Defendants' Late Filing Prejudices Plaintiff as a Pro Se Litigant**

Plaintiff, a pro se litigant, has diligently complied with all court deadlines, filing her Opposition four days ahead of the Court's March 21, 2025, deadline (ECF No. 13). Defendants' late reply prejudices Plaintiff by introducing arguments after the deadline, depriving her of the opportunity to respond within

the Court's prescribed timeline. This is particularly unfair given Plaintiff's pro se status, which entitles her to leniency in procedural matters (Haines v. Kerner, 404 U.S. 519, 520 (1972)). Defendants, represented by experienced counsel from Akerman LLP, should be held to a higher standard of compliance with court rules. Their failure to meet the deadline undermines the fairness of this proceeding and warrants striking their reply and joinder.

As a pro se litigant, Plaintiff has limited resources and relies on the Court's procedural framework to ensure a level playing field. Defendants' late filing disrupts this framework, forcing Plaintiff to expend additional time and effort addressing arguments submitted after the deadline. This prejudice is compounded by Defendants' failure to seek an extension or provide any explanation for their delay, leaving Plaintiff to bear the burden of their procedural misconduct.

**C. Defendants' Pattern of Disregard Demonstrates a Lack of Respect for the Court**

Defendants' failure to file their reply by the Court's deadline of March 24, 2025, is not an isolated incident but part of a pattern of disregard for this Court's authority and the judicial process. Defendants' Certificate of Service for their Reply (ECF No. 15 at 10) incorrectly states that service was made on March 4, 2025—a date before Plaintiff's Opposition was even filed on March 17, 2025—evidencing their carelessness and disregard for procedural accuracy. While their Certificate of Service for the Joinder (ECF No. 16 at 3) correctly lists the service date as March 25, 2025, the error in ECF No. 15, combined with their late filing, reflects a cavalier attitude toward procedural accuracy and the Court's orders.

As officers of the court, Defendants' counsel—experienced attorneys from Akerman LLP—are well aware of the importance of adhering to court deadlines. Their tardiness, without any request for an extension or explanation, demonstrates a lack of respect for this Court's authority and the Local Rules. This Court should not tolerate such disregard, particularly when Plaintiff, a pro se litigant, has meticulously followed all procedural requirements. Striking Defendants' late filings sends a clear message that court deadlines are to be respected and ensures the integrity of the judicial process. See An Undetermined Quantity of an Article of Drug Labeled as OxyElite Pro, 2015 WL 787134, at *2 (D. Nev. Feb. 24, 2015) (striking late filing to enforce compliance with court rules); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (emphasizing the importance of strict adherence to court deadlines).

**D. Striking the Reply Leaves Plaintiff's Opposition Unopposed**

If the Court strikes Defendants' Reply (ECF No. 15) and Joinder (ECF No. 16), Plaintiff's Opposition (ECF No. 13) will stand unopposed. Local Rule 7-2(d) provides that "the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." While this rule typically applies to initial motions, Defendants' failure to timely reply can be interpreted as a failure to fully support their Motion to Dismiss, effectively conceding the arguments in Plaintiff's Opposition. Plaintiff's Opposition raises significant factual disputes—such as Defendants' failure to produce the original promissory note and their alleged violations of TILA and RESPA—that warrant discovery and preclude dismissal at this stage (Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Accordingly, the Court should deny Defendants' Motion to Dismiss based on Plaintiff's unopposed Opposition.

**E. The Court Should Award Plaintiff Her Costs as a Sanction for Defendants' Misconduct**

This Court has the inherent authority to impose sanctions for misconduct, including the award of costs to compensate a party for expenses incurred due to another party's failure to comply with court rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (affirming court's inherent power to sanction parties for bad-faith conduct); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (recognizing court's authority to award costs for procedural violations). Defendants' late filing forced Plaintiff to expend time and resources preparing this motion, including printing and filing costs. As a pro se litigant, Plaintiff has limited resources, and Defendants' disregard for the Court's deadline has imposed an unfair burden on her. Plaintiff respectfully requests that the Court award her the costs incurred in preparing and filing this motion as a sanction for Defendants' misconduct.

**REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Strike Defendants' Reply Supporting Motion to Dismiss (ECF No. 15) and MERS' Joinder to PennyMac's Reply (ECF No. 16) as untimely filed;

2. Disregard ECF Nos. 15 and 16 in deciding Defendants' Motion to Dismiss;

3. Deny Defendants' Motion to Dismiss (ECF No. 6) in light of Plaintiff's unopposed Opposition;

4. Award Plaintiff her costs incurred in preparing and filing this motion as a sanction for Defendants'

misconduct; and

5. Grant such other and further relief as the Court deems just and proper.

DATED this 26th day of March, 2025.

Respectfully submitted,

/s/ Thu Thuy Nguyen
Thu Thuy Nguyen
9878 Belikove Manor Ave.
Las Vegas, NV 89178
725-318-8375
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I, Thu Thuy Nguyen, certify that on March 26, 2025, I served a true and correct copy of this Motion to Strike via:

CM/ECF: Filing through the Court's system, automatically notifying Nicholas Belay and Ariel E. Stern, Akerman LLP (nicholas.belay@akerman.com, ariel.stern@akerman.com), pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-1.

Email: Sending a true and correct copy to Nicholas Belay (nicholas.belay@akerman.com) and Ariel E. Stern (ariel.stern@akerman.com) on March 26, 2025, confirming their consent to electronic service through their CM/ECF registration.

/s/ Thu Thuy Nguyen

Thu Thuy Nguyen