

X FILED ___ RECEIVED
___ ENTERED ___ SERVED ON

04/11/2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THU THUY NGUYEN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,<br><br>Defendants. | Case No.:   2:25-cv-00362-GMN-DJA<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' REPLY AND JOINDER AS UNTIMELY FILED** |

**INTRODUCTION**

Plaintiff Thu Thuy Nguyen, appearing pro se, respectfully submits this Reply in support of her Motion to Strike (ECF No. 18) Defendants PennyMac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") Reply (ECF No. 15) and Joinder (ECF No. 16) to Plaintiff's Opposition to Defendants' Motion to Dismiss. Defendants' Response (ECF No. 20) offers a feeble attempt to justify their flagrant violation of this Court's explicit deadline of March 24, 2025, for filing their Reply, as unequivocally stated in the docket: "Replies due by 3/24/2025" (ECF No. 13). Defendants' belated filing on March 25, 2025, not only contravenes this Court's order but

also inflicts substantial prejudice on Plaintiff, a pro se litigant who reasonably relied on the docket's directive. Defendants' audacious claim that their filing was timely—based on a hyper-technical reading of Local Rule 7-2(b)—is belied by their own inconsistent conduct in this case, where they adhered to the docket's deadline for their Response to Plaintiff's Motion to Strike but conveniently disregarded it for their Reply. This selective adherence to procedural rules smacks of bad faith, exploits Plaintiff's pro se status, and threatens the integrity of the judicial process by setting a perilous precedent for future unrepresented litigants. Defendants' failure to demonstrate excusable neglect further underscores their disregard for this Court's authority. The Court should grant Plaintiff's Motion to Strike, strike ECF Nos. 15 and 16 from the record, deny Defendants' Motion to Dismiss based on Plaintiff's unopposed Opposition, and award Plaintiff her costs incurred in bringing this motion, thereby upholding the principles of fairness, equity, and access to justice.

**ARGUMENT**

**I. Defendants' Late Filing Constitutes a Clear Violation of This Court's Explicit Order**

Defendants' assertion that their Reply and Joinder, filed on March 25, 2025, were timely under Local Rule 7-2(b) is a brazen attempt to sidestep this Court's unambiguous directive. The docket entry for Plaintiff's Opposition to Defendants' Motion to Dismiss states in no uncertain terms: "Replies due by 3/24/2025" (ECF No. 13). This deadline is not a mere suggestion—it is a binding order of this Court, reflecting the timeline established in the Minute Order (ECF No. 10), which set Plaintiff's opposition due by March 21, 2025, with replies due 7 days "thereafter," commencing from the filing date of March 17, 2025. Defendants' filing on March 25, 2025, is indisputably late, violating this Court's order and warranting the striking of ECF Nos. 15 and 16.

Defendants' reliance on Local Rule 7-2(b)—which provides that replies are due "seven days after service of the response"—does not absolve their violation. ECF No. 20 at 1-2. While Plaintiff's Opposition was served on March 18, 2025 (ECF No. 20-1), the docket's explicit deadline of March 24, 2025, takes precedence as a direct order of this Court. The Ninth Circuit has long held that court-ordered deadlines are sacrosanct, and parties flout them at their peril. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Deadlines are not suggestions; they are firm dates that must be adhered to absent a showing of good cause."); see also United States v. An Undetermined Quantity of an

Article of Drug Labeled as OxyElite Pro, 2015 WL 787134, at *2 (D. Nev. Feb. 24, 2015) (striking late filing for non-compliance with court rules). Local Rule IC 3-1(d), cited by Defendants, provides that system-generated deadlines are for "courtesy only" and do not override applicable rules, but this provision does not diminish the binding nature of a court-ordered deadline explicitly stated in the docket and supported by the Minute Order. Defendants' failure to comply with the March 24, 2025, deadline is a clear violation of this Court's authority, and their attempt to rewrite the deadline through a hyper-technical reading of Local Rule 7-2(b) must be rejected.

Moreover, Defendants, as experienced counsel represented by Akerman LLP, had every opportunity to seek clarification from this Court or request an extension if they believed the deadline was ambiguous due to the service date. Their failure to do so before filing late on March 25, 2025, reflects a cavalier disregard for this Court's orders and the procedural framework that ensures fairness in litigation. The Court should not countenance such conduct, particularly when it disadvantages a pro se litigant who reasonably relied on the docket's clear directive.

