ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC,*
*Mortgage Electronic Registration Systems, Inc.,*
*and Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THU THUY NGUYEN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,<br><br>Defendants. | Case No.:   2:25-cv-00362-GMN-DJA<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**AND**<br><br>**JOINDER TO PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS (ECF NO. 6)** |

Federal National Mortgage Association ("Fannie Mae"), by and through counsel of record, moves to dismiss Plaintiff Thu Thuy Nguyen's complaint with prejudice pursuant to FRCP 12(b)(6) and joins Pennymac Loan Services, LLC's motion to dismiss (the "Motion"), ECF No. 6.

**I.    INTRODUCTION**

In December 2024, Thu Thuy Nguyen obtained a $762,372.00 loan from Pennymac Loan Services, LLC  ("Pennymac") to purchase a new home, agreeing to be bound by the terms of both a promissory note and the associated deed of trust (the "Loan").  Nguyen now claims various deficiencies that she mistakenly believes render the deed of trust invalid.

As explained in Pennymac's Motion, Nguyen's claims each fail as a matter of law for a multitude of reasons, including: (1) each claim is premised on fundamental misunderstandings of Nevada law and the relevant loan documents; (2) the debt remains unpaid and the deed of trust continues to encumber the property; and (3) Nguyen has not alleged, and cannot allege, the requisite elements to state any claims against the defendants. *See* Motion at 3-9. Any one of these reasons is sufficient to grant dismissal with prejudice.

In addition to the grounds raised in the Motion, Nguyen's claims against Fannie Mae should be dismissed because the material allegations in the complaint, even if accepted as true, are unrelated to any alleged "wrongful" conduct on the part of Fannie Mae. In fact, the sole allegation that even tangentially pertains to Fannie Mae—that it acquired the loan "without proper disclosure or compliance with federal securities laws"—is both contradicted by Nguyen's own complaint and cannot state a claim anyway. Accordingly, Fannie Mae respectfully requests the Court grant its motion and dismiss this matter with prejudice.

## II.    FACTUAL ALLEGATIONS

Nguyen purchased the property located at 9878 Belikove Manor Avenue, Las Vegas, Nevada 89178 in December 2024. *See* Compl. at ¶¶ 2, 10. To finance the purchase, Nguyen executed a $762,372.00 promissory note, secured by a deed of trust recorded against the property. *Id*. at ¶ 10; *see also* **Ex. A** (Deed of Trust); **Ex. B** (Note). The deed of trust identifies Pennymac as the original lender and Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary, solely as a nominee for Pennymac and its successors and assigns. Ex. A. Nguyen does not challenge that both the note and deed of trust bear her signature. *See* Compl. at ¶¶ 10, 11; *see also* Exs. A, B.

Nguyen now claims various deficiencies that she mistakenly believes render it invalid. These alleged deficiencies include that: (1) the note and deed of trust were not signed by a representative of the lender; (2) the note was not recorded; (3) the note and deed of trust were bifurcated; and (4) ownership of the note was transferred without proper disclosure. *See* Compl. at ¶¶ 11–14. Aside from these purported "errors" in the loan, Nguyen also alleges that she sent a "qualified written request" to Pennymac on December 30, 2024, which it received on January 6, 2025. *Id*. at ¶ 15. Nguyen does not attach the request to the complaint, nor does she provide any allegations as to its contents or even

2

the general nature of the request. She also does not adequately plead any damages caused by defendants, nor can she.

Based on these faulty allegations, Nguyen asserts claims for quiet title, fraudulent misrepresentation, breach of contract, and "violations of federal and state law." *Id*. at ¶¶ 16–26.

### III.    LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Courts may take judicial notice of any publicly recorded documents, as well as documents incorporated by reference in the complaint. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Superior Consulting Servs., Inc. v. Steeves-Kiss*, 786 F. App'x 648, 651 (9th Cir. 2019); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Fannie Mae respectfully requests the Court take judicial notice of the exhibits attached to this motion to dismiss.

### IV.    JOINDER TO PENNYMAC'S MOTION

Fannie Mae joins in all factual and legal arguments raised in Pennymac's Motion and incorporates them as though fully set forth herein. For the reasons stated in Pennymac's Motion, the Court should dismiss Nguyen's case in full.

. . .

. . .

. . .

