X — FILED    — RECEIVED
— ENTERED    — SERVED ON

06/30/2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY:_____ DEPUTY

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

               Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as Nominee and Beneficiary; DOES 1-X, inclusive; ROE BUSINESS ENTITIES 1-X, inclusive,

               Defendants.

Case No.:   2:25-cv-00362-GMN-DJA

**OPPOSITION TO DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS (DOC 26)**

## I. INTRODUCTION

Plaintiff Thu Thuy Nguyen ("Plaintiff"), appearing pro se, respectfully submits this Opposition to Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (Doc 26). Defendant Fannie Mae's motion is procedurally defective, factually inaccurate, and legally untenable. It fails to rebut material facts, misstates ownership chronology, and mischaracterizes key exhibits. Fannie Mae's attempt to evade liability must be rejected for five reasons:

1. The Motion is based on misrepresented facts that conflict with Fannie Mae's own correspondence to Plaintiff confirming acquisition of the loan on December 23, 2024 — a full five months before PennyMac issued a Notice of Default on June 5, 2025.

2. Fannie Mae now attempts to distance itself as a "mere investor," yet it is the legal owner of the loan and beneficiary of all enforcement actions taken by servicers.

3. The Motion ignores statutory obligations and is silent on the unresolved Qualified Written Requests under 12 U.S.C. § 2605(e).

4. The Motion omits discussion of contradictory public record assignments, creating a cloud on title and an unresolved conflict of enforcement authority.

5. As a dispositive motion under Rule 12(b)(6), it improperly asks the Court to make factual inferences in Fannie Mae's favor — which is impermissible at the motion to dismiss stage.

This Opposition is supported by Exhibit A (Fannie Mae Loan Ownership Letter, dated Jan 7, 2025) and Exhibit B (PennyMac Notice of Default, dated June 5, 2025), attached hereto. Both documents, issued under color of authority by Defendants, directly contradict the motion's narrative and establish the foundation for denial of dismissal.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." — Iqbal, 556 U.S. at 678. At the pleading stage:

- All factual allegations must be accepted as true.

- All inferences must be drawn in Plaintiff's favor.

- Dismissal is improper unless there is no set of facts that could entitle Plaintiff to relief. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings must be "liberally construed").

Furthermore, the Court must not consider disputed documents or draw factual conclusions adverse to Plaintiff. The Ninth Circuit has held repeatedly that "a district court errs by resolving factual disputes at the Rule 12(b)(6) stage." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

"Motions to dismiss are not substitutes for motions for summary judgment." —

Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

Here, Defendant Fannie Mae improperly requests the Court to:

- Accept its interpretation of contested documents;

- Ignore contradictory exhibits issued by Fannie Mae itself;

- Dismiss claims without addressing jurisdiction, chain of custody, or statutory obligations.

This violates both procedural standards and the fundamental principles of due process. The Motion must be denied on legal grounds alone.

### III. STATEMENT OF FACTS

1. Plaintiff Thu Thuy Nguyen is the legal owner of the real property located at 9878 Belikove Manor Ave, Las Vegas, NV 89178, Clark County Assessor's Parcel Number 176-19-316-010 ("Subject Property").

2. On or about December 12, 2024, Plaintiff executed a residential real estate closing with Ticor Title of Nevada, in which loan proceeds were disbursed for the Subject Property. The lender was identified on documents as PennyMac Loan Services LLC ("PennyMac").

3. Within weeks of the loan closing, PennyMac sold the loan to Federal National Mortgage Association ("Fannie Mae") as reflected in a letter sent to Plaintiff dated January 7, 2025, confirming the acquisition occurred on December 23, 2024. That letter expressly identified PennyMac as the servicer, not the owner of the loan.

4. Plaintiff never received any evidence of a lawful transfer or endorsement of the Promissory Note, nor any assignment recorded contemporaneously with the alleged sale. Plaintiff was not notified of any recorded assignment filed with the Clark County Recorder between December 2024 and May 2025.

5. On June 5, 2025, PennyMac issued a Notice of Default and Election to Sell under NRS 107.080, claiming the authority to foreclose on behalf of a party it did not name, and without attaching any authenticated evidence of standing, chain of title, or note possession.

