ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC,*
*Mortgage Electronic Registration Systems, Inc.,*
*and Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THU THUY NGUYEN,<br><br>               Plaintiff,<br><br>vs.<br><br>PENNYMAC   LOAN   SERVICES,   LLC;<br>FEDERAL   NATIONAL   MORTGAGE<br>ASSOCIATION   (FANNIE   MAE);<br>MORTGAGE   ELECTRONIC<br>REGISTRATION SYSTEMS, INC. ("MERS"),<br>as  Nominee  and  Beneficiary;  DOES  1-X,<br>inclusive;  ROE  BUSINESS  ENTITIES  1-X,<br>inclusive,<br><br>               Defendants. | Case No.:   2:25-cv-00362-GMN-DJA<br><br><br>**REPLY SUPPORTING FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |

Federal National Mortgage Association ("Fannie Mae"), by and through counsel of record, replies supporting its motion to dismiss Plaintiff Thu Thuy Nguyen's complaint.

**I.      NGUYEN CONCEDES THAT SHE RECEIVED PROPER NOTICE OF FANNIE MAE'S INTEREST**

Nguyen's sole allegation against Fannie Mae is that it acquired her loan "without proper disclosure or compliance with federal securities laws."  *See* Compl. at ¶ 14.  As explained in the underlying motion, this allegation is directly contradicted by Nguyen's complaint. *See id.* at ¶¶ 10, 14; *see also* ECF No. 29, Opp. at Ex. A.  Nguyen *repeatedly* acknowledges that she received proper notice of Fannie Mae's ownership interest on January 7, 2025—just a few weeks after the loan was originated.

*Id*. Despite this concession, Nguyen maintains the notice was somehow not enough. The root of Nguyen's confusion appears to be her mistaken belief that Fannie Mae's ownership also had to be *recorded*. Nevada has definitively rejected any such requirement. *See, e.g.*, *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233, 445 P.3d 846, 849 (2019); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017) (explaining that Fannie Mae does not need to record its interest). Further, Nguyen does not have standing to challenge the transfer of her loan in the first place. *See* ECF No. 26, MTD at 4; *see also Penrose v. Quality Loan Serv. Corp.*, 2019 WL 1338393, at *4 (D. Nev. Mar. 25, 2019) ("[E]ven a borrower lacks standing to challenge the transfer or securitization of his loan.").

Nguyen fails to address these arguments in her opposition. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d). While *pro se* pleadings are liberally construed, this "does not excuse *pro se* litigants from adhering to the rules of procedure." *Casteel v. Aranas*, No. 3:20-CV-00381-GMN-CLB, 2022 WL 772970, at *2 (D. Nev. Mar. 12, 2022). "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Courts routinely apply Local Rule 7-2(d) in this context. *Damarco v. MSC Indus. Supply*, No. 3:18-CV-00515-MMD-WGC, 2019 WL 148403, at *2 (D. Nev. Jan. 9, 2019); *Trice v. Damion*, No. 2:16-CV-01348-MMD-NJK, 2017 WL 187149, at *2 (D. Nev. Jan. 17, 2017); *Feldman-Snyder v. Leman Bros. Holdings Inc.*, No. 2:13-CV-00445-MMD, 2013 WL 4520529, at fn 3 (D. Nev. Aug. 23, 2013). By failing to substantively respond, Nguyen concedes that dismissal is appropriate.

## II.    NGUYEN CONCEDES SHE HAS FAILED TO STATE A CLAIM AGAINST FANNIE MAE

In addition to the above deficiencies, Nguyen also fundamentally fails to plead the requisite elements of her claims against Fannie Mae. *See* ECF No. 26, MTD at 4-5. Specifically, Nguyen cannot state a fraudulent misrepresentation claim against Fannie Mae because Nguyen concedes Fannie Mae did not even acquire its interest until *after* the loan was originated. *Id*. Further, Nguyen cannot state a federal law claim against Fannie Mae because she concedes that she sent the alleged qualified written request to Pennymac, not Fannie Mae. *Id*.

Nguyen again does not address Fannie Mae's arguments in her response. In fact, Nguyen does not even address the elements of her claims in any capacity or explain why they somehow apply to

Fannie Mae.  *See* ECF No. 29.  Nguyen instead merely reiterates her conclusory (and incorrect) belief that she somehow satisfied the pleading standard.  This is not enough to survive dismissal.  Accordingly, under Local Rule 7-2(d), Nguyen concedes that dismissal is appropriate on the merits.

### III.    DISMISSAL IS NOT PREMATURE

In a last ditch effort to avoid dismissal, Nguyen argues that this case involves "factual issues" regarding irregularities in the loan ownership and chain of title.  ECF No. 29, Opp. at 6.  This argument fails from the onset—as explained in the prior briefing, there is nothing "irregular" about the routine loan transaction at issue in this case.  Further, Nguyen simply misunderstands the relevant standard on a motion to dismiss.  Regardless of what "factual issues" Nguyen believes this case presents, her complaint fails to state any legally viable causes of action against Fannie Mae (or any other defendant) *as a matter of law*.  Dismissal is therefore appropriate on the pleadings and without leave to amend.

### IV.    CONCLUSION

For the reasons set forth above, and in the underlying briefing, Fannie Mae respectfully requests the court dismiss Nguyen's complaint in its entirety and with prejudice.

DATED this 7th day of July, 2025.

**AKERMAN LLP**

*/s/ Nicholas E. Belay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC,*
*Mortgage Electronic Registration Systems, Inc.,*
*and Federal National Mortgage Association*

**akerman**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July 2025, I caused to be served a true and correct copy of the foregoing **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY SUPPORTING MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM,** in the following manner:

☐ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid to the parties listed below at their last-known mailing addresses, on 7th day of July 2025.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐ (**PERSONAL SERVICE**) By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☒ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below on 7th day of July 2025:

**araslt8888@gmail.com**

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Patricia Larsen*
An employee of AKERMAN LLP

4