X FILED          RECEIVED
ENTERED          SERVED ON

02/02/2026

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY:_____ DEPUTY

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

                Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE");

                Defendants.

Case No.:    2:25-cv-00362-GMN-DJA

**FIRST AMENDED COMPLAINT**
**(Pursuant to ECF No. 39)**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, Thu Thuy Nguyen, appearing Pro Se, and files this First Amended Complaint pursuant to the Court's Order Granting Motions to Dismiss with Leave to Amend (ECF No. 39), dated  January 13, 2026. Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1.    This action arises under the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., specifically Regulation Z  (12 C.F.R. Part 1026).

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in Clark County, Nevada.

## II. PARTIES

4. Plaintiff Thu Thuy Nguyen is the owner of the real property located at 9878 Belikove Manor Avenue, Las Vegas, NV 89178 (the "Property").

5. Defendant PennyMac Loan Services, LLC ("PennyMac") is a business entity acting as the loan servicer and original lender for the subject mortgage loan.

6. Defendant Federal National Mortgage Association ("Fannie Mae") is a government-sponsored enterprise and the alleged current investor/owner of the subject loan.

## III. GENERAL FACTUAL ALLEGATIONS

### A. TILA Violations: The "Bait and Switch" and Unearned Fees

7. On November 13, 2024, Defendants provided a Loan Estimate quoting an Interest Rate of 6.499% with "Origination Charges" totaling approximately $3,423.00.

8. Less than 24 hours later, on November 14, 2024, Defendants issued a revised estimate. While the Interest Rate remained exactly the same (6.499%), the "Origination Charges" skyrocketed to $8,698.66. Defendants labeled this increase of approximately $5,275.66 as "Discount Points." However, because the interest rate did not decrease, these points provided zero benefit to Plaintiff and constitute an unearned fee in violation of TILA and the prohibition on Unfair, Deceptive, or Abusive Acts or Practices (UDAAP).

9. Plaintiff consummated the loan on December 12, 2024. Defendants failed to provide a Corrected Closing Disclosure reflecting this actual closing date. The only Closing Disclosure provided to Plaintiff was dated November 29, 2024, and incorrectly listed the Closing Date as December 4, 2024.

10.    By failing to provide an accurate Closing Disclosure three days prior to the actual consummation date of December 12, 2024, Defendants deprived Plaintiff of the statutory right to review the final terms. Instead, on the day of closing, Defendants presented Plaintiff with a stack of documents, including a Loan Application (Form 1003) that included the massive $5,275 fee increase disguised as "Discount Points." Because Defendants violated the TILA 3-day review rule, Plaintiff was deprived of the opportunity to detect this bait-and-switch before signing.

**B.    The Conflicting Chain of Title and Servicing Errors**

11.    Plaintiff's confusion regarding the loan's status was directly caused by Defendants' contradictory written communications and recorded instruments.

12.    On January 14, 2025, PennyMac confirmed in writing that the loan was owned by Fannie Mae.

13.    Despite this confirmation, on or about May 19, 2025, an Assignment of Deed of Trust was recorded in the Clark County Recorder's Office (Instrument No. 20250519-0000694), purporting to assign the beneficial interest in the loan from MERS to PennyMac. This recording directly contradicted the January correspondence identifying Fannie Mae as the owner, creating a break in the chain of authority and obscuring the identity of the true creditor.

14.    The Reconveyance Contradiction: On July 24, 2025, a Substitution of Trustee and Full Reconveyance was recorded in the Clark County Recorder's Office (Instrument No. 20250724-0001166), which on its face states that the subject obligation had been satisfied and the lien reconveyed.

15.    Yet, on July 25, 2025—one day after the Public Record reflected the loan was "Paid in Full"—PennyMac, through its agent, sent a formal correspondence threatening foreclosure. This foreclosure threat was objectively baseless and contradictory because, as of July 24, 2025, the Public Record reflected that the debt was fully satisfied.

16.    Despite this recorded "Paid in Full" instrument, Defendant PennyMac subsequently filed a Notice of Lis Pendens against the Property on November 10, 2025. Defendants have failed to reconcile these

mutually exclusive actions—publicly releasing the lien in July, then filing suit on the same lien in November. This conduct created objective and reasonable confusion regarding the validity of the debt.

