SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  scott.lachman@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC,*
*and Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THU THUY NGUYEN, | Case No.: 2:25-cv-00362-GMN-DJA |
| Plaintiff, | |
| vs. | **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), | |
| Defendants. | |

Federal National Mortgage Association (**Fannie Mae**), by and through counsel of record, moves to dismiss Plaintiff Thu Thuy Nguyen's (**Nguyen**) first amended complaint with prejudice pursuant to FRCP 12(b)(6).[1]

## I.    INTRODUCTION

Nguyen's entire case against Fannie Mae is premised on a single allegation—that Fannie Mae supposedly did not provide adequate notice that it acquired an ownership interest in her loan.  The Court already rejected this argument, finding that: (1) Nguyen admitted to receiving notice of Fannie

---

[1] Nguyen filed her first amended complaint on February 2, 2026, which was entered and served on February 6, 2026.  ECF No. 40.  Nguyen subsequently filed an identical copy of the first amended complaint on February 5, 2026, which was entered and served on February 10, 2026.  ECF No. 41. To the extent necessary, Fannie Mae respectfully requests the Court strike the second filing as a duplicate and rogue pleading.  *See* Fed. R. Civ. P. 15(a)(2).

Mae's interest shortly after origination; and (2) there is no requirement that such notice be recorded in the public record. *See* ECF No. 39 at 7, 12-13. Nguyen's amended complaint does not present any new facts or arguments to support a different outcome. Nguyen merely doubles down on the *same* erroneous and already-rejected belief that Fannie Mae's interest had to be recorded. It did not. *Id*. at 7. Nguyen's TILA claim fails as a matter of law and must be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

### A.    Nguyen Enters Into a Routine Loan Transaction

Nguyen purchased the property located at 9878 Belikove Manor Avenue, Las Vegas, Nevada 89178 in December 2024. *See* ECF No. 40, Am. Compl. at ¶¶ 4, 9. To finance the purchase, Nguyen executed a $762,372.00 promissory note, secured by a deed of trust recorded against the property. *Id*.; *see also* **Ex. A** (Deed of Trust); **Ex. B** (Note). The deed of trust identifies Pennymac as the original lender and Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary, solely as a nominee for Pennymac and its successors and assigns. Ex. A.

Shortly after origination, Fannie Mae acquired an ownership interest in Nguyen's loan, with Pennymac acting as servicer. *See* ECF No. 1-1, Compl. at ¶ 14; *see also* Am. Compl. at ¶¶ 5, 12. Nguyen acknowledges receiving written notice of Fannie Mae's interest both on January 7, 2025, and January 14, 2025. *See id.*

### B.    Nguyen Files the Instant Action

Nguyen initiated this action on January 17, 2025, alleging that a myriad of purported "deficiencies" rendered the deed of trust "invalid." ECF No. 1-1.

Fannie Mae moved to dismiss Nguyen's complaint for failure to state a claim. ECF No. 26. The Court granted Fannie Mae's motion, dismissing the complaint with prejudice on all claims, with the exception of Nguyen's TILA claim, which the Court granted leave to amend. ECF No. 39. Nguyen filed her amended complaint on February 2, 2026 and served it on February 6, 2026. ECF No. 40.

## III.    LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

80205002;1

Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Courts may take judicial notice of any publicly recorded documents, as well as documents incorporated by reference in the complaint. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Superior Consulting Servs., Inc. v. Steeves-Kiss*, 786 F. App'x 648, 651 (9th Cir. 2019); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Fannie Mae respectfully requests the Court take judicial notice of the exhibits attached to this motion to dismiss.

## IV. NGUYEN FAILS TO STATE A TILA CLAIM AGAINST FANNIE MAE

Nguyen alleges Fannie Mae violated Section 1641(g)(1)(D) of TILA by failing to "identify the location where the transfer of ownership of the debt is recorded in the public records." Am. Compl. at ¶ 29.[2] Nguyen's claim must be dismissed for at least two reasons.

