SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: scott.lachman@akerman.com
Email: nicholas.belay@akerman.com
*Attorneys for Pennymac Loan Services, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

                Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION (FANNIE MAE),

                Defendants.

PENNYMAC LOAN SERVICES, LLC,

                Counterplaintiff,

vs.

THU THUY NGUYEN; LAM TUNG DANG, an
individual; LAM TUNG DANG, as Trustee of the
LUCKY FORTUNE TRUST; LAM TUNG
DANG, as Trustee of the FORTUNE HEIR
TRUST; LAM TUNG DANG, as Trustee of the
PROSPERITY VAULT TRUST; LAM TUNG
DANG, as Trustee of the ROYAL ESTATE
TRUST; LAM TUNG DANG, as Trustee of the
DOMINION TITLE TRUSTEE TRUST,

                Counterdefendants.

Case No.: 2:25-cv-00362-GMN-DJA

**PENNYMAC LOAN SERVICES, LLC'S
ANSWER TO FIRST AMENDED
COMPLAINT & COUNTERCLAIMS**

PennyMac Loan Services, LLC (**Pennymac**) files its answer and counterclaims to plaintiff Thu Thuy Nguyen's first amended complaint (**FAC**) as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac admits the FAC purports to raise claims under the Real Estate Settlement Practices Act (**RESPA**) and the Truth in Lending Act (**TILA**).  Pennymac denies the merit of any such claims.  Pennymac further denies plaintiff is entitled to any relief sought in the FAC.

2.      Paragraph 2 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac admits Paragraph 2.

3.      Paragraph 3 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac admits paragraph 3.

## PARTIES

4.      Paragraph 4 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 and, on that basis, denies.

5.      Paragraph 5 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac admits that it is the original lender and current servicer of the subject home loan.

6.      Paragraph 6 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac admits that the Federal National Mortgage Association (**Fannie Mae**) is a government-sponsored enterprise and the current owner of the subject loan.

## GENERAL FACTUAL ALLEGATIONS

7.      In response to Paragraph 7, Pennymac admits it provided plaintiff a loan estimate on or about November 13, 2024, reflecting an interest rate of 6.499% and origination charge of $3,423.00.  The document speaks for itself, and Pennymac denies any allegations inconsistent with it.

8.      In response to Paragraph 8, Pennymac admits it provided plaintiff an updated loan estimate on or about November 14, 2024, reflecting an interest rate of 6.499% and origination charge of $8,699.00.  The document speaks for itself, and Pennymac denies any allegations inconsistent with

2

80205002;1

it. The remaining allegations in Paragraph 8 set forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies the remaining allegations in Paragraph 8.

9. In response to Paragraph 9, Pennymac admits the subject loan originated with Pennymac on December 12, 2024. The remaining allegations in Paragraph 9 set forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies the remaining allegations in Paragraph 9.

10. Paragraph 10 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 10.

11. Paragraph 11 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 11.

12. Pennymac admits Paragraph 12.

13. In response to Paragraph 13, Pennymac admits an assignment of deed of trust was recorded on May 19, 2025. The document speaks for itself, and Pennymac denies any allegations inconsistent with it. The remaining allegations in Paragraph 13 set forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies the remaining allegations in Paragraph 13.

14. In response to Paragraph 14, Pennymac admits a substitution of trustee and reconveyance was recorded on July 24, 2025. Pennymac states the substitution of trustee and reconveyance is fraudulent, unauthorized, and void *ab initio*. Pennymac further states that the loan remains unpaid, and the deed of trust continues to encumber the property. The remaining allegations in Paragraph 14 set forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies the remaining allegations in Paragraph 14.

15. Paragraph 15 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac admits plaintiff is in default under the terms of the loan and foreclosure is available to Pennymac as a remedy. Pennymac further admits it sent a correspondence to plaintiff dated July 25, 2025, concerning plaintiff's default under the loan. The document speaks

3

80205002;1

for itself, and Pennymac denies any allegations inconsistent with it. Pennymac denies the remaining allegations in Paragraph 15.

16.    In response to Paragraph 16, Pennymac admits it recorded a notice of lis pendens on November 10, 2025. The remaining allegations in Paragraph 16 set forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies the remaining allegations in Paragraph 16.

