X FILED
RECEIVED
ENTERED
SERVED ON

03/04/2026

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY:_____ DEPUTY

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

                            Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE");

                            Defendants.

Case No.:    2:25-cv-00362-GMN-DJA

**EMERGENCY MOTION TO STAY ALL
PROCEEDINGS PENDING SETTLEMENT**

## <u>INTRODUCTION</u>

COMES NOW, Plaintiff and Counter-Defendant, THU THUY NGUYEN ("Plaintiff"),

appearing Pro Se, and respectfully moves this Honorable Court for an Order staying all proceedings

in this matter for a period of sixty (60) days.

This requested stay is comprehensive and intended to preserve the status quo. It includes, but

is not limited to:

1.    The Initial Disclosure deadline currently set for March 6, 2026 (Doc. 46);

2.    The deadline to respond to Counter-Claimant's Answer and Counterclaim (Doc. 44);

3.    All pending motions, including Defendant Fannie Mae's Motion to Dismiss (Doc. 43); and

4.    All further discovery, pleading, and scheduling deadlines.

As set forth in the following Memorandum of Points and Authorities, good cause exists for this stay as the parties are currently engaged in active, global settlement negotiations. A stay is necessary to promote judicial economy and prevent the parties from incurring unnecessary litigation costs while a final resolution is being formalized.

## I. STATEMENT OF RELEVANT FACTS

1.    This Action involves a dispute regarding title and interest in the real property located at 9878 Belikove Manor Ave, Las Vegas, NV 89148 (the "Property").

2.    On February 24, 2026, this Court entered a Stipulated Discovery Plan and Scheduling Order (Doc. 46), establishing an Initial Disclosure deadline of March 6, 2026.

3.    Plaintiff has demonstrated consistent, good-faith efforts to resolve this dispute. On February 25, 2026, Plaintiff issued an initial global settlement offer to counsel for Defendants, proposing a voluntary return of the Property and a mutual release (attached hereto as Exhibit B).

4.    Building upon those efforts, on March 3, 2026, Plaintiff issued a formal, comprehensive Global Settlement Offer (the "Offer"). The Offer provides for the immediate transfer of the Property and the voluntary cancellation of all disputed instruments recorded against the title. A true and correct copy of the Offer is attached hereto as Exhibit A.

5.    The Offer is intended to resolve all claims asserted in the Complaint and all five (5) causes of action asserted in the Counterclaim (Doc. 44).

6.    As of the date of this filing, Counter-Defendants LAM TUNG DANG and the five (5) associated Trusts have not been formally served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

....

....

## II. LEGAL ARGUMENT

**A.    The Court Has Inherent Power to Stay Proceedings to Promote Judicial Economy.**

A district court has the inherent power to control its own docket, including the power to stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The decision to grant a stay is within the sound discretion of the Court. *Id.* In determining whether a stay is appropriate, the Court weighs the competing interests of the parties and the "orderly course of justice." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).

Here, judicial economy is best served by a stay. Requiring the parties to comply with the March 6, 2026, disclosure deadline while a global settlement is actively being negotiated would result in the "needless waste of time and effort" for both the parties and the Court. *Id.*

**B.    A Stay is Warranted to Avoid Undue Burden and Procedural Irregularities.**

A stay is further necessitated by the current procedural posture of the case. Defendants are attempting to enforce discovery and pleading deadlines against Counter-Defendants who are not yet subject to this Court's personal jurisdiction, as they have not been served with process.

Proceeding with discovery under these circumstances—while an offer to return the Property is on the table—constitutes an undue burden under Fed. R. Civ. P. 26(c). A sixty (60) day stay will allow the parties to finalize the settlement, effectively mooting all pending deadlines and avoiding unnecessary motion practice regarding service and discovery disputes.

**C.    A Stay Will Not Prejudice Defendants and Will Facilitate a Faster Resolution.**

A stay should be granted when it does not result in "legal prejudice" to the non-moving party. *See Landis*, 299 U.S. at 255. Here, Defendants will suffer no prejudice from a brief stay. To the contrary, a stay facilitates the very relief Defendants seek in their Counterclaim: the recovery of the Property and the clearing of title.

By staying the Action now, Defendants avoid the high costs of litigating a case that Plaintiff has already offered to resolve. Delaying the March 6, 2026 deadline imposes no hardship on Defendants, as a successful settlement provides a more immediate and cost-effective outcome than protracted litigation.

