SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  scott.lachman@akerman.com
Email:  nicholas.belay@akerman.com

*Attorneys for Pennymac Loan Services, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| THU THUY NGUYEN,<br><br>                     Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),<br><br>                     Defendants. | Case No.:   2:25-cv-00362-GMN-DJA<br><br><br>**PENNYMAC LOAN SERVICES, LLC'S OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO COUNTERCLAIMS** |
| PENNYMAC LOAN SERVICES, LLC,<br><br>                     Counterplaintiff,<br><br>vs.<br><br>THU THUY NGUYEN; LAM TUNG DANG, an individual; LAM TUNG DANG, as Trustee of the LUCKY FORTUNE TRUST; LAM TUNG DANG, as Trustee of the FORTUNE HEIR TRUST; LAM TUNG DANG, as Trustee of the PROSPERITY VAULT TRUST; LAM TUNG DANG, as Trustee of the ROYAL ESTATE TRUST; LAM TUNG DANG, as Trustee of the DOMINION TITLE TRUSTEE TRUST,<br><br>                     Counterdefendants. |  |

85932944;1

PennyMac Loan Services, LLC (**Pennymac**) opposes Thu Thuy Nguyen's motion for an extension of time to respond to Pennymac's counterclaims.  ECF No. 49 (referring to ECF No 44).

## I.    RELEVANT BACKGROUND

In December 2024, Nguyen obtained a $762,372.00 loan from Pennymac to purchase a new home, agreeing to be bound by the terms of both a promissory note and the associated deed of trust. *See* **Ex. 1** (note and deed of trust).[1]  Nguyen immediately defaulted without making a single payment, instead filing the instant frivolous lawsuit and claiming to own the property free and clear.  The court dismissed Nguyen's complaint in January 2026, allowing leave to amend solely with respect to Nguyen's RESPA and TILA claims.  *See* ECF No. 39 at 14.  Nguyen filed an amended complaint on February 2, 2026, which was entered and served on February 6, 2026.  ECF No. 40.

Around this time, Pennymac learned that Nguyen, in coordination with Lam Tung Dang and various purported trust entities, had engaged in a fraudulent scheme to deprive Pennymac of its senior lien interest, delay foreclosure, and improperly encumber the property.  The scope of the fraudulent scheme included: (1) providing false information on Nguyen's loan application concerning material matters such as her employment, income, education, assets, and occupancy; (2) transferring the property from Nguyen to Lucky Fortune Trust, with Dang acting as trustee; (3) recording several fraudulent liens against the property, which purport to secure over $745,000 with priority over Pennymac's senior deed of trust; and (4) recording a fraudulent reconveyance of Pennymac's deed of trust, incorrectly indicating that the "Deed of Trust has been paid in full."  *See* ECF No. 44 at 8-13; *see also* **Ex. 2** (fraudulent recorded documents).

Pennymac filed an answer and counterclaims on February 20, 2026, raising claims against Nguyen, Dang, and the related trust entities for quiet title/declaratory relief, cancellation of instruments, slander of title, tortious interference with contractual relations, and fraud/civil conspiracy. *Id*. at 13-19.  Resolving these counterclaims expeditiously is critical to Pennymac, as it cannot proceed with foreclosure on the defaulted loan without first clearing the title record.

---

[1] Pennymac respectfully requests the court take judicial notice of the documents attached as Exhibits 1-2, 4-7. as matters of public record.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

85932944;1

After realizing her fraudulent scheme had been discovered, Nguyen immediately changed her position from challenging the loan's validity to offering to return the property in exchange for dismissal of the case. *See* ECF No. 47, Exs. A, B.[2]  Pennymac declined Nguyen's offer (which had already expired) on March 11, 2026, indicating it was not interested in making a counteroffer. *See* ECF No. 49, Ex. A.  Pennymac also declined Nguyen's request for a 30-day extension to her March 13, 2026, responsive pleading deadline.  While Pennymac generally grants these types of extensions as a matter of professional courtesy, it could not do so here where the resulting delay in resolving Pennymac's counterclaims would directly prejudice its rights and interest under the deed of trust, while conversely rewarding Nguyen for her fraudulent and criminal conduct through continued possession of the property.  Pennymac's counsel offered to discuss the matter at a meet and confer call. *Id*.