**II. Defendants' Selective Adherence to Court Deadlines Demonstrates Bad Faith and Undermines Their Credibility**

Defendants' argument that the reply deadline should be calculated from the service date, not the filing date, is fatally undermined by their own inconsistent conduct, which evinces bad faith and erodes their credibility. Defendants filed their Response to Plaintiff's Motion to Strike (ECF No. 20) on April 9, 2025, strictly adhering to the docket's deadline of "Responses due by 4/9/2025" (ECF No. 18). Yet, Plaintiff's Motion to Strike was filed on March 26, 2025, and entered and served on March 27, 2025 (ECF No. 18). If Defendants' logic—that deadlines must be calculated from the service date under Local Rule 7-2(b)—were applied consistently, their Response should have been due on April 10, 2025 (14 days from the service date of March 27, 2025), not April 9, 2025. By filing on April 9, 2025, Defendants implicitly accepted the docket's deadline, which was based on the filing date (March 26, 2025), not the service date (March 27, 2025). This stark inconsistency reveals a troubling pattern: Defendants adhere to the docket's deadlines when it suits their interests (as with their Response) but reject them when it does not (as with their Reply and Joinder). Such selective adherence to procedural rules is not merely inconsistent—it is a deliberate tactic designed to exploit Plaintiff's pro se status and gain an unfair

procedural advantage.

This Court should not tolerate such bad faith conduct, particularly when it disadvantages a pro se litigant. The Ninth Circuit has long recognized the need for fairness in proceedings involving unrepresented parties, emphasizing that courts must protect pro se litigants from procedural gamesmanship. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting courts' duty to ensure fairness for pro se litigants); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (same). Defendants' cherry-picking of procedural rules undermines the integrity of this proceeding and creates a chilling effect for Plaintiff, who, as a pro se litigant, relies on the clarity of the court's docket to navigate the complexities of litigation. The Court should hold Defendants to the same standard they seek to impose on Plaintiff and enforce the March 24, 2025, deadline as stated in the docket, striking ECF Nos. 15 and 16 as a consequence of their bad faith and inconsistent conduct.

**III. Defendants' Late Filing Inflicts Substantial Prejudice on Plaintiff as a Pro Se Litigant**

Defendants' assertion that Plaintiff suffered no "discernable prejudice" from their one-day delay is a gross mischaracterization that ignores the profound impact of their actions on a pro se litigant. ECF No. 20 at 2 n.1. Plaintiff, relying on the court's March 24, 2025, deadline, was compelled to expend substantial time, effort, and resources preparing and filing a Motion to Strike (ECF No. 18) to address Defendants' late filing. As a pro se litigant with limited resources, Plaintiff faced significant burdens: countless hours researching and drafting the motion without the benefit of counsel, the emotional stress of navigating complex legal procedures under tight deadlines, and the financial costs of printing and filing documents at the courthouse. These burdens are not trivial—they represent a profound disruption to Plaintiff's ability to litigate this case on a level playing field. Defendants, represented by sophisticated counsel from Akerman LLP, should be held to the highest standard of compliance with court rules, particularly when their actions impose such a heavy toll on a pro se litigant. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (emphasizing courts' duty to protect pro se litigants from procedural unfairness); see also Agyeman v. INS, 296 F.3d 871, 884 (9th Cir. 2002) (noting the need to ensure pro se litigants are not prejudiced by procedural violations).

Defendants' reliance on Coughlin v. Tailhook Ass'n, Inc., 818 F. Supp. 1366, 1368 (D. Nev. 1993), is misplaced. In Coughlin, the plaintiff was represented by counsel, who could readily mitigate the impact

of a one-day delay. Here, Plaintiff's pro se status magnifies the prejudice caused by Defendants' late filing, as she lacks the resources and legal expertise to absorb such procedural disruptions. Moreover, Defendants' late filing undermines the very authority of this Court, setting a dangerous precedent that erodes the reliability of court-ordered deadlines and jeopardizes Plaintiff's ability to litigate this case fairly. The Court should not countenance such prejudice, particularly when it stems from Defendants' deliberate disregard for the docket's explicit deadline.