3

## V.    ARGUMENTS SPECIFIC TO FANNIE MAE

### A.    Nguyen's Causes of Action Do Not Implicate Fannie Mae and Must be Dismissed

Nguyen raises four causes of action in the complaint: quiet title, fraudulent misrepresentation, breach of contract, and "violations of federal and state law."  *See* ECF No. 1-1, Compl. at ¶¶ 16–26. Aside from the quiet title claim—which fails as a matter of law for the reasons stated in Pennymac's Motion—none of Nguyen's causes of action implicate any alleged action or inaction on the part of Fannie Mae.  The only allegation in the complaint that even *references* Fannie Mae is the assertion that Fannie Mae acquired an ownership interest in the loan without proper disclosure or compliance. *Id.* at ¶ 14.  Nguyen's own complaint proves this allegation to be false, as she acknowledges properly receiving notice of Fannie Mae's ownership interest on January 7, 2025—just a few weeks after the loan was originated.  *See id.* at ¶¶ 10, 14.  Further, to the extent Nguyen somehow believes the transfer itself was improper, she lacks standing to raise this argument.  *See Penrose v. Quality Loan Serv. Corp.*, 2019 WL 1338393, at *4 (D. Nev. Mar. 25, 2019) ("[E]ven a borrower lacks standing to challenge the transfer or securitization of his loan."); *see also Greenwood v. Ocwen Loan Servicing LLC*, 2018 WL 1831323, at *5 (D. Nev. Apr. 17, 2018); *Bascos v. Fed. Home Loan Mortg. Corp.,* 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011).

The remainder of Nguyen's allegations are largely stated against a vague, collective "Defendants," without any explanation as to how the claims involve Fannie Mae.  In addition to violating FRCP 8, the Court should grant dismissal as to Fannie Mae because these claims are based on theories that either predate Fannie Mae's involvement with the loan entirely or else do not relate to Fannie Mae's limited role as owner of the loan.

### 1.    Nguyen's "Fraudulent Misrepresentation" Claim Fails Because Any Purported Misrepresentations Predate Fannie Mae's Involvement

Nguyen alleges Defendants engaged in fraudulent misrepresentation by "knowingly mispresent[ing] the validity of the Deed of Trust and promissory note to induce Plaintiff into executing a fraudulent agreement." Compl. at ¶ 20.  Even accepting this allegation as true, Nguyen's fraudulent misrepresentation claim fails because, by Nguyen's own admission, Fannie Mae did not acquire its ownership interest in the loan until *after* origination.  *Id.* at ¶ 14.  It is therefore impossible for Fannie

Mae to have made any representations (fraudulent or otherwise) to induce Nguyen into *executing* the loan agreement. Because the entire purported basis for Nguyen's fraudulent misrepresentation claim predates Fannie Mae's involvement with the loan, this claim must be dismissed with prejudice.

### 2. Nguyen Does Not State Her Federal Law Claim Against Fannie Mae

Nguyen raises a "claim" for nondescript "violations of federal and state law." Compl. at ¶¶ 25, 26. While Nguyen references both RESPA and TILA under this cause of action, the only actual allegation is that defendants "violated RESPA by failing to respond to a [qualified written request] within the statutory timeframe." *Id*. at ¶¶ 15, 25. This claim fails as to Fannie Mae for two reasons.

**First**, as a threshold matter, Nguyen does not allege that she sent a qualified written request to Fannie Mae. To the contrary, Nguyen's own complaint establishes that she sent the purported request to *Pennymac*. *Id*. at ¶ 15. It is thus not possible for Fannie Mae to have "failed" to respond to the letter.

**Second**, even if she had sent a request to Fannie Mae, RESPA imposes liability on a "servicer of a federally related mortgage loan" for failing to properly respond. *See* 12 U.S.C. §§ 2605(e), (f). The statute defines "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *Id.* § 2605(i)(2). Nguyen does not allege that Fannie Mae is the servicer of the loan or else somehow responsible for Pennymac's alleged failure to respond. This is fatal to Nguyen's claim. *See, e.g.*, *Morro v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 12625455, at *5 (M.D. Fla. May 12, 2014) (dismissing RESPA claim against Fannie Mae because it was not a servicer of the loan); *Zorio v. Experian Info. Sols., Inc.*, No. 5:12-CV-00498-LHK, 2012 WL 4715207, at *3 (N.D. Cal. Oct. 1, 2012) ("Under RESPA, only a loan servicer has a duty to respond to a QWR.").

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## VI.    CONCLUSION

For the reasons set forth above, and stated in Pennymac's Motion, Fannie Mae respectfully requests the court dismiss Nguyen's complaint in its entirety and with prejudice.

DATED this 20th day of June, 2025.

AKERMAN LLP


/s/ Nicholas E. Belay
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC,*
*Mortgage Electronic Registration Systems, Inc.,*
*and Federal National Mortgage Association*

6

**INDEX OF EXHIBITS**

Exhibit A      Deed of Trust

Exhibit B      Note

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June 2025, I caused to be served a true and correct copy of the foregoing **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND JOINDER TO PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS (ECF NO. 6),** in the following manner:

☐ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid to the parties listed below at their last-known mailing addresses, on 20th day of June 2025.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐ (**PERSONAL SERVICE**) By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☒ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below on 20th day of June 2025:

**araslt8888@gmail.com**

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

_/s/ Patricia Larsen_
An employee of AKERMAN LLP

8