6. On June 19, 2025, Plaintiff sent a formal Qualified Written Request ("QWR") under 12 U.S.C. § 2605(e) to PennyMac, demanding full accounting, ownership disclosure, and lawful authority. To date, no response has been received that complies with federal law.

7. The documents relied upon by Defendants in their Motion to Dismiss are unauthenticated, incomplete, and inadmissible under FRE 901, FRE 1002, and FRE 803(6). Plaintiff never received a valid, notarized Promissory Note bearing endorsements, custodial certification, or chain of possession.

8. To date, no party has provided evidence of a complete and lawful chain of custody, including original note possession, endorsement history, or custodial records consistent with GAAP and FASB ASC 860 derecognition rules governing securitized assets.

9. Defendants now seek dismissal without having answered key factual questions related to standing, ownership, fraud, and compliance with TILA, RESPA, and Nevada's deceptive trade laws.

## IV. LEGAL STANDARD UNDER RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the case. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court must accept as true all well-pled factual allegations and construe them in the light most favorable to the non-moving party. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To survive dismissal, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim. Lilly v. Lew, 565 F. App'x 512, 514 (9th Cir. 2014). Courts are instructed to interpret pleadings liberally when a pro se litigant is involved. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se... to construe the pleadings liberally.").

Moreover, "[d]ismissal is inappropriate unless the court finds that the plaintiff would not be entitled

to relief under any plausible facts." OSU Student All. v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012). Even if doubt exists regarding the Plaintiff's ultimate ability to prove the case, dismissal is not warranted so long as plausible factual support exists. Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).

Here, Plaintiff's verified Complaint alleges factual claims based on personal knowledge, public record inconsistencies, and certified communications challenging Defendants' ownership assertions, contract formation, and legal standing. Dismissal at this stage would require the Court to disregard well-pled facts and resolve disputed issues of evidence—both of which are prohibited under Rule 12(b)(6).

### V. LEGAL ARGUMENT

#### A. Plaintiff's Claims Satisfy Rule 8 and Rule 12(b)(6) Standards

Plaintiff's Complaint sets forth factual allegations with clarity, particularity, and personal knowledge sufficient to satisfy the pleading standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Each claim is supported by specific facts drawn from public records, direct correspondence, and authenticated documents in Plaintiff's possession.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint exceeds this threshold by setting forth a detailed narrative of events, improper lien handling, failure to respond to qualified inquiries, and apparent contradictions between ownership claims and recorded title actions.

#### B. The Complaint Is Factually and Legally Grounded in Admissible Evidence

The allegations are not speculative or formulaic. They rest on verifiable facts, public filings, and correspondence issued directly by Defendants, including Fannie Mae's written admission of ownership dated January 7, 2025. These facts are capable of proof and, for the purposes of Rule 12(b)(6), must be accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Plaintiff's contentions, including Defendants' inconsistent chain of title and failure to rebut prior written demands, are not legal conclusions—they are procedural facts. Moreover, these are supported

by materials appropriate for judicial notice and evidence standards under FRE 201 and FRE 902.

### C. Plaintiff's Claims Are Presented with Procedural Sufficiency and Substantive Particularity

Each claim in the Complaint is pled with specific legal basis, referencing applicable federal statutes, state property law, and tort doctrines. Plaintiff does not merely recite elements but demonstrates how each cause of action arises from the conduct at issue, creating a logical and legal connection between the facts alleged and the relief sought.

Where Defendants seek dismissal based on general denials or factual disputes, such arguments are inappropriate at the Rule 12(b)(6) stage. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). The Complaint survives dismissal because it provides the opposing party fair notice and identifies a plausible entitlement to relief.

### D. Dismissal at This Stage Would Be Premature and Procedurally Improper

Courts disfavor dismissals where factual disputes exist or where Plaintiff's claims can be clarified through discovery. The Complaint presents numerous legal and factual issues—including conflicting ownership representations, chain-of-title irregularities, and unanswered statutory inquiries—that merit resolution on the merits.

Plaintiff has not only satisfied the federal pleading standards but has done so in good faith, with specificity and in direct reliance on documents produced or recorded by Defendants themselves. This is not a speculative pleading—it is a targeted legal challenge grounded in law and supported by the record.