**C. The Qualified Written Request (QWR)**

17.    In a good faith effort to resolve this confusion, on or about December 30, 2024, Plaintiff sent a Qualified Written Request ("QWR") to Defendant PennyMac via U.S. Mail.

18.    The QWR constituted a valid inquiry under RESPA because it identified the Plaintiff by name and account number and requested specific information regarding the identity of the Note holder and the servicing errors.

19.    Defendant PennyMac received this QWR on or about January 6, 2025.

20.    Although PennyMac responded, they failed to conduct a reasonable investigation or explain the ownership discrepancies, the conflicting Assignment, and the recorded Reconveyance. Instead, they dismissed Plaintiff's valid inquiries in violation of 12 U.S.C. § 2605(e).

**IV. CAUSES OF ACTION**

**COUNT I: VIOLATION OF RESPA (12 U.S.C. § 2605)**

**(Against Defendant PennyMac Only)**

21.    Plaintiff incorporates the allegations of paragraphs 1 through 20 as though fully set forth herein.

22.    Under 12 U.S.C. § 2605(e), PennyMac had a statutory duty to respond to Plaintiff's QWR.

23.    PennyMac breached this duty by failing to provide the specific ownership and servicing information requested and by failing to reconcile the contradiction between their foreclosure threats, the conflicting Assignment, and the recorded Reconveyance.

24.    Pattern and Practice: PennyMac issued multiple written responses over a seven-month period that consistently failed to correct or clarify the servicing errors, demonstrating a pattern of non-compliance pursuant to 12 U.S.C. § 2605(f)(1)(B).

25.    Actual Damages: As a direct and proximate result of PennyMac's failure to comply with RESPA, Plaintiff has suffered actual pecuniary damages, specifically:

- Postage and Mailing Costs: Plaintiff incurred costs of approximately $15.00 for certified mail, tracking, and copying services to enforce Plaintiff's rights.

- Late Fees: Due to PennyMac's failure to clarify the servicing errors and the "Paid in Full" status on the record, Plaintiff was unable to verify the correct payee or validity of the debt, resulting in the wrongful assessment of late fees to Plaintiff's account in the amount of approximately $150.00.

- Travel Expenses: Plaintiff expended personal resources, including fuel and vehicle costs valued at approximately $50.00, traveling to administrative offices to attempt to resolve the servicing discrepancies.

### COUNT II: VIOLATION OF TILA (15 U.S.C. § 1638 & § 1641)
### (Against All Defendants)

26.    Plaintiff incorporates the allegations of paragraphs 1 through 25 as though fully set forth herein.

27.    Failure to Disclose (15 U.S.C. § 1638): Defendants violated TILA and Regulation Z by failing to provide the mandatory Corrected Closing Disclosure to Plaintiff at least three days prior to the consummation date of December 12, 2024.

28.    Unearned Fees: Defendants violated TILA's requirement for "Good Faith" estimates by charging Plaintiff $5,275.66 in "Discount Points" that resulted in no reduction of the interest rate (which remained 6.499%). This constitutes a hidden, unearned fee that was not properly disclosed in compliance with 12 C.F.R. § 1026.19(f).

29.    Defective Notice of Transfer (15 U.S.C. § 1641(g)): While Defendants provided a correspondence regarding the transfer to Fannie Mae, said notice was legally defective under TILA. Specifically, the notice failed to identify the location where the transfer of ownership of the debt is recorded in the public records, as strictly required by 15 U.S.C. § 1641(g)(1)(D).

30.    Damages: As a result of these failures, Plaintiff seeks statutory damages of $4,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(iv), in addition to actual damages, costs, and reasonable attorney's fees.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For Actual Damages regarding the RESPA violations in an amount to be proven at trial;

B. For Statutory Damages of $2,000.00 against PennyMac for its pattern and practice of RESPA violations;

C. For Statutory Damages of $4,000.00 against Defendants for violations of TILA;

D. For costs of suit and reasonable expenses incurred in this litigation; and

E. For such other and further relief as the Court deems just and proper.

DATED: February 2, 2026

Respectfully Submitted,

THU THUY NGUYEN
9878 Belikove Manor Ave
Las Vegas, NV 89178
Phone: 725-318-8375
ARASLT8888@gmail.com
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2026, I electronically filed the foregoing FIRST AMENDED COMPLAINT with the Clerk of the Court for the United States District Court, District of Nevada, by using the CM/ECF system.

I further certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

THU THUY NGUYEN
Pro Se Plaintiff