**First**, even with the benefit of an amended complaint, Nguyen still does not allege any actual violation of the statute. Nguyen's sole contention is that Fannie Mae did not identify where its ownership interest is publicly recorded. Nguyen conflates the requirement to identify where an ownership interest is recorded with the underlying obligation to record the interest in the first place. These are not the same thing. There is no requirement under either federal or state law that Fannie

---

[2] Nguyen also alleges "defendants" violated TILA by failing to timely provide a closing disclosure and accurate fees assessment prior to loan origination. Am. Compl. at ¶¶ 27-28. As best Fannie Mae can discern, Nguyen intended to state these allegations only against Pennymac, as they have nothing to do with Fannie Mae's limited role as owner of the loan. *See* ECF No. 26 at 4-5. By Nguyen's own admission, Fannie Mae did not become involved in the loan until several weeks after origination. These allegations are therefore immaterial to Fannie Mae as a matter of law. Further, Nguyen's failure to "differentiate between any of the named Defendants" alone warrants granting dismissal. *See Bertsch v. Discover Fin. Servs.*, No. 2:18-CV-00290-GMN-EJY, 2020 WL 1170212, at *3 (D. Nev. Mar. 11, 2020); *see also* FRCP 8(a)(2); ECF No. 39 at 13 (stating Nguyen must identify "which Defendants failed to provide the disclosures," among other requirements).

3

Mae record its ownership interest. *See Altier v. Fed. Nat. Mortg. Ass'n*, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *8 (N.D. Fla. Dec. 6, 2013) (explaining that while Fannie Mae "may have had an obligation to *notify* the Plaintiffs of the Assignment, it had no duty under TILA to record the Assignment") (emphasis in original). The Court already rejected Nguyen's *identical* argument in its order dismissing Nguyen's original complaint. *See* ECF No. 39 at 7 (rejecting allegation that "Fannie Mae's interest must be recorded"); *see also Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233, 445 P.3d 846, 849 (2019); *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017) (explaining that Fannie Mae does not need to record its interest). Because Fannie Mae had no obligation to record its interest, the purported failure to "identify" a recorded interest cannot state a claim under TILA.

**Second**, Nguyen once again fails to plead any cognizable damages. Nguyen merely puts forth the conclusory assertion that she has somehow suffered unidentified damages as a "result of [Fannie Mae's] failures." Am. Compl. at ¶ 30. Nguyen's amended complaint falls well short of the requirement to plead *actual* damages under TILA, and she provides no factual basis for statutory damages either. *See Sanchez v. Bank of New York*, No. 2:15-CV-01249-GMN-GWF, 2016 WL 1449597, at *4 (D. Nev. Apr. 12, 2016) (stating a plaintiff must show detrimental reliance as part of actual damages); *Byrd v. Guild Mortg. Co.*, No. 11:CV2204-WQH-WVG, 2011 WL 6736049, at *5 (S.D. Cal. Dec. 20, 2011) (finding no statutory damages where plaintiff did not allege she "incurred any finance charges" related to the notice failure). Courts routinely dismiss similarly-deficient TILA claims under these circumstances. *See, e.g., Quinn v. Wells Fargo Bank, N.A.*, No. CV 16-6967-CCC-MF, 2017 WL 3671246, at *3 (D.N.J. Aug. 25, 2017)*; Derusseau v. Bank of Am., N.A.*, No. 11 CV 1766 MMA (JMA), 2012 WL 1059928, at *4 (S.D. Cal. Mar. 28, 2012); *Zeppeiro v. GMAC Mortg., LLC*, 2012 WL 12914721, at *6 (C.D. Cal. Oct. 16, 2012). The Court should do the same here.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

80205002;1

## V.    CONCLUSION

For the reasons set forth above, Fannie Mae respectfully requests the Court dismiss Nguyen's first amended complaint with prejudice for failure to state a claim.

DATED this 20th day of February, 2026.

AKERMAN LLP

*/s/ Nicholas E. Belay*
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC,*
*and Federal National Mortgage Association*

80205002;1

**INDEX OF EXHIBITS**

Exhibit A        Deed of Trust

Exhibit B        Note

akerman

80205002;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February 2026, I caused to be served a true and correct copy of the foregoing **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM,** in the following manner:

☒ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on March 4, 2025.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐ **(PERSONAL SERVICE)** By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☒ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below on N/A:

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Esther Ibarra*
An employee of AKERMAN LLP

7

80205002;1