17.    In response to Paragraph 17, Pennymac admits it received a correspondence from plaintiff dated December 30, 2024. The document speaks for itself, and Pennymac denies any allegations inconsistent with it. Pennymac denies the remaining allegations in Paragraph 17.

18.    Paragraph 18 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 18.

19.    In response to Paragraph 19, Pennymac admits it received a correspondence from plaintiff dated December 30, 2024. Pennymac denies the remaining allegations in Paragraph 19.

20.    Paragraph 20 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 20.

### CAUSES OF ACTION

### COUNT I: VIOLATION OF RESPA (12 U.S.C. § 2605)

21.    Pennymac repeats and realleges its responses to the allegations contained in the foregoing paragraphs of the FAC as though fully set forth herein.

22.    Paragraph 22 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 22.

23.    Paragraph 23 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 23.

24.    Paragraph 24 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 24.

25.    Paragraph 25 sets forth a conclusion of law to which no response is required. To the extent a response is required, Pennymac denies Paragraph 25.

4

**COUNT II: VIOLATION OF TILA (15 U.S.C. § 1638 & 1641)**

26.     Pennymac repeats and realleges its responses to the allegations contained in the foregoing paragraphs of the FAC as though fully set forth herein.

27.     Paragraph 27 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac denies Paragraph 27.

28.     Paragraph 28 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac denies Paragraph 28.

29.     Paragraph 29 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Pennymac denies Paragraph 29.

30.     Paragraph 30 sets forth conclusions of law to which no response is required.  To the extent a response is required, Pennymac admits that plaintiff seeks various categories of damages. Pennymac denies the merit of any such request.  Pennymac further denies plaintiff is entitled to any relief sought in the FAC.

**PRAYER FOR RELIEF**

31.     Pennymac denies plaintiff is entitled to any relief sought in the FAC.

32.     Pennymac denies all factual allegations not specifically admitted, including any factual allegations contained in the FAC's heading or prayer for relief and all subparts of the FAC's heading or prayer for relief.

**AFFIRMATIVE DEFENSES**

Pennymac asserts the following affirmative defenses.  Discovery and investigation of this case is not yet complete, and Pennymac reserves the right to amend this answer by adding, deleting, or amending defenses as may be appropriate.  Pennymac states as follows:

1.     Plaintiff lacks standing to bring some or all of her claims and causes of action.

2.     Plaintiff failed to state a claim upon which relief may be granted.

3.     Plaintiff's claims and causes of action are barred, in whole or in part, by any material breaches of the alleged contracts with Pennymac and/or Fannie Mae.

4.     Plaintiff's claims are barred by waiver, estoppel, privilege, consent, and/or ratification.

5.     Plaintiff's claims are barred by unclean hands.

5

80205002;1

6.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.    Plaintiff's claims are barred pursuant to the laches doctrine.

8.    Plaintiff's claims are barred by the applicable statute of frauds.

9.    Plaintiff has waived and/or released any claims against Pennymac.

10.    Plaintiff assumed the risk.

11.    Plaintiff is not a bona fide purchaser for value.

12.    Plaintiff did not justifiably/reasonably rely on any representation made by Pennymac.

13.    Pennymac acted in good faith at all times.

14.    Pennymac owed no duty to plaintiff.

15.    Pennymac did not breach any duty, if owed, to plaintiff.

16.    Plaintiff has not cured the default under the terms of the subject deed of trust.

17.    Plaintiff's claims are barred, in whole or in part, because any allegedly wrongful acts or omissions of Pennymac, to the extent they occurred, were legally excused or justified.

18.    Pennymac's conduct was not the cause in fact or the proximate cause of any injury, loss, or damage alleged by plaintiff.

19.    Plaintiff's damages, if any, were caused by an intervening superseding cause over which Pennymac had no control.

20.    Any and all events and happenings in connection with the damages complained of in plaintiff's FAC, together with the alleged resulting injuries and/or damages as prayed for therein, if any, were legally caused and contributed to by the negligence and fault of plaintiff and/or by others whose conduct is imputed to plaintiff, and through failure to exercise ordinary care in the performance of their duties, so that the recovery by plaintiff is diminished, or barred entirely, by the proportion of said negligence and fault.