**D.     A Stay is Consistent with the Mandate of Rule 1 of the Federal Rules of Civil Procedure.**

Rule 1 of the Federal Rules of Civil Procedure mandates that the rules be administered to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In light of the pending Offer, which provides for the full return of the Property, continuing with the current schedule would violate this mandate. It would force an "expensive" and "unjust" burden on a Pro Se litigant for a dispute that is essentially resolved.

## III. CONCLUSION

WHEREFORE, Plaintiff and Counter-Defendant THU THUY NGUYEN respectfully requests that this Court grant this Emergency Motion and stay all proceedings in this Action for a period of sixty (60) days to allow the parties to finalize their global settlement.

DATED this 4th day of March, 2026.

Respectfully submitted,

*/s/ Thu Thuy Nguyen*
Thu Thuy Nguyen
Plaintiff and Counter-Defendant,
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2026, I electronically filed the foregoing EMERGENCY MOTION TO STAY ALL PROCEEDINGS with the Clerk of the Court for the United States District Court, District of Nevada, by emailing the document to the Clerk's public docketing email. I further certify that the Court's CM/ECF system will send a Notice of Electronic Filing (NEF) to the following counsel of record, which constitutes service pursuant to the Court's Local Rules:

Nicholas Belay,
Esq. Scott Robert Lachman,
Esq. Akerman LLP 1180 North
Town Center Drive, Suite 290
Las Vegas, NV 89144 Email:
nicholas.belay@akerman.com;
scott.lachman@akerman.com

/s/ *Thu Thuy Nguyen*
Thu Thuy Nguyen
Plaintiff and Counter-Defendant,
Pro Se

Thu Thuy Nguyen
9878 Belikove Manor Avenue
Las Vegas, Nevada 89178
Tel: (725) 318-8375
Araslt8888@gmail.com
Pro-Se, Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THU THUY NGUYEN,

                Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE");

                Defendants.

Case No.:   2:25-cv-00362-GMN-DJA

**DECLARATION OF THU THUY NGUYEN IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS**

I, THU THUY NGUYEN, declare as follows:

1.     I am the Plaintiff and Counter-Defendant in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently thereto.

2.     I make this Declaration in support of my Emergency Motion to Stay All Proceedings Pending Settlement.

3.     On February 25, 2026, I sent a formal settlement communication to counsel for Defendants, Nicholas Belay and Scott Lachman, via electronic mail. A true and correct copy of this communication is attached to the Motion as **Exhibit B**.

4.    On March 3, 2026, I sent a comprehensive Global Settlement Offer to the same counsel for Defendants. A true and correct copy of this Offer is attached to the Motion as **Exhibit A**.

5.    I am currently awaiting a formal response to the Offer. I believe in good faith that a global settlement is achievable and will resolve all claims and counterclaims in this Action.

6.    A stay of sixty (60) days is necessary to allow the parties to formalize the settlement without incurring further unnecessary legal expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 4th day of March, 2026, at Las Vegas, Nevada.

*/s/ Thu Thuy Nguyen*
Thu Thuy Nguyen
Plaintiff and Counter-Defendant
Pro Se

# EXHIBIT A

Case 2:25-cv-00362-GMN-DJA    Document 47    Filed 03/04/26    Page 9 of 12

**M Gmail**

Thu Nguyen <araslt8888@gmail.com>

---

## FINAL SETTLEMENT NOTICE AND NOTICE OF INTENT TO FILE EMERGENCY MOTION TO STAY - Case No. 2:25-cv-00362-GMN-DJA

---

**Thu Nguyen** <araslt8888@gmail.com>            Tue, Mar 3, 2026 at 9:10 AM
To: nicholas.belay@akerman.com, scott.lachman@akerman.com

Dear Mr. Belay and Mr. Lachman,

FOR SETTLEMENT PURPOSES ONLY – PROTECTED BY FED. R. EVID. 408

This communication follows my previous outreach on February 25, 2026. In a continued good-faith effort to resolve this litigation in its entirety—including all claims in the Complaint and all five (5) causes of action in the Counterclaim (Doc. 44)—Plaintiff/Counter-Defendant Thu Thuy Nguyen presents this final global settlement offer:

1. **Stipulated Quiet Title Order & Property Transfer:** For the sole purpose of reaching a global compromise and without admitting any liability or the validity of any allegations contained in the Counterclaim, Plaintiff is prepared to execute a **Stipulated Quiet Title Order** formally voiding and expunging the following recorded instruments: **20250519-0000715, 20250522-0000831, 20250522-0000832, 20250708-0001028, and 20250724-0001166**. Simultaneously, Plaintiff will execute a **Deed in Lieu of Foreclosure** to transfer the property located at 9878 Belikove Manor Ave to PennyMac Loan Services, LLC, providing a 100% clean and marketable title.
2. **Global Mutual Release & Waiver of Damages:** This settlement is contingent upon a full, global mutual release of all claims. PennyMac and Fannie Mae shall explicitly discharge Thu Thuy Nguyen, Lam Tung Dang, and all associated Trusts and entities from any past, present, or future liability. This includes a permanent waiver of all demands for monetary damages, punitive damages, attorney's fees, costs, and any deficiency judgment.
3. **Dismissal with Prejudice:** Upon the formalization of this agreement, the parties shall file a joint stipulation to dismiss this Action in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41.

DEADLINE FOR ACCEPTANCE: This offer remains open until **5:00 PM PST TODAY, Tuesday, March 3, 2026**.

NOTICE OF INTENT TO FILE MOTION TO STAY: If a formal acceptance is not received by today's deadline, Plaintiff will proceed with filing an Emergency Motion to Stay All Proceedings on Wednesday morning, March 4, 2026. This motion will request a sixty (60) day stay of all deadlines—including the March 6 Initial Disclosure deadline—to preserve judicial resources and prevent unnecessary legal expenditures while the parties focus on finalizing a resolution.

We believe this offer provides your clients with the exact relief they seek while ensuring an efficient and just resolution for all parties involved.

Sincerely,

Thu Thuy Nguyen

*Plaintiff / Counter-Defendant, Pro Se*

# EXHIBIT B

 **Gmail**

**Thu Nguyen <araslt8888@gmail.com>**

---

# FOR SETTLEMENT PURPOSES ONLY - FRE 408 - Case No. 2:25-cv-00362-GMN-DJA

---

**Thu Nguyen** <araslt8888@gmail.com>                        Wed, Feb 25, 2026 at 9:08 AM
To: nicholas.belay@akerman.com, scott.lachman@akerman.com

Dear Mr. Belay and Mr. Lachman,

This communication is provided strictly for settlement purposes and is subject to the protections of Federal Rule of Evidence 408. It may not be used in court for any other purpose.

To save both parties the substantial time, resources, and legal expenses associated with a prolonged Discovery phase, Plaintiff/Counter-Defendant Thu Thuy Nguyen, proceeding Pro Se and speaking only on her own behalf, presents the following global settlement offer to resolve this matter in its entirety:

**1. Voluntary Return of Property (Deed in Lieu):** I agree to voluntarily execute a Deed in Lieu of Foreclosure, transferring the property located at 9878 Belikove Manor Ave, Las Vegas, NV 89178 back to PennyMac Loan Services, LLC.

**2. Facilitation of Title Clearance:** I understand your clients require a clean and unencumbered title. To facilitate this global settlement, I am willing to procure the cooperation of Lam Tung Dang. I will ensure the necessary cancellation documents, quitclaims, or reconveyances are executed to permanently release any and all clouds on title, encumbrances, or interests recorded against the property by Lam Tung Dang, his designees, or any related trusts and entities.

**3. Global Mutual Release & Dismissal with Prejudice:** In exchange for my surrender of the property and my facilitation of the aforementioned title clearance, PennyMac Loan Services, LLC and Federal National Mortgage Association must agree to a full, global mutual release.

- This release must explicitly discharge me (Thu Thuy Nguyen), Lam Tung Dang, and all related trusts/entities from any and all past, present, or future liability.

- Defendants must file a Stipulation to Dismiss the entire action with prejudice, permanently waiving all demands for monetary damages (including the $75,000 claim), punitive damages, attorney's fees, costs, and a full waiver of any deficiency judgment.

- The agreement must explicitly state that the execution of these documents is for settlement purposes only to clear the title, and does not constitute an admission of liability, fault, or wrongdoing by any party.

**4. Strict Confidentiality:** The final settlement agreement must contain standard non-disclosure and confidentiality clauses.

**DEADLINE FOR ACCEPTANCE:** This offer provides your clients with immediate, free-and-clear possession of the property. This offer will automatically expire at **5:00 PM PST on Tuesday, March 3, 2026.**

If your clients accept, please prepare and send a draft of the Global Settlement Agreement for my review. If we cannot reach an agreement by this deadline, this offer will be withdrawn, and I will proceed to defend my position in Court as required.

I look forward to your prompt response.

Sincerely,

Thu Thuy Nguyen

*Plaintiff / Counter-Defendant, Pro Se*