Nguyen never followed up regarding Pennymac's offer to meet and confer.  Instead, Nguyen filed her motion to extend the responsive pleading deadline on March 11, 2026, which was entered and served on March 12, 2026. *See* ECF No. 49.  Nguyen's sole justification for the requested extension is the non-existent "settlement" discussions between the parties, which Pennymac has already rejected and never engaged with in the first place.

## II.    LEGAL STANDARD

A party must "serve an answer within 21-days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a).  "[T]he court may, for good cause, extend the time . . . if a request is made before the original time of its extension expires."  Fed. R. Civ. P. 6(a)(1)(A).  While courts liberally construe the good cause standard, an extension should not be granted in instances of "bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

. . .

. . .

. . .

---

[2] Nguyen voluntarily placed her "settlement" communications into the record.  Pennymac does not reference the communications to establish liability under its counterclaims but rather to demonstrate that Nguyen contends she has authority to "formally void" the fraudulent recorded documents, thereby conceding her involvement in creating the fraudulent documents in the first place.

3

85932944;1

### III. ARGUMENT

Nguyen claims good cause supports her requested thirty (30) day extension to the responsive pleading deadline due to "active settlement efforts" and the related conservation of judicial resources should the parties reach a resolution. *See* ECF No. 49 at 2. Nguyen's request fails—there are no active settlement discussions, and Pennymac made that clear to Nguyen *before* she filed her motion. *See* ECF No. 49, Ex. A. In fact, Pennymac has never engaged in settlement discussions with Nguyen or indicated any willingness to resolve its counterclaims. Each settlement communication from Nguyen has been unilateral, unsolicited, and rejected.

Pennymac's disinterest in discussing settlement with Nguyen is not "unexpected," as Nguyen incorrectly suggests. *See* ECF No. 49 at 2. Nguyen, along with Dang, defrauded Pennymac both during the loan application process and in the recorded title record, going so far as to record a fraudulent reconveyance of Pennymac's deed of trust. *See* Ex. 2 at 20-22 (fraudulent reconveyance). Nguyen and Dang's fraud encompasses forged documents, signatures, and notaries. *See, e.g.*, **Ex. 3** (forged diploma).[3] This is also not the first time it has happened. *See* **Ex. 4** (fraudulent reconveyance recorded against another property owned by Nguyen and Dang).[4] Nguyen cannot force Pennymac to engage in settlement discussions just because she now seeks to avoid the consequences of her actions. *See Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (recognizing settlements must be voluntary); *see also Abreu Bautista v. Pagan-Rodriguez*, No. 24-CV-00631 (JMF) (BCM), 2025 WL 1616847, at *3 (S.D.N.Y. May 2, 2025) ("It is well-established that a court cannot force litigants to settle an action."); *Hodge v. Stephens*, No. 12-CV-01988-AW, 2013 WL 398870, at *17 (D. Md. Jan. 31, 2013) (a party cannot be compelled to engage in settlement). Further, even if Pennymac wanted to settle its

---

[3] Nguyen claimed on her loan application that she received a degree from UNLV in December 2023. Her "diploma" contains the signature of Carol C. Harter as president, who ceased being president in 2006 and passed away in September 2023. *See* **Ex. 5**. This presents just one of many instances where Nguyen used forged documents in relation to the loan.

[4] This fraudulent reconveyance occurred during litigation in *Dang v. Towne Mortgage Company*, No. 2:25-cv-00355-MMD-MDC. In addition to the fraudulent reconveyance, Nguyen and Dang encumbered this property—which Nguyen claims was her former residence—with several deeds of trust and UCC financing statements in a materially similar scheme to the one at-issue in this case. *See* **Ex. 6** (additional fraudulent recorded documents).