**IV. Defendants' Conduct Threatens the Integrity of the Judicial Process and Access to Justice for Pro Se Litigants**

 Beyond the immediate prejudice to Plaintiff, Defendants' conduct poses a grave threat to the integrity of the judicial process and access to justice for pro se litigants. By ignoring the docket's explicit deadline of March 24, 2025, Defendants not only flout this Court's authority but also set a perilous precedent that undermines the ability of unrepresented parties to rely on court notices. Pro se litigants, who often lack the legal expertise and resources of represented parties, depend on the clarity and reliability of the court's docket to navigate the complexities of litigation. When experienced counsel like Defendants selectively disregard these deadlines, claiming a hyper-technical interpretation of the Local Rules, it creates a chilling effect that discourages pro se participation and erodes public confidence in the judicial system. This Court has a solemn duty to ensure fairness and access to justice for all parties, particularly those without representation. See Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir. 1991) (emphasizing the importance of protecting pro se litigants' access to the courts); see also Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (noting courts' obligation to ensure pro se litigants are not disadvantaged by procedural unfairness).

   Granting Plaintiff's Motion to Strike is not merely a matter of enforcing a deadline—it is a critical step in safeguarding the integrity of the judicial process and ensuring that pro se litigants like Plaintiff can participate in litigation without fear of being exploited by the procedural gamesmanship of represented parties. Defendants' conduct, if left unchecked, sends a dangerous message that experienced counsel can flout court deadlines with impunity, to the detriment of unrepresented parties who rely on the court's guidance. The Court should reject this outcome and grant Plaintiff's Motion to Strike, thereby upholding its duty to protect access to justice and maintain the integrity of its orders.

**V. Defendants Fail to Demonstrate Excusable Neglect for Their Late Filing**

Defendants' alternative argument—that the Court should extend their deadline by one day for "good cause" and "excusable neglect" under Local Rule IA 6-1—is utterly devoid of merit. ECF No. 20 at 2 n. 1. First, Defendants failed to file a formal motion for an extension, as required by Local Rule IA 6-1(a), which mandates that "requests for extensions must be made by motion." A cursory footnote in their Response does not satisfy this requirement and reflects a shocking disregard for procedural propriety. Second, Defendants fail to show excusable neglect. The service date of Plaintiff's Opposition (March 18, 2025) does not excuse their failure to comply with the docket's clear March 24, 2025, deadline. As experienced counsel, Defendants had every opportunity to seek clarification from the Court or file a timely motion for an extension if they believed the deadline was ambiguous. Their failure to do so demonstrates a lack of diligence, not excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (excusable neglect requires a showing of cause, such as unforeseen circumstances, not mere oversight); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (denying excusable neglect where party failed to show diligence). Finally, as discussed above, Defendants' late filing caused substantial prejudice to Plaintiff, and judicial economy is better served by enforcing deadlines to prevent further delays and ensure fairness in this case. Defendants' failure to meet the standard for excusable neglect provides no basis to excuse their violation of this Court's order.

**CONCLUSION**

Defendants' late filing of their Reply and Joinder constitutes a clear violation of this Court's explicit deadline of March 24, 2025, as stated in the docket and supported by the Minute Order. Their inconsistent application of their own logic—adhering to the docket's deadline for their Response but rejecting it for their Reply—demonstrates bad faith, undermines their credibility, and exploits Plaintiff's pro se status to gain an unfair advantage. Defendants' actions inflict substantial prejudice on Plaintiff, a pro se litigant who reasonably relied on the docket's directive, and threaten the integrity of the judicial process by setting a dangerous precedent for future unrepresented parties. Defendants' failure to demonstrate excusable neglect further underscores their disregard for this Court's authority. The Court should grant Plaintiff's Motion to Strike, strike ECF Nos. 15 and 16 from the record, deny Defendants' Motion to Dismiss based on Plaintiff's unopposed Opposition, and award Plaintiff her costs incurred in

bringing this motion. Such a ruling upholds the sanctity of this Court's orders, ensures fairness for pro se litigants, and protects access to justice for all parties, reinforcing the fundamental principles that underpin our judicial system.

DATED this 11th day of April, 2025.

Respectfully submitted,

/s/ Thu Thuy Nguyen
Thu Thuy Nguyen
9878 Belikove Manor Ave
Las Vegas, NV 89178
725-318-8375
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I, Thu Thuy Nguyen, certify that on April 11, 2025, I served a true and correct copy of this Reply via:

CM/ECF: Filing through the Court's system, automatically notifying Nicholas Belay and Ariel E. Stern, Akerman LLP (nicholas.belay@akerman.com, ariel.stern@akerman.com), pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-1.

Email: Sending a true and correct copy to Nicholas Belay (nicholas.belay@akerman.com) and Ariel E. Stern (ariel.stern@akerman.com) on April 11, 2025,  confirming their consent to electronic service through their CM/ECF registration.

/s/ Thu Thuy Nguyen

Thu Thuy Nguyen