//

//

//

## VI. CONCLUSION

For the foregoing reasons, and in light of the verified factual record, procedural irregularities, and unresolved ownership contradictions, Plaintiff respectfully requests that this Court:

1. Deny Defendant Federal National Mortgage Association's Motion to Dismiss (ECF No. 26) in its entirety;

2. Permit Plaintiff's claims to proceed on the merits, as they are properly pled under Iqbal, Twombly, and Rule 8;

3. Allow amendment, if deemed necessary, under Rule 15(a)(2), to incorporate newly discovered evidence and clarify factual assertions consistent with federal pleading standards; and

4. Grant such other relief as the Court deems just and proper in light of the serious inconsistencies and unanswered questions now before the Court.

DATED this 30th day of June, 2025.

Respectfully submitted,

/s/ Thu Thuy Nguyen
Thu Thuy Nguyen
Plaintiff, Pro Se
9878 Belikove Manor Ave
Las Vegas, NV 89178
Tel: (725) 318-8375
Email: ARASLT8888@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 30th day of June, 2025, I caused a true and correct copy of the foregoing Opposition to Motion to Dismiss by Defendant Federal National Mortgage Association to be served via the Court's CM/ECF electronic filing system and by email upon the following counsel of record:

Ariel E. Stern
Akerman LLP
1180 N. Town Center Drive, Suite 290
Las Vegas, NV 89144
Email: ariel.stern@akerman.com

Nicholas Belay
Akerman LLP
1180 N. Town Center Drive, Suite 290
Las Vegas, NV 89144
Email: nicholas.belay@akerman.com

/s/ Thu Thuy Nguyen
Thu Thuy Nguyen

## INDEX OF EXHIBITS

Exhibit Description

A    Letter from Fannie Mae dated January 7, 2025, stating purchase of the loan on December 23, 2024

B    Notice of Default issued by PennyMac Loan Services LLC, dated June 5, 2025

# EXHIBIT "A"

**Letter from Fannie Mae dated January 7, 2025, stating purchase of the loan on December 23, 2024**

 **Fannie Mae**

January 7, 2024



Thu  Nguyen
5886 Icicle Falls Ave
Las Vegas, NV 89130-2825

## Notification: Fannie Mae has purchased your mortgage loan

### For your information only — you are not required to take any action

We'd like to welcome you as a homeowner with a Fannie Mae-owned mortgage loan and inform you that we purchased your first lien loan for 9878 BELIKOVE MANOR AVE LAS VEGAS NV 89178 with an original principal balance of $762,372.00 from PennyMac Loan Services, LLC on 12/23/2024. This is a common practice that helps banks and other lenders replenish their funds so they can continue to make new mortgage loans.

Our ownership of your loan does not **affect any term or condition of the note, mortgage, or deed of trust.**

We suggest keeping a copy of this notice with your mortgage records so that you know who owns your loan. The transfer of ownership was not publicly recorded.

### Your mortgage servicer handles all your mortgage needs

Your servicer is the company that administers your loan, processes your monthly payments, and provides customer support. *Fannie Mae is not your mortgage servicer.*

Your servicer as of the date we purchased your loan is PENNYMAC LOAN SERVICES, LLC at P.O. BOX 514387 LOS ANGELES CA 90051-4387 or 1-818-224-7442. They may also have a website with helpful information.

 We have given your servicer the authority to act on our behalf. All payments and inquiries about your mortgage loan should be addressed to your servicer.

**Partial payments:** If you make a payment that is less than the full amount due for your regularly scheduled monthly payment ("partial payment"), your servicer:

- May accept a partial payment and apply it to your loan,
- May accept a partial payment and hold it in a separate account until you pay the rest of the payment and then apply the full payment to your loan, or
- May not accept any partial payments.

If your loan is sold, your new lender (and/or servicer) may have a different policy. If you have specific questions regarding the acceptance of partial payments, please contact your servicer.

**Owning a home is an opportunity to build memories, community, and financial well-being. We're here to help.**

### What you need to know

- You don't need to take any action because of this notice.

- Fannie Mae routinely purchases mortgage loans like yours to **help keep affordable financing available for the housing market.**

- Your mortgage servicer is a separate company that collects your payments, provides customer service, and is your primary point of contact.