21.    Plaintiff's claims and causes of action are barred, in whole or in part, by reason of set-off or recoupment, or both, available to Pennymac.

22.    Plaintiff's claims and causes of action are barred, in whole or in part, due to plaintiff's failure to mitigate, minimize, or otherwise avoid its damages.

6

80205002;1

23.    Plaintiff has not tendered the amount due and owing on the debt secured by the deed of trust.

24.    Pennymac reserves the right to assert additional affirmative defenses that become apparent during discovery.

## COUNTERCLAIMS

### PARTIES

*Counterplaintiff*

1.    Pennymac Loan Services, LLC (**Pennymac**) is a Delaware limited liability company, the sole member of which is Private National Mortgage Acceptance Company, LLC.  Private National Mortgage Acceptance Company LLC's members are PNMAC Holdings Inc. (**PNMAC**) and PennyMac Financial Services Inc. (**PFSI**). Both PNMAC and PFSI are Delaware corporations with principal places of business in Westlake Village, California.

*Counterdefendant*

2.    Thu Thuy Nguyen (**Nguyen**) is a citizen of Nevada who currently resides in Clark County, NV.

*Additional Counterdefendants*

3.    Lam Tung Dang (**Dang**) is a citizen of Nevada currently residing in Clark County, NV.

4.    On information and belief, Lucky Fortune Trust is a Nevada trust formed under the laws of Nevada, with Dang acting as its trustee.

5.    On information and belief, Fortune Heir Trust is a Nevada trust formed under the laws of Nevada, with Dang acting as its trustee.

6.    On information and belief, Prosperity Vault Trust is a Nevada trust formed under the laws of Nevada, with Dang acting as its trustee.

7.    On information and belief, Royal Estate Trust is a Nevada trust formed under the laws of Nevada, with Dang acting as its trustee.

8.    On information and belief, Dominion Title Trustee Trust is a Nevada trust formed under the laws of Nevada, with Dang acting as its trustee.

80205002;1

9.     Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages and/or subject to declaratory and/or injunctive relief with the named counterdefendants on the allegations set forth in the counterclaims or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Pennymac may seek leave to amend the counterclaims to reflect the true names and identities of the Doe Defendants when known.

10.     Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages and/or subject to declaratory and/or injunctive relief with the named counterdefendants on the allegations set forth in the counterclaims or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Pennymac may seek leave of Court to amend the counterclaims to reflect the true names and identities of the Roe Defendants when known.

## GENERAL ALLEGATIONS

### The Loan and Deed of Trust

11.     Nguyen purchased real property located at 9878 Belikove Manor Avenue, Las Vegas, Nevada 89178 (**Property**) in December 2024, as evidenced by the grant, bargain, sale deed recorded in the Official Records of the Clark County Recorder on December 12, 2024, as Instrument No. 20241212-0000655.

12.     Nguyen obtained a loan in the original amount of $762,372.00 to finance the purchase, as evidenced by a promissory note (**Note**) that is secured by a deed of trust recorded in the Official Records of the Clark County Recorder on December 12, 2024, as Instrument No. 20241212-0000656 (**Deed of Trust**) (collectively, the Note and Deed of Trust comprise the **Loan**).

13.     The Deed of Trust identifies Pennymac as the original lender and Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary, solely as a nominee for Pennymac and its successors and assigns.

14.     An assignment of the Deed of Trust from MERS to Pennymac was recorded with the Clark County Recorder on May 19, 2025, as Instrument No. 20250519-0000694.

15.     Pennymac is the current beneficiary of record of the Deed of Trust.

### Nguyen Fraudulently Obtained The Loan as a "Straw Buyer"

8

80205002;1

16.     On information and belief, Nguyen entered into a fraudulent scheme with Dang to act as a "straw buyer" for the Property.  Nguyen and Dang entered into this scheme with the intent of depriving Pennymac of its senior lien interest, delaying foreclosure, and improperly encumbering the property with fraudulent liens to the detriment of Pennymac.

17.     A "straw buyer" is an individual who submits a loan application to a lending institution under his or her own name for the purpose of enabling other persons, unidentified to the lender, to purchase and control the home.