4

85932944;1

counterclaims (which it does not at this time), it could not trust Nguyen to act in good faith throughout the process, nor could it trust that Nguyen actually has authority to enter into the agreement.[5]

It is immaterial that this is Nguyen's "first request" for an extension to the responsive pleading deadline. While Pennymac ordinarily would not oppose a *pro se* party seeking additional time, this is not an ordinary case. Each day that Nguyen delays final resolution of Pennymac's counterclaims *directly* prejudices Pennymac's ability to clear the title record and foreclose on the severely-defaulted loan. *See* Ex. 2. It also prejudices Pennymac because the loan continues to accrue unpaid interest and fees. *See* Ex. 1 at 3, 6-15, 26. In contrast, an extension of the responsive pleading deadline only rewards Nguyen for her fraudulent conduct by allowing her to continue to wrongly possess the property and expand upon her fraudulent scheme.

If Nguyen genuinely wishes to mitigate damages by voiding the fraudulently recorded documents and "surrendering the property," then she can do so on her own volition and without a settlement agreement. That would at least quell some of the urgency in litigating this matter. What she cannot do is use non-existent "settlement discussions" as an excuse to delay resolution, especially where the delay is solely the result of her own failure to timely prepare a responsive pleading within the deadline. That is precisely the type of bad faith and prejudicial conduct that the federal rules disallow. *See Ahanchian*, 624 F.3d at 1259 (recognizing bad faith where a party misrepresents the reasons for requesting an extension or causes prejudice to the other party).[6]

## IV.    CONCLUSION

For the reasons stated above, the court should deny Nguyen's request for an extension to the responsive pleading deadline. Pennymac is not, and never has been, engaged in settlement discussions with Nguyen, and it was not reasonable for Nguyen to assume otherwise given the severity of the . . .

---

[5] Nguyen is not even the record titleholder following the transfer to Lucky Fortune Trust. *See* **Ex. 7** (quitclaim deed).

[6] Additional evidence of Nguyen's bad faith can be found in her misleadingly-titled "emergency motion to stay proceedings pending settlement," which falsely represented that the parties were actively engaged in settlement discussions and implied a settlement had been reached or, at minimum, was close. *See* ECF No. 47. That motion was denied for failure to meet and confer. ECF No. 48.

5

85932944;1

conduct at issue in Pennymac's counterclaims.  Allowing Nguyen to delay proceedings under a false pretense does nothing but prejudice Pennymac and reward fraud.  Pennymac respectfully requests the court deny Nguyen's motion and order her to immediately answer the counterclaims or face default.

DATED March 25, 2026.

**AKERMAN LLP**

_/s/ Nicholas E. Belay_

SCOTT R. LACHMAN, ESQ.  (No. 12016)
NICHOLAS E. BELAY, ESQ. (No. 15175)
1180 N. Town Center Dr., Suite 290
Las Vegas, Nevada 89144

_Attorneys for Pennymac Loan Services, LLC_

6

85932944;1

**INDEX OF EXHIBITS**

EXHIBIT 1    Note and Deed of Trust

EXHIBIT 2    Fraudulent Recorded Documents

EXHIBIT 3    Forged Diploma

EXHIBIT 4    Fraudulent Reconveyance – 5886 Icicle Falls Ave

EXHIBIT 5    UNLV Information

EXHIBIT 6    Additional Fraudulent Documents – 5886 Icicle Falls Ave

EXHIBIT 7    Quit Claim Deed

7

85932944;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of March 2026, I caused to be served a true and correct copy of the foregoing **PENNYMAC LOAN SERVICES, LLC'S OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO COUNTERCLAIMS,** in the following manner:

☒    **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒    **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on March 25, 2026.

**Thu Thuy Nguyen**
**9878 Belikove Manor Ave.**
**Las Vegas, NV 89178**

☐    (**PERSONAL SERVICE**) By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below:

☐    **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below on N/A:

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Esther Ibarra*
An employee of AKERMAN LLP

8

85932944;1