- Please do not send mortgage payments to Fannie Mae.

### If you have questions:

- If you need further assistance, please contact your servicer first.

- You can call Fannie Mae at 1-800-232-6643.

- Get answers to frequently asked questions about this notice at **fanniemae.com/notice.**

# EXHIBIT "B"

**Notice of Default issued by PennyMac Loan Services LLC, dated June 5, 2025**

PennyMac Loan Services, LLC
PO Box 9109
Temecula, CA 92589-9109



*2401240276*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
PennyMac Loan Services, LLC
PO Box 30597
Los Angeles, CA 90030-0597

Send Correspondence to:
PennyMac Loan Services, LLC
PO Box 514387
Los Angeles, CA 90051-4387

THU THUY NGUYEN
9878 BELIKOVE MANOR AVE
LAS VEGAS, NV 89178

# ◣ PENNYMAC˙

Notice Date: 06/05/2025

P.O. Box 514387
Los Angeles, CA 90051-4387

THU THUY NGUYEN
9878 BELIKOVE MANOR AVE
LAS VEGAS, NV 89178

Loan Number: 7018504675
Property Address:
9878 BELIKOVE MANOR AVE
LAS VEGAS, NV  89178

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

### ABOUT YOUR LOAN

This letter is formal notice by PennyMac Loan Services, LLC (herein as "PennyMac") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay the amounts due. As of 06/05/2025, your home loan is 124 days in default.

### WHY YOU RECEIVED THIS NOTICE

The loan is paid through 02/01/2025; the date of your last payment was 12/16/2024.

The following is a breakdown of what is due as of the date of this letter.  As of the date of this notice, the total amount required to cure the default is $28,152.85, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 02/01/2025 |
| Total Monthly Payments Due: | | $28,122.85 |
| 5 @ $5,624.57 | | |
| Late Charges: | | $0.00 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Property Preservation Fees: | $0.00 |
| | Property Inspection Fees: | $30.00 |
| | Appraisals\Broker Price Opinion Fees: | $0.00 |
| | Bankruptcy Fees: | $0.00 |
| | Short Payment Advance: | $0.00 |
| | Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$28,152.85** |

| Toll-Free: (866) 545-9070 | Website: www.PennyMac.com | Payments: | General Correspondence: |
|---|---|---|---|
| M-F 6:00 AM - 6:00 PM PT<br>Sat 7:00 AM - 11:00 AM PT<br>Toll-Free Fax: (866) 577-7205 | **Secure Messaging Online:**<br>Create an account and/or log in to<br>http://www.PennyMac.com,<br>then look for the Secured Message<br>Center to communicate with us securely. | **Standard Address:**<br>P.O. Box 30597<br>Los Angeles, CA 90030-0597<br>**Overnight Address:**<br>Attn: Lockbox Operations<br>20500 Belshaw Ave<br>Carson, CA 90746<br>(Please do not send correspondence) | Attn: Correspondence Unit<br>P.O. Box 514387<br>Los Angeles, CA 90051-4387<br>(Please do not send payments)<br><br>**Notice of Error and**<br>**Information Request**<br>**Address:**<br>Attn: Correspondence Unit<br>PO Box 5133<br>Thousand Oaks, CA 91359-5133<br>(Please do not send payments) |



NV_NOI-240 01-2021
Page 1 of 8

2401240276

The principal amount of the obligation is as follows: $762,372.00

The current interest rate on your loan is 6.499%

The date your interest rate will next adjust is: The interest rate does not adjust.

You may request from us the following documents:

- A copy of the promissory note;
- A copy of the deed of trust or mortgage;
- A copy of any assignment of the borrower's mortgage or deed of trust;
- A copy of your payment history since you were last less than 60 days past due.

Your loan has the following pre-payment fee: There is no pre-payment fee.

---

**ACTION REQUIRED**

You can cure this default, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt, as of the date of this notice, by making a payment of $28,152.85 by 07/10/2025. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current default. For the exact amount you must pay to bring your loan current, please contact us at 1-866-545-9070.