18.     As part of this fraudulent scheme, Nguyen and Dang acted in concert to knowingly provide false information to Pennymac on Nguyen's loan application concerning material matters such as her employment, income, education, assets, and occupancy.

19.     These misrepresentations included, but were not limited to, the following:

    a.     Nguyen falsely stated she was employed as an operations manager for "Lucky Consulting, LLC," with income of $12,965 per month;

    b.     Nguyen falsely stated that she was previously enrolled as a student at the University of Nevada, Las Vegas (**UNLV**), earning a Bachelor of Science in business administration;

    c.     Nguyen falsely represented the amount of her liquid assets, providing a non-existent and invalid bank account with JPM Chase Bank;

    d.     Nguyen falsely represented that she intended to use the Property as her primary residence despite Nguyen, on information and belief, continuing to reside at her prior residence at 5886 Icicle Falls Ave., Las Vegas, NV 89130.

20.     On information and belief, Nguyen and Dang supported the various misrepresentations with fraudulent and forged documentation, including, but not limited to, fabricated payroll and bank statements, fake college course transcripts, and a forged diploma from UNLV.

21.     The false information provided on the loan application was material to Pennymac's decision to finance Nguyen's purchase of the Property, and Pennymac reasonably relied on this false information in entering into the Loan.

9

80205002;1

<u>Nguyen and Dang Misrepresented Their Relationship</u>

22.    On information and belief, Nguyen and Dang also misrepresented the nature of Dang's relationship to Nguyen.

23.    At the time of the Loan's origination in December 2024, Dang identified himself to Pennymac as Nguyen's son and the legal owner of the Icicle Falls property.

24.    Dang has since contradicted himself in subsequent correspondence to Pennymac, now identifying as Nguyen's brother.

25.    It is unclear what familial relationship Dang actually has with Nguyen, if any.

26.    On information and belief, Nguyen and Dang have intentionally obscured the true nature of their relationship in an effort to perpetuate their fraudulent scheme and avoid detection.

<u>Nguyen Immediately Defaulted on the Loan</u>

27.    Nguyen defaulted on the Loan in January 2025, without making a single monthly mortgage payment to Pennymac.

28.    That same month, Nguyen applied for an unemployment forbearance plan due to having purportedly lost her job at Lucky Consulting, LLC.

29.    On information and belief, Nguyen's employment status at Lucky Consulting, LLC was fictitious, rendering her representation that she lost her job also fictitious.

30.    Pennymac initially granted Nguyen a forbearance plan, but the plan was cancelled in June 2025 after Nguyen failed to comply with its terms.

31.    On information and belief, Nguyen never intended to complete her forbearance plan.

32.    On information and belief, Nguyen and Dang conspired to improperly utilize the loss mitigation process for the purpose of delaying foreclosure.

33.    To date, Nguyen has not made any payments on the Loan and remains in default.

34.    On information and belief, Nguyen never intended to make any payments on the Loan, despite obtaining the full benefit of the bargain to purchase the Property.

<u>Nguyen Initiated Frivolous Litigation Against Pennymac</u>

35.    Nguyen initiated frivolous litigation against Pennymac on January 17, 2025, challenging the validity and enforceability of the Deed of Trust. *See* ECF No. 1.

10

80205002;1

36. On information and belief, Nguyen initiated and maintained this litigation for ulterior motives or purposes, hindering and delaying foreclosure on the Property in furtherance of their fraudulent scheme to deprive Pennymac of its senior lien interest.

37. Pennymac has suffered financial injury as a result of Nguyen and Dang's conduct, including litigation costs and fees, delayed recovery on the delinquent loan, and depreciation in the Property's value. These damages continue to accrue.

<u>Nguyen and Dang Prepared and Recorded Fraudulent Liens</u>

38. On information and belief, between May 2025 and July 2025, Nguyen and Dang caused numerous documents to be recorded against the Property as part of their scheme to defraud Pennymac and create the false impression that the Property was no longer encumbered by Pennymac's senior Deed of Trust.