**Please include your loan number and property address with your payment and send to:**

PennyMac Loan Services, LLC
P.O. Box 30597
Los Angeles, CA 90030-0597

**Or Overnight**

PennyMac Loan Services, LLC
Attn: Lockbox Operations
20500 Belshaw Ave
Carson, CA 90746

If you do not cure the default by the date specified above, foreclosure proceedings may begin as early as 120 days from the date of the default specified herein. If foreclosure proceedings are undertaken, we may pursue a deficiency judgment, if permitted by applicable law.

If you are unable to bring your account current, PennyMac offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other alternative to foreclosure. Please contact our Loss Mitigation Department at 1-866-545-9070 between 6:00 AM - 6:00 PM PT Monday through Friday and 7:00 AM - 11:00 AM PT Saturday. WE ARE VERY INTERESTED IN ASSISTING YOU.

To cure the default, you must pay the full amount of the default on this loan by the thirty-fifth (35th) day from the date of this letter which is 07/10/2025 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument and sale of the property.

You have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**IMPORTANT INFORMATION**

- **PennyMac is attempting to collect a debt, and any information obtained will be used for that purpose. Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

- PennyMac may enter upon and conduct an inspection of your property. The purposes of such inspection are to:

  1) Observe the physical condition of your property;
  2) Verify that the property is occupied; and/or
  3) Determine the identity of the occupant.

- If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument

- If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will not cancel or delay that evaluation process. However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and provide any documentation required. If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice. If your loan is eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure.

- You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

- **Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify PennyMac immediately. When contacting PennyMac as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as ·Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at 1-866-545-9070 if you have questions about your rights under SCRA.

- **Attention Federal Workers, Tribal Worker, State Worker or Household member of the same**: In the event the Borrower or Co-Borrower is a federal worker, tribal worker, state worker, or a household member or landlord of such a worker, he or she may be entitled to certain protections during a government shutdown pursuant to Chapter 40 of the Nevada Revised Statutes. In the event you feel you may be qualified to the aforesaid protections, please contact Pennymac as soon as possible to notify PennyMac that you may be eligible for such protections.

- If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home. You may contact a government approved housing counseling agency which provides free or low-cost housing counseling. You should consider contacting one of these agencies immediately. These agencies specialize in helping homeowners who are facing



2401240276

financial difficulty.  Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance.  To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.  You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

## QUESTIONS? CONTACT US

If you have questions about any of the items contained in this notice, or need any additional information about the mortgage loan, please contact Mercedes Granillo at (866) 545-9070, whom we have designated as your single point of contact.  Our office hours are 6:00 AM - 6:00 PM PT Monday through Friday and 7:00 AM - 11:00 AM PT Saturday.  Thank you for your prompt attention to this matter.

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**NEW YORK** - If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social security; 3) Public assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days. PennyMac Loan Services, LLC is registered with the Superintendent of the New York State Department of Financial Services (Department). You may obtain further information or file a complaint by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting www.dfs.ny.gov.

**NORTH CAROLINA** - Licensed by the North Carolina Office of the Commissioner of Banks. Complaints regarding the servicing of your mortgage may be submitted to the Office of the Commissioner of Banks, 316 W. Edenton Street, Raleigh, NC 27603, (919) 733-3016. Licensed by the North Carolina Department of Insurance. Permit No. 119504607 - 6101 Condor Dr., Suite 200, Moorpark, CA 93021. Permit No. 119505929 - 14800 Trinity Blvd., Fort Worth, TX 76155. Permit No. 119506567 - 3043 Townsgate Rd., Suite 200, Westlake Village, CA 91361. Permit No. 119506570 - 2201 West Plano Parkway, Suites 150 and 300, Plano, TX 75075. Permit No. 119507419 - 10550 West Charleston Blvd., Suite A, Las Vegas, NV 89135.

**OREGON** – Borrowers: The Oregon Division of Financial Regulation (DFR) oversees residential mortgage loan servicers who are responsible for servicing residential mortgage loans in connection with real property located in Oregon and persons required to have a license to service residential mortgage loans in this state. If you have questions regarding your residential mortgage loan, contact your servicer at (800) 777-4001. To file a complaint about unlawful conduct by an Oregon licensee or a person required to have an Oregon license, call DFR at 888-877-4894 or visit dfr.oregon.gov.