39. Nguyen recorded a quitclaim deed purporting to transfer ownership of the Property to Lucky Fortune Trust on May 19, 2025, as Instrument No. 20250519-0000715. The quitclaim deed indicates Nguyen transferred the Property for "Ten Dollars," but the attached declaration of value states the transfer was "without consideration to a trust." The quitclaim deed appears to contain Nguyen's signature as the grantor and Dang's signature as the grantee/trustee of Lucky Fortune Trust.

40. Lucky Fortune Trust recorded a deed of trust against the Property in the amount of $150,000.00 on May 22, 2025, as Instrument No. 20250522-0000831 (**Second Deed of Trust**). The Second Deed of Trust lists Dang as trustee and Fortune Heir Trust as beneficiary. The Second Deed of Trust appears to contain Dang's signature as trustee of Lucky Fortune Trust.

41. Lucky Fortune Trust recorded another deed of trust against the Property in the amount of $200,000.00 on May 22, 2025, as Instrument No. 20250522-0000832 (**Third Deed of Trust**). The Third Deed of Trust lists Dang as trustee and Prosperity Vault Trust as beneficiary. The Third Deed of Trust states that it is "intended to secure priority over prior encumbrances," including Pennymac's Deed of Trust. The Third Deed of Trust appears to contain Dang's signature as trustee of Lucky Fortune Trust.

42. Lucky Fortune Trust caused to be recorded a UCC Financing Statement in the amount of $395,000.00 on July 8, 2025, as Instrument No. 20250708-0001028 (**Financing Statement**). The

11

Financing Statement lists Lucky Fortune Trust as the debtor and Royal Estate Trust as the secured party, with a multitude of fixtures and components of the Property as collateral.

43.    On information and belief, the Second Deed of Trust, Third Deed of Trust, and Financing Statement were recorded without proper authority and contain false information, including forged notaries and business addresses.

44.    On information and belief, the Second Deed of Trust, Third Deed of Trust, and Financing Statement were recorded without consideration and contain false representations regarding the amount of funds actually loaned.

45.    On information and belief, no monetary funds were exchanged in connection with the Second Deed of Trust, Third Deed of Trust, and Financing Statement, despite purporting to secure over $745,000.00 against the Property.

46.    On information and belief, Nguyen and Dang improperly utilized the Lucky Fortune Trust, Prosperity Vault Trust, and Royal Estate Trust in furtherance of their fraudulent scheme, with Nguyen and Dang acting with full ownership, control, and influence over the various trust entities.

47.    On information and belief, there is such unity of interest and ownership between and among Nguyen, Dang, and the trust entities that they are inseparable from each other, such that adherence to the notion of the trust entities being separate legal persons would sanction fraud or promote manifest injustice.

48.    Regardless of whether the Second Deed of Trust, Third Deed of Trust, and Financing Statement are valid, any interest obtained by the purported beneficiaries to these documents is subordinate to, and subject to, Pennymac's senior Deed of Trust.

Nguyen and Dang Prepared and Recorded a Fraudulent Reconveyance of Pennymac's Deed of Trust

49.    On information and belief, Nguyen and Dang continued their fraudulent scheme by causing to be recorded a Substitution of Trustee and Deed of Full Reconveyance on July 24, 2025, as Instrument No. 20250724-0001166 (**Fraudulent Reconveyance**).  The Fraudulent Reconveyance falsely claims to have been recorded by Monticello Private Estate Bank and Trust—an entity that on information and belief does not exist and has no authority in relation to Pennymac's Deed of Trust.

12

50.    The Fraudulent Reconveyance falsely claims to substitute "Dominion Title Trustee Trust" as trustee under Pennymac's Deed of Trust.  At no point in time did Pennymac authorize Dominion Title Trustee Trust to act as its trustee.

51.    On information and belief, Nguyen and Dang improperly utilized the Dominion Title Trustee Trust in furtherance of their fraudulent scheme, with Nguyen and Dang acting with full ownership, control, influence, and governance over the trust.

52.    On information and belief, there is such unity of interest and ownership between and among Nguyen, Dang, and the Dominion Title Trustee Trust that they are inseparable from each other, such that adherence to the notion of the trust being a separate legal person would sanction fraud or promote manifest injustice.

53.    The Fraudulent Reconveyance falsely claims to reconvey the Deed of Trust, incorrectly indicating that the "Deed of Trust has been paid in full."