*This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose. However, if your account is subject to pending bankruptcy proceedings or if you have received a discharge in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt against you personally.*

### Licensing Information

Equal Housing Opportunity, PennyMac Loan Services, LLC, 3043 Townsgate Rd, Suite 200 Westlake Village, CA 91361, (818) 224-7442. NMLS ID # 35953. For licensing information, go to: www.nmlsconsumeraccess.org. Arizona Mortgage Banker License # 0911088. Licensed by the Department of Financial Protection and Innovation under the California Residential Mortgage Lending Act. Colorado: Colorado office:5500 South Quebec Street, Suite 260, Greenwood Village, Colorado 80111, (877) 215-2552. Massachusetts Mortgage Lender License # MC35953. Minnesota: This is not an offer to enter into an agreement and an offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4). Licensed by the N.J. Department of Banking and Insurance. Licensed Mortgage Banker-NYS Department of Financial Services. Rhode Island Lender License # 20092600LL. For more information, please visit PENNYMAC.COM/state-licenses. Not all property types qualify. Some loan products may not be available in all states. Information, property type eligibility, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. Ask your loan officer for details. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. The information included in this communication is considered confidential and proprietary, and any unauthorized reproduction is prohibited. @ 2025 Private National Mortgage Acceptance Company, LLC, PennyMac and all related marks are trademarks of Private National Mortgage Acceptance Company, LLC and/or its subsidiaries or affiliates. All rights reserved. (01-2025)

NV_NOI-240 01-2021

2401240276

## Loss Mitigation Options and Eligibility Requirements

As your mortgage loan servicer, we understand that you may be experiencing financial difficulty with making your mortgage payments and would like to discuss your options to make your mortgage payment affordable and avoid foreclosure. We will determine if you qualify based on your financial situation. Please see the potential loss mitigation options and eligibility requirements below.

### Options For Keeping Your Home

- Repayment Plan - A temporary agreement which allows for repayment of the unpaid past-due debt along with continued regular mortgage payments. The unpaid past due debt may include principal, interest, fees, and/ or costs incurred by the lender.

- Eligibility Requirements for this option require a portion of the unpaid past due debt as a down payment, with the remainder of the unpaid debt being spread out over a period of months. You will make the additional payment along with your regular monthly mortgage payment. In order to qualify for this option, you must be able to make the required payments as outlined in the plan.

- Loan Reinstatement - If you have the financial ability to bring your loan current, your lender/servicer will accept the funds needed to bring the loan current until the day of your foreclosure sale. In addition to the monthly mortgage payment, late charges and other amounts due on your loan obligation you may be required to pay all outstanding attorney's fees and costs of collection.

- Loan Modification - A loan modification allows you the option to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing amounts past due at the end of the loan, and/or extending the term of the loan.

- Eligibility Requirements for a loan modification are determined by your ability to pay (which may require a down payment), the current value of the home, and the hardship suffered.

- Forbearance - An agreement whereby the lender may accept less than the total monthly payment or agree not to proceed with foreclosure and/or collection of payments, for a period of time, to allow you the time to re-establish the ability to make the required payments.

- Eligibility Requirements for this option are determined on your current ability to pay and the nature of the hardship experienced.

### Options For You If You Do Not Wish And/Or May Not Be Able To Afford To Keep The Property

- Deed-In-Lieu - An option that allows you to voluntarily deed your property to the owner of your mortgage in order to avoid foreclosure. In return, you agree to vacate the property on an agreed upon date leaving the property in "broom swept" condition. You must allow the lender/servicer access to inspect your property (which may include the interior of the home) should such request be made.

- Eligibility Requirements include your inability to pay the debt. Your lender may ask you to complete a financial questionnaire (which may require a hardship letter). Also there can be no other liens or judgments against the property other than your mortgage obligation that is currently in default. In other words, title must be "clear and marketable". In some circumstances your lender may want you to prove that your taxes, insurance, and utilities are current.

- Short Sale - This option allows you to avoid foreclosure by selling your property for less than the total amount owed on the account (subject to agreement by your servicer/lender), resulting in the release of the servicer/lender's lien on your home.