54.    The Fraudulent Reconveyance is purportedly signed by "Melanie A. Oerkfitz" as Vice President on behalf of Pennymac.

55.    Melanie A. Oerkfitz is not an employee of Pennymac and lacked authority to execute the Fraudulent Reconveyance.  On in formation and belief, Nguyen and Dang forged Melanie A. Oerkfitz's signature on the Fraudulent Reconveyance as part of their fraudulent scheme.

56.    On information and belief, the Fraudulent Reconveyance also contains a forged notary signature on behalf of "Laura Krieg."

57.    The Deed of Trust was never reconveyed as it appears in the public records because the Fraudulent Reconveyance was forged and thus *void ab initio*.

58.    At no point in time has Pennymac authorized the reconveyance of its Deed of Trust.

59.    Pennymac remains the beneficiary of the Deed of Trust, which is a valid and enforceable senior lien against the Property.

### FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Relief - Against all Counterdefendants)**

60.    Pennymac repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

13

61. Pursuant to 28 U.S.C. § 2201, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

62. Pennymac's interest in the Property is senior in priority to any other deed(s) of trust, lien(s) and/or other interests encumbering the Property, including, but not limited to, the Second Deed of Trust, Third Deed of Trust, and Financing Statement.

63. The Fraudulent Reconveyance relating to the Deed of Trust is *void ab initio* and has no legal effect.

64. Any right, title, or interest—express, implied, equitable or otherwise—in the Property held by any counterdefendant is subordinate to, and subject to, said senior interest held by Pennymac.

65. On information and belief, counterdefendants claim or may claim an interest in the property adverse to Pennymac, and may claim the Deed of Trust has been satisfied and/or no longer occupies the first-lien position on the Property.

66. As a result, an actual controversy exists between Pennymac and counterdefendants regarding Pennymac's interest in, and ability to foreclose on, the Property.

67. Pennymac's interests are adverse to counterdefendants because of the above-referenced dispute as to Pennymac's rights to the Property.

68. Pennymac is entitled to a declaration that the Deed of Trust remains a valid and enforceable senior encumbrance against the Property, and that any interests of counterdefendants in the Property remain subject to the Deed of Trust.

69. Pennymac is also entitled to a declaration that the Deed of Trust has priority over the Second Deed of Trust, Third Deed of Trust, and Financing Statement, and that the Deed of Trust remains in first position against the Property.

70. Pennymac was required to retain an attorney to prosecute this action and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Cancellation of Instruments - Against all Counterdefendants)

71. Pennymac repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

14

80205002;1

72. Counterdefendants conspired to record fraudulent documents without proper authority and with the malicious intent of depriving Pennymac of its valid senior lien interest.

73. The Fraudulent Reconveyance was executed by an individual who fraudulently and through forgery represented himself and/or herself as the beneficiary and authorized agent of Pennymac under the Deed of Trust when, in fact, that individual had no power or authority to release the Deed of Trust or substitute a new trustee.

74. The Fraudulent Reconveyance is the product of fraud and forgery and therefore *void ab initio* with no impact on the continued validity of Pennymac's Deed of Trust.

75. The Second Deed of Trust, Third Deed of Trust, and Financing Statement are also the product of fraud and forgery and therefore are *void ab initio*. These documents were not properly authorized and/or supported by consideration.

76. Counterdefendants executed, recorded, and/or caused to be recorded, the fraudulent documents to hinder, delay, and impair Pennymac's Deed of Trust and related foreclosure proceedings.

77. Pennymac is entitled to a judicial order cancelling the Fraudulent Reconveyance as void, unauthorized, and invalid.

78. Pennymac is further entitled to a judicial order cancelling the Second Deed of Trust, Third Deed of Trust, and Financing Statement as void, unauthorized, and invalid.

79. The fraudulent documents have caused injury to Pennymac because they purport to release Pennymac's Deed of Trust, create confusion in the title record as to the priority of the Deed of Trust, hinder Pennymac's ability to foreclose under the delinquent Loan, cause Pennymac to incur additional expenses and accrued interest in relation to the Loan, and impair Pennymac's ability to provide clear title to a third-party purchaser at foreclosure.