In order to be eligible you must no longer be able to maintain the mortgage payments, and you must demonstrate that the current property value is below your current indebtedness. The lender may ask you to complete a financial questionnaire (which may require a hardship letter) in order to evaluate your ability to pay the debt. The property must have been listed with a real estate agent. You must also have a buyer willing to purchase the property for the current fair market value. You must provide a Real Estate Purchase Agreement (with no contingencies), Estimated Settlement Statement and Listing Agreement to the servicer for review. If requested, you must allow the lender/servicer access to appraise/value your property.

- Temporary Suspension of Payments - This option allows you to stop making payments on the loan to allow the sale of property. The sale should completely payoff your loan.

  Eligibility Requirements are that the property has enough value so that the sale of the property will pay off the full amount of the loan (which may include any fees and/ or costs incurred by your lender). You must have the property listed with a real estate agent. Also the lender must agree not to proceed with foreclosure for an agreed upon period to allow borrower time to sell the property. Usually, the amount of time allowed will be based upon the value of the property, the likelihood of obtaining a sufficient price, and any other financial circumstances that may be relevant.

  You must take the first step by contacting us, at 1-866-545-9070 from 6:00 AM - 6:00 PM PT Monday through Friday and 7:00 AM - 11:00 AM PT Saturday. You may also write to us at 6101 Condor Drive, Westlake Village, CA 91361. Be sure to include your name and loan number in your correspondence. Please be advised that this letter does not constitute a commitment to approve any workout plan.

NV_NOI-240 01-2021
Page 7 of 8

2401240276

## Agencies located in NEVADA

| Agency Name | Phone, Toll-Free, Fax Number, Email, Website | Address |
|---|---|---|
| CHICANOS POR LA CAUSA INC. | P: 702-207-1614<br>T:<br>F:<br>E: N/A<br>W: http://www.cplcnevada.org | 555 N Maryland Pkwy<br>Las Vegas, NV 89101-3133 |
| COMMUNITY SERVICES OF NEVADA (CSNV) | P: 702-307-1710<br>T:<br>F:<br>E: N/A<br>W: http://www.csnv.org | 500 N Rainbow Blvd<br>Las Vegas, NV 89107-1082 |
| CREDIT.ORG-LAS VEGAS, NV BRANCH | P: 702-389-6427<br>T: 833-258-2283<br>F:<br>E: info@credit.org<br>W: http://www.credit.org | 871 Coronado Center Dr<br>Suite 200<br>Henderson, NV 89052-3977 |
| MONEY MANAGEMENT INTERNATIONAL - RENO | P: 866-232-9080<br>T: 866-232-9080<br>F: 866-921-5129<br>E: counselinginfo@moneymanagement.org<br>W: http://www.moneymanagement.org | 5470 Kietzke Ln Ste 300<br>Reno, NV 89511-2099 |
| MONEY MANAGEMENT INTERNATIONAL -LAS VEGAS | P: 866-232-9080<br>T: 866-232-9080<br>F: 866-921-5129<br>E: counselinginfo@moneymanagement.org<br>W: http://www.moneymanagement.org | 8685 W Sahara Ave Ste 240<br>Las Vegas, NV 89117-5880 |
| NACA (NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA) LAS VEGAS, NV | P: 702-362-6199<br>T: 617-250-6222<br>F: 877-329-6222<br>E: N/A<br>W: https://www.naca.com | 3030 S Jones Blvd Ste 103<br>Las Vegas, NV 89146-6793 |
| NAVICORE SOLUTIONS- HENDERSON, NV | P: 866-472-4557<br>T: 866-472-4557<br>F: 732-863-5052<br>E: housing@navicoresolutions.org<br>W: http://www.navicoresolutions.org | 2298 W Horizon Ridge Pkwy Ste 109<br>Henderson, NV 89052-2697 |
| NEIGHBORHOOD HOUSING SERVICES OF SOUTHERN NEVADA | P: 702-649-0998<br>T:<br>F:<br>E: N/A<br>W: http://www.nwsn.org | 1849 Civic Center Dr<br>North Las Vegas, NV 89030-7131 |
| NEVADA PARTNERS, INC. | P: 702-844-8000<br>T:<br>F:<br>E:<br>W: https://nvpartners.org/ | 690 W Lake Mead Blvd<br>North Las Vegas, NV 89030-4017 |

https://data.hud.gov/housing_counseling_form.html

VCP105

2401240276-001-533-3797

2401240276