80. Pennymac was required to retain an attorney to prosecute this action and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Slander of Title - Against all Counterdefendants)

81. Pennymac repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

15

80205002;1

82. Counterdefendants made false and malicious communications disparaging Pennymac's interest in the Property, causing special damages, by purporting to: (1) transfer the Property from Nguyen to Lucky Fortune Trust without proper authorization and for improper purposes; (2) incur substantial and fraudulent liens against the Property in the form of the Second Deed of Trust, Third Deed of Trust, and Financing Statement with no justification or basis; (3) represent in the title record that the Second Deed of Trust, Third Deed of Trust, and Financing Statement were senior to Pennymac's Deed of Trust; (4) claim in the title record that Pennymac's Deed of Trust is no longer valid by virtue of the instant litigation, and (5) falsely represent in the title record that Pennymac's Deed of Trust has been paid in full and reconveyed.

83. Counterdefendants knew that Pennymac's Deed of Trust remains a valid and enforceable encumbrance against the Property notwithstanding the foregoing conduct.

84. Counterdefendants recording of the above-referenced fraudulent and unauthorized documents constitutes an intentional and calculated action meant to leave Pennymac with no option other than to engage in litigation.

85. Counterdefendants' conduct was malicious, willful, intentional, and done with reckless disregard for its consequences.

86. Counterdefendants' conduct was done in an effort to disparage and cast doubt on Pennymac's claim as beneficiary of the senior lien interest against the Property.

87. As a result of counterdefendants' conduct, Pennymac has sustained special and general damages in excess of $15,000.

88. As a result of counterdefendants' conduct, Pennymac is entitled to an award of punitive damages against defendants.

89. As a result of counterdefendants' conduct, Pennymac has been required to retain an attorney to defend itself in this action and prosecute this claim, and it is entitled to collect its reasonable attorneys' fees and costs as special damages.

. . .

. . .

. . .

16

80205002;1

## FOURTH CAUSE OF ACTION

**(Tortious Interference with Contractual Relations - Against Dang, individually and as trustee of Lucky Fortune Trust, Fortune Heir Trust, Prosperity Vault Trust, Royal Estate Trust, and Dominion Title Trustee Trust)**

90.     Pennymac repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

91.     Nguyen entered into the Loan with Pennymac, executing both the Note and Deed of Trust to secure the purchase of the Property.

92.     The Deed of Trust is a valid and existing contract between Nguyen and Pennymac.

93.     Dang, individually and in his capacity as trustee of the named trust entities, acquired interest in the Property with knowledge that there was a Deed of Trust recorded against the Property.

94.     Dang disrupted the terms of the contract between Nguyen and Pennymac, inducing Nguyen to breach the express terms of the Loan by failing to make any monthly mortgage payments despite obtaining the full benefit of the bargain to purchase the Property.

95.     Dang further disrupted the terms of the contract between Nguyen and Pennymac because Dang's actions resulted in improper encumbrances against the Property in violation of the Loan and disrupted Pennymac's remedies under the Deed of Trust for Nguyen's breach.

96.     Dang's actions as alleged were undertaken and completed with the intent of chilling, hindering and delaying, and/or otherwise interfering with proper non-judicial foreclosure proceedings—a valid remedy under the Deed of Trust for Nguyen's breach—and were therefore designed to disrupt the contractual relationship between Nguyen and Pennymac.

97.     Pennymac was damaged by the actions alleged herein, including that it was prevented from foreclosing under the terms of the Deed of Trust and recouping amounts owed under the terms of the contract between Nguyen and Pennymac.  Fees and costs associated with the Loan continue to accrue while Pennymac is prevented from foreclosing and Nguyen remains in default.

98.     Pennymac was damaged by the actions alleged herein, including that the Loan incurred interest and Pennymac paid additional escrow amounts pursuant to the terms of the contract between Nguyen and Pennymac, that it would not have incurred but for the tortious conduct.

17

99.    Pennymac was required to retain an attorney to prosecute this action, and Pennymac is therefore entitled to collect its reasonable attorneys' fees and costs.

100.    Dang engaged in conduct intended to injure Pennymac and/or despicable conduct engaged in with the knowledge of the probable harmful consequences to Pennymac and a willful and deliberate failure to act to avoid those consequences in conscious disregard of Pennymac's rights, and which has subjected Pennymac to unjust hardship, entitling Pennymac to exemplary and punitive damages pursuant to NRS 42.005.

### FIFTH CAUSE OF ACTION

### (Fraud & Civil Conspiracy - Against all Counterdefendants)

101.    Pennymac repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

102.    Counterdefendants developed and executed a scheme to fraudulently obtain financing to purchase the Property, hinder and delay Pennymac's foreclosure following Nguyen's default, cloud title to the Property with invalid liens to the detriment of Pennymac, impair the senior position of Pennymac's Deed of Trust, and ultimately fraudulently reconvey Pennymac's interest altogether.

103.    In furtherance of this fraudulent scheme, counterdefendants: (1) made material misrepresentations on Nguyen's loan application to induce Pennymac into the Loan; (2) created fraudulent and forged documents to support the loan application; (3) obscured the relationship between Nguyen and Dang to conceal their fraud; (4) entered into the Loan without any intention to make monthly payments under the Deed of Trust, thus immediately defaulting under the Loan; (5) requested loss mitigation alternatives without any intention of complying with the agreed-upon terms; (6) initiated frivolous and bad faith litigation against Pennymac based on meritless and already-rejected legal theories to delay foreclosure while defendants carried out their fraudulent scheme; (7) recorded various fraudulent documents against the Property, including the Second Deed of Trust, Third Deed of Trust, and Financing Statement; and (8) recorded the Fraudulent Reconveyance for the purpose of representing it as a true and original document reconveying Pennymac's Deed of Trust.

. . .

. . .

18

80205002;1

104.   Counterdefendants knew that their actions were undertaken with the intent to deceive and damage Pennymac for their own improper benefit.  These actions were willful, wanton, malicious, oppressive, and undertaken with the express intent to defraud Pennymac.

105.   As a result of counterdefendants' conduct, Pennymac has sustained special and general damages in excess of $15,000.

106.   As a result of counterdefendants' conduct, Pennymac is entitled to an award of punitive damages against defendants.

107.   As a result of counterdefendants' conduct, Pennymac has been required to retain an attorney to defend itself in this action and prosecute this claim, and it is entitled to collect its reasonable attorneys' fees and costs as special damages.

### PRAYER FOR RELIEF

WHEREFORE Pennymac respectfully requests this Court enter judgment against counterdefendants as follows:

1.   A declaration confirming that the Deed of Trust remains a valid, enforceable, and senior lien encumbering the Property;

2.   A declaration cancelling the Fraudulent Reconveyance, Second Deed of Trust, Third Deed of Trust, and Financing Statement as *void ab initio*, unauthorized, and invalid;

3.   A declaration that, regardless of the validity or lack thereof of the Second Deed of Trust, Third Deed of Trust, and Financing Statement, Pennymac's Deed of Trust has priority over any other lien or interest in the Property;

4.   A declaration establishing that Pennymac, as the record beneficiary of the Deed of Trust, has authority to non-judicially foreclose pursuant to the terms of the Deed of Trust;

5.   A preliminary injunction prohibiting counterdefendants from transferring the Property or further attempting to encumber the property;

6.   A judgment and order that Pennymac prevailed on its causes of action;

7.   A judgment in Pennymac's favor and against the counterdefendants, enforceable jointly and severally, for the damages they caused Pennymac in an amount in excess of $75,000;

8.   Punitive and exemplary damages;

19

80205002;1

9.    Attorneys' fees and the costs incurred by Pennymac as a result of this lawsuit;

10.    Any such other and further relief the court deems just and proper.

DATED this 20th day of February, 2026.

AKERMAN LLP

*/s/ Nicholas E. Belay*
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

*Attorneys for Pennymac Loan Services, LLC*

20

80205002;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February 2026, I caused to be served a true and correct copy of the foregoing **PENNYMAC LOAN SERVICES, LLC'S ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS,** in the following manner:

☒ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on February 20, 2026.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐ (**PERSONAL SERVICE**) By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☐ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below on N/A:

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Esther Ibarra*
An employee of AKERMAN LLP

21

80205002;1