# EXHIBIT 2

# Fraudulent Recorded Documents

# EXHIBIT 2

Inst #: **20250522-0000831**
Fees: **$42.00**
**05/22/2025 11:30:11 AM**
Receipt #: **5901414**
Requestor:
**Deeds.com, Inc.**
Recorded By: **SCHIABLE**   Pgs: 7
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

## APN#  176-19-316-010

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
### (DO NOT Abbreviate)

### DEED OF TRUST

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

## RECORDING REQUESTED BY:

### Lucky Fortune Trust

**RETURN TO: Name** __Lucky Fortune Trust__

**Address** __PO Box 570352__

**City/State/Zip** __Las Vegas, NV 89157__

## MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)

**Name** __Lucky Fortune Trust__

**Address** __PO Box 570352__

**City/State/Zip** __Las Vegas, NV 89157__

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

APN: 176-19-316-010
Recording Requested By:
Lucky Fortune Trust
PO Box 570352
Las Vegas, NV 89157

When Recorded Mail To:
Lucky Fortune Trust
PO Box 570352
Las Vegas, NV 89157

## DEED OF TRUST

THIS DEED OF TRUST, entered into this 21st day of May, 2025, by and between:
Trustor: LUCKY FORTUNE TRUST, whose address is PO Box 570352, Las Vegas, NV 89157
Trustee: LAM DANG, whose address is PO Box 570352, Las Vegas, NV 89157
Beneficiary: FORTUNE HEIR TRUST, whose address is 1050 E Flamingo Road, S107, Las Vegas, NV 89119

The Trustor hereby grants, bargains, sells, conveys and confirms unto Trustee in Trust with power of sale all that certain property situate in the State of Nevada, County of Clark, being more particularly described in Exhibit A, attached.

AND, ALSO, all of the estate, interest, homestead, or other claim, as well in law as in equity which Trustor now has or may hereafter acquire in and to said property together with all easements and rights of way used in connection therewith or as a means of access thereto, and all water and water rights in connection therewith or share of stock evidencing such water or water rights, and all fixtures now or hereafter attached to or used in connection with the premises above described, together with all and singular the tenements, the hereditaments, the appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof.

1. FOR THE PURPOSE OF SECURING:
(a) payment of a principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) together with interest thereon at the rate of 5% per annum, according to the terms of a promissory

note made by Trustor, payable to order of Beneficiary, dated May 21, 2025, and all extensions or renewals thereof;

(b) the performance of each agreement of Trustor incorporated herein referenced or contained herein; and

(c) payment of such additional sums that may hereafter be loaned or advanced to Trustor by Beneficiary when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

2. **Care of Property.** Trustor shall take reasonable care of the Subject Real Property and the buildings thereon and shall maintain them in good repair and condition as at the original date of this Deed of Trust, ordinary depreciation excepted. Trustor shall commit or permit no waste and do no act which will unduly impair or depreciate the value of the Subject Real Property as required, then Beneficiary or Trustee, at their option, may make necessary repairs and add the cost thereof to the Note. Trustor shall purchase and use on the Subject Real Property the amount of water to which it is or shall be entitled and shall not abandon any water rights, power rights, or any rights of whatever nature which are appurtenant to the Subject Real Property.

3. **Right to Inspect Subject Real Property.** At all convenient and reasonable times, upon prior notice to Trustor, Beneficiary or Trustee shall have the right and license to go on and into the Subject Real Property to inspect it in order to determine whether the provisions of the Deed of Trust are being kept and performed.

4. The following covenants, Nos. 1, 3, 4 (5%), 5, 6, 7 (Attorney fees reasonable), 8, and 9 of Section 107.030, Nevada Revised Statutes, are hereby adopted and made a part of this Deed of Trust and notwithstanding any provision of said covenant No. 7 to the contrary, proceeds from any foreclosure sale shall be distributed pursuant to the provisions of Nevada Revised Statutes 40.462.

5. **Fire Insurance.** Trustor shall, at Trustor's expense, maintain in force fire and extended coverage insurance in an amount of not less than full replacement value of any buildings which may exist on the Subject Real Property with loss payable to Beneficiary. Trustor shall provide fire insurance protection on his furniture, fixtures, and other personal property on the Subject Real Property in an amount equal to the full insurable value thereof and promises that any insurance coverage in this regard will contain a waiver of the insurer's right of subrogation against Beneficiary.

**6. Liability Insurance. Trustor shall, at Trustor's expense, maintain in force standard policies of insurance in an amount not less than the appraised value of the Subject Real Property, or as otherwise may be required by a mortgage lender senior in time and right to Beneficiary, that names Beneficiary as an additional insured thereunder, insuring Trustor against any claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Beneficiary's interest hereunder or the use and occupancy of the Subject Real Property by Trustor.**

**7. Trustor agrees that it will pay any deficiency arising from any cause after application of the proceeds of a sale held in accordance with the provisions of the covenants hereinabove adopted by reference.**

**8. If the premises or any part hereof be condemned under any power of eminent domain in, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition to the extent of the full amount of indebtedness upon this Deed of Trust and the Note secured hereby remaining unpaid, are hereby assigned by the Trustor to the Beneficiary and shall be paid forthwith to the Beneficiary to be applied by them on account of the last maturing installments of such indebtedness.**

**9. Trustor hereby assigns to the Trustee all rents, income, maintenance fees, and other benefits to which Trustor may now or hereafter be entitled from the property described hereinabove and to be applied against the indebtedness or other sums secured hereby provided, however, that permission is hereby given to Trustor so long as no event of default has occurred hereunder to collect and use such rents, income, maintenance fees, and other benefits as they become due and payable but not in advance thereof. Upon the occurrence of any such event of default, the permission hereby given to Trustor to collect such rents, income, maintenance fees, and other benefits from the property described hereinabove shall automatically terminate.**

**10. The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby. The Beneficiary may, without notice to or consent of Trustor, extend the time of payment of any indebtedness secured hereby to any successor in interest of the Trustor without discharging the Trustor from liability thereon.**

11. The rights and remedies granted hereunder or by law shall not be exclusive but shall be concurrent and cumulative.

12. The benefits of the covenants, terms, conditions, and agreements herein contained shall accrue to, and the obligations thereof shall bind the heirs, representatives, successors, and assigns of the parties hereto and the Beneficiary hereof. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all other genders, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any transferee thereof, whether by operation of law or otherwise.

13. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made public record as provided by law, reserving, however, unto the Trustee the right to resign from the duties and obligations imposed herein whenever Trustee, in its sole discretion, deems such resignation to be in the best interest of the Trustee. Written notice of such resignation shall be given to the Trustor and Beneficiary.

14. The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to them at the following address: PO Box 570352, Las Vegas, NV 89157.

15. In the event the real property described herein securing the Note, or any part thereof, or any interest therein, legal or equitable, is sold, conveyed, or alienated by Trustor, or by operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the holders hereof, and without demand or notice, shall become immediately due and payable. The Trustor acknowledges that in the event of default Nevada Revised Statute 107.080 sets forth the process for foreclosure.

16. The rights and remedies of Beneficiary upon the occurrence of one or more defaults by Trustor may be exercised by Beneficiary, in the sole discretion of Beneficiary, either alternatively, concurrently, or consecutively in any order. The exercise by Beneficiary, or by Trustee at the express direction of Beneficiary, of any one or more of such rights and remedies shall not be construed to be an election of remedies nor a waiver of any other rights and remedies Beneficiary might have unless, and limited to the extent that, Beneficiary shall so elect or so waive by an instrument in writing delivered to Trustee.

17. This Deed of Trust and related Note constitute the entire understanding of the parties and shall be construed under the laws of the State of Nevada.

18. Trustor hereby appoints Beneficiary the attorney-in-fact of Trustor to prepare, sign, file, and record this Deed of Trust; one or more financing statements; any documents of title or registration, or like papers, and to take any other action deemed necessary, useful, or desirable by Beneficiary to perfect and preserve Beneficiary's security interest against the rights or interests of third persons.

IN WITNESS WHEREOF, the Trustor has caused this Deed of Trust to be executed the day and year first above written.

_____

**Lam Dang**
**Capacity: Trustee of the Lucky Fortune Trust**

**STATE OF NEVADA**
**COUNTY OF CLARK**

This instrument was acknowledged before me on the 21st day of May, 2025, by LAM DANG, Trustee of the LUCKY FORTUNE TRUST.

**Signature:** _____
**Print Name:** Christian Tapia
**Title: Notary Public**
**My Commission Expires:** 1-16-27

Christian Tapia
Notary Public - State of Nevada
County of Clark
APPT. NO. 10-2427-1
My Appt. Expires: January 16, 2027

**Exhibit A**

**Legal Description**

**Lot 93, Meranto/Grand Canyon Phase 2, as shown by map thereof on file in Book 170 of Plats, Page 9 in the Office of the County Recorder of Clark County, Nevada. Amended by Certificate of Amendment recorded March 5, 2024, Book 20240305, Instrument No. 20240305, Official Records.**

**Together with a non-exclusive easement for ingress, egress, use, enjoyment, and public utility purposes over and across the private streets and common area on the map referenced above, appurtenant to the described property.**

**APN: 176-19-316-010**

**Commonly known as: 9878 Belikove Manor Ave, Las Vegas, NV 89178**

Inst #: **20250522-0000832**
**Fees: $42.00**
**05/22/2025 11:30:11 AM**
Receipt #: 5901414
Requestor:
Deeds.com, Inc.
Recorded By: SCHIABLE   Pgs: 7
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

## APN#  176-19-316-010

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
### (DO NOT Abbreviate)

### DEED OF TRUST

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

## RECORDING REQUESTED BY:

**Lucky Fortune Trust**

**RETURN TO: Name**    **Lucky Fortune Trust**

**Address**    **PO Box 570352**

**City/State/Zip**    **Las Vegas, NV 89157**

## MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)

**Name**    **Lucky Fortune Trust**

**Address**    **PO Box 570352**

**City/State/Zip**    **Las Vegas, NV 89157**

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

**APN: 176-19-316-010**
**Recording Requested By:**
**Lucky Fortune Trust**
**PO Box 570352**
**Las Vegas, NV 89157**

**When Recorded Mail To:**
**Lucky Fortune Trust**
**PO Box 570352**
**Las Vegas, NV 89157**

**DEED OF TRUST**

**THIS DEED OF TRUST, entered into this 21st day of May, 2025, by and between:**
**Trustor: LUCKY FORTUNE TRUST, whose address is PO Box 570352, Las Vegas, NV 89157**
**Trustee: LAM DANG, whose address is PO Box 570352, Las Vegas, NV 89157**
**Beneficiary: PROSPERITY VAULT TRUST, whose address is 1050 E Flamingo Road, S107, Las Vegas, NV 89119**

**The Trustor hereby grants, bargains, sells, conveys and confirms unto Trustee in Trust with power of sale all that certain property situate in the State of Nevada, County of Clark, being more particularly described in Exhibit A, attached.**

**AND, ALSO, all of the estate, interest, homestead, or other claim, as well in law as in equity which Trustor now has or may hereafter acquire in and to said property together with all easements and rights of way used in connection therewith or as a means of access thereto, and all water and water rights in connection therewith or share of stock evidencing such water or water rights, and all fixtures now or hereafter attached to or used in connection with the premises above described, together with all and singular the tenements, the hereditaments, the appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof.**

1. **FOR THE PURPOSE OF SECURING:**
   **(a) payment of a principal sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) together with interest thereon at the rate of 5% per annum, according to the terms of a**

promissory note made by Trustor, payable to order of Beneficiary, dated May 21, 2025, and all extensions or renewals thereof;

(b) the performance of each agreement of Trustor incorporated herein referenced or contained herein; and

(c) payment of such additional sums that may hereafter be loaned or advanced to Trustor by Beneficiary when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

This Deed of Trust is intended to secure priority over prior encumbrances, including Instrument #20241212-0000656 and #20250519-0000694, which may be defective as detailed in federal litigation, Case No. 2:25-cv-00362, United States District Court for the District of Nevada.

2.  **Care of Property.** Trustor shall take reasonable care of the Subject Real Property and the buildings thereon and shall maintain them in good repair and condition as at the original date of this Deed of Trust, ordinary depreciation excepted. Trustor shall commit or permit no waste and do no act which will unduly impair or depreciate the value of the Subject Real Property as required, then Beneficiary or Trustee, at their option, may make necessary repairs and add the cost thereof to the Note. Trustor shall purchase and use on the Subject Real Property the amount of water to which it is or shall be entitled and shall not abandon any water rights, power rights, or any rights of whatever nature which are appurtenant to the Subject Real Property.

3.  **Right to Inspect Subject Real Property.** At all convenient and reasonable times, upon prior notice to Trustor, Beneficiary or Trustee shall have the right and license to go on and into the Subject Real Property to inspect it in order to determine whether the provisions of the Deed of Trust are being kept and performed.

4.  The following covenants, Nos. 1, 3, 4 (5%), 5, 6, 7 (Attorney fees reasonable), 8, and 9 of Section 107.030, Nevada Revised Statutes, are hereby adopted and made a part of this Deed of Trust and notwithstanding any provision of said covenant No. 7 to the contrary, proceeds from any foreclosure sale shall be distributed pursuant to the provisions of Nevada Revised Statutes 40.462.

5.  **Fire Insurance.** Trustor shall, at Trustor's expense, maintain in force fire and extended coverage insurance in an amount of not less than full replacement value of any buildings which may exist on the Subject Real Property with loss payable to Beneficiary. Trustor shall provide fire insurance protection on his furniture, fixtures, and other personal property on the Subject Real Property in an amount equal to the full insurable value thereof and

promises that any insurance coverage in this regard will contain a waiver of the insurer's right of subrogation against Beneficiary.

6. **Liability Insurance.** Trustor shall, at Trustor's expense, maintain in force standard policies of insurance in an amount not less than the appraised value of the Subject Real Property, or as otherwise may be required by a mortgage lender senior in time and right to Beneficiary, that names Beneficiary as an additional insured thereunder, insuring Trustor against any claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Beneficiary's interest hereunder or the use and occupancy of the Subject Real Property by Trustor.

7. Trustor agrees that it will pay any deficiency arising from any cause after application of the proceeds of a sale held in accordance with the provisions of the covenants hereinabove adopted by reference.

8. If the premises or any part hereof be condemned under any power of eminent domain in, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition to the extent of the full amount of indebtedness upon this Deed of Trust and the Note secured hereby remaining unpaid, are hereby assigned by the Trustor to the Beneficiary and shall be paid forthwith to the Beneficiary to be applied by them on account of the last maturing installments of such indebtedness.

9. Trustor hereby assigns to the Trustee all rents, income, maintenance fees, and other benefits to which Trustor may now or hereafter be entitled from the property described hereinabove and to be applied against the indebtedness or other sums secured hereby provided, however, that permission is hereby given to Trustor so long as no event of default has occurred hereunder to collect and use such rents, income, maintenance fees, and other benefits as they become due and payable but not in advance thereof. Upon the occurrence of any such event of default, the permission hereby given to Trustor to collect such rents, income, maintenance fees, and other benefits from the property described hereinabove shall automatically terminate.

10. The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby. The Beneficiary may, without notice to or consent of Trustor, extend the time of payment of any indebtedness secured hereby to any successor in interest of the Trustor without discharging the Trustor from liability thereon.

11. The rights and remedies granted hereunder or by law shall not be exclusive but shall be concurrent and cumulative.

12. The benefits of the covenants, terms, conditions, and agreements herein contained shall accrue to, and the obligations thereof shall bind the heirs, representatives, successors, and assigns of the parties hereto and the Beneficiary hereof. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all other genders, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any transferee thereof, whether by operation of law or otherwise.

13. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made public record as provided by law, reserving, however, unto the Trustee the right to resign from the duties and obligations imposed herein whenever Trustee, in its sole discretion, deems such resignation to be in the best interest of the Trustee. Written notice of such resignation shall be given to the Trustor and Beneficiary.

14. The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to them at the following address: PO Box 570352, Las Vegas, NV 89157.

15. In the event the real property described herein securing the Note, or any part thereof, or any interest therein, legal or equitable, is sold, conveyed, or alienated by Trustor, or by operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the holders hereof, and without demand or notice, shall become immediately due and payable. The Trustor acknowledges that in the event of default Nevada Revised Statute 107.080 sets forth the process for foreclosure.

16. The rights and remedies of Beneficiary upon the occurrence of one or more defaults by Trustor may be exercised by Beneficiary, in the sole discretion of Beneficiary, either alternatively, concurrently, or consecutively in any order. The exercise by Beneficiary, or by Trustee at the express direction of Beneficiary, of any one or more of such rights and remedies shall not be construed to be an election of remedies nor a waiver of any other rights and remedies Beneficiary might have unless, and limited to the extent that, Beneficiary shall so elect or so waive by an instrument in writing delivered to Trustee.

17. This Deed of Trust and related Note constitute the entire understanding of the parties and shall be construed under the laws of the State of Nevada.

18. Trustor hereby appoints Beneficiary the attorney-in-fact of Trustor to prepare, sign, file, and record this Deed of Trust; one or more financing statements; any documents of title or registration, or like papers, and to take any other action deemed necessary, useful, or desirable by Beneficiary to perfect and preserve Beneficiary's security interest against the rights or interests of third persons.

IN WITNESS WHEREOF, the Trustor has caused this Deed of Trust to be executed the day and year first above written.

**Lam Dang**
**Capacity: Trustee of the Lucky Fortune Trust**

**STATE OF NEVADA**
**COUNTY OF CLARK**

This instrument was acknowledged before me on the 21st day of May, 2025, by LAM DANG, Trustee of the LUCKY FORTUNE TRUST.

Signature: _____
**Print Name:** Christien Tapia
**Title: Notary Public**
**My Commission Expires:** _1-16-27_

Christian Tapia
Notary Public - State of Nevada
County of Clark
APPT. NO. 10-2427-1
My Appt. Expires: January 16, 2027

**Exhibit A**

**Legal Description**

**Lot 93, Meranto/Grand Canyon Phase 2, as shown by map thereof on file in Book 170 of Plats, Page 9 in the Office of the County Recorder of Clark County, Nevada. Amended by Certificate of Amendment recorded March 5, 2024, Book 20240305, Instrument No. 20240305, Official Records.**

**Together with a non-exclusive easement for ingress, egress, use, enjoyment, and public utility purposes over and across the private streets and common area on the map referenced above, appurtenant to the described property.**

**APN: 176-19-316-010**
**Commonly known as: 9878 Belikove Manor Ave, Las Vegas, NV 89178**

**Inst #: 20250708-0001028**
**Fees: $90.00**
**07/08/2025 10:39:28 AM**
Receipt #: 5938431
Requestor:
**Deeds.com, Inc.**
Recorded By: RYUD   Pgs: 4
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

**APN#**  176-19-316-010

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
### (DO NOT Abbreviate)

UCC FINANCING STATEMENT

FIXTURE FILING

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

UCC FILING CORP

**RETURN TO: Name**          UCC FILING CORP

**Address**          5940 SOUTH RAINBOW

**City/State/Zip**          LAS VEGAS, NV 89118

**MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)**

**Name**

**Address**

**City/State/Zip**

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>**SPC Fillings 702-915-9928** | |
| B. E-MAIL CONTACT AT FILER (optional)<br>**uccfillingsgroup@gmail.com** | |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address)<br><br>**5940 South Rainbow Boulevard**<br>**Las Vegas, NV 89118, USA** | |

| Filed in the Office of | Initial Filing Number<br>**2025488276-5** |
|---|---|
| *F V Aguilar* | Filed On<br>**July 8, 2025 01:23 AM** |
| Secretary of State<br>State Of Nevada | Number of Pages<br>**2** |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME:  Provide only <u>one</u> Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| OR | 1a. ORGANIZATION'S NAME<br>**LUCKY FORTUNE TRUST** | | | |
|---|---|---|---|---|
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 1c. MAILING ADDRESS<br>**PO BOX 570352** | CITY<br>**LAS VEGAS** | STATE<br>**NV** | POSTAL CODE<br>**89157** | COUNTRY<br>**USA** |
|---|---|---|---|---|

2. DEBTOR'S NAME:  Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| OR | 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only <u>one</u> Secured Party name (3a or 3b)

| OR | 3a. ORGANIZATION'S NAME<br>**ROYAL ESTATE TRUST** | | | |
|---|---|---|---|---|
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS<br>**1920 E SERENE AVE STE 502** | CITY<br>**LAS VEGAS** | STATE<br>**NV** | POSTAL CODE<br>**89123** | COUNTRY<br>**USA** |
|---|---|---|---|---|

4. COLLATERAL: This financing statement covers the following collateral:

**HEATING, VENTILATION AND COOLING SYSTEMS (HVAC), THERMOSTATS, FURNACES, DUCTING, AND COMPRESSORS; SOLAR ENERGY INSTALLATIONS INCLUDING ROOF-MOUNTED PANELS, INVERTERS, MOUNTING HARDWARE AND POWER EQUIPMENT; PLUMBING NETWORKS, PIPING, TANKLESS AND CONVENTIONAL WATER HEATERS, FILTRATION UNITS, AND IRRIGATION SYSTEMS; INTEGRATED ELECTRICAL SYSTEMS, PANELS, BREAKERS, CONDUIT, SURGE PROTECTION AND EMBEDDED SMART GRID INFRASTRUCTURE; ALL LIGHTING APPARATUS INCLUDING RECESSED LIGHTS, TRACK LIGHTING, WALL FIXTURES, EXTERIOR LIGHTS, FANS, AND CHANDELIERS; CUSTOM KITCHEN AND BATHROOM BUILT-INS INCLUDING FIXED CABINETRY, STONE OR SYNTHETIC COUNTERTOPS, UNDERMOUNT SINKS, PERMANENTLY INSTALLED RANGES, COOKTOPS, VENTILATION SYSTEMS, DISHWASHERS, AND GARBAGE UNITS; LAUNDRY STATION APPLIANCES WHERE BUILT INTO CABINET SYSTEMS; SMART HOME SURVEILLANCE CAMERAS, WIRED ALARM SYSTEMS, WALL-CONCEALED HARDWARE AND PROGRAMMABLE CONTROLLERS; FLOORING INSTALLATIONS INCLUDING WOOD, TILE, LAMINATE, AND WALL-TO-WALL CARPETING; GARAGE DOORS, OPENERS, TRACKS, EXTERIOR SECURITY SHUTTERS, MOTORIZED GATE CONTROLS, INSULATION, INTERIOR DRYWALL AND PARTITIONS, FRAMING REINFORCEMENTS, WEATHERPROOFED ENTRYWAYS, SEALED WINDOW UNITS, STRUCTURAL SHEATHING AND ALL SYSTEMS AFFIXED, EMBEDDED OR PERMANENTLY CONNECTED TO THE STRUCTURE OR LOT IMPROVEMENTS WHETHER VISIBLE OR OBSCURED FROM VIEW. THIS FINANCING STATEMENT SECURES A CLAIM OF $395,000.00.**

5. Check <u>only</u> if applicable and check <u>only</u> one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check <u>only</u> if applicable and check <u>only</u> one box:<br>☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | 6b. Check <u>only</u> if applicable and check <u>only</u> one box:<br>☐ Agricultural Lien  ☐ Non-UCC Filing |
|---|---|

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
   because Individual Debtor name did not fit, check here ☐

| | |
|---|---|
| 9a. ORGANIZATION'S NAME **LUCKY FORTUNE TRUST** | |
| OR | 9b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S) / SUFFIX |

10. DEBTOR'S NAME: Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | 10b. INDIVIDUAL'S SURNAME | | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| 10c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME   or   ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

| | 11a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 11c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

| | |
|---|---|
| 13. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | 14. This FINANCING STATEMENT: ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☑ is filed as a fixture filing |
| 15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: **REAL PROPERTY LOCATED AT 9878 BELIKOVE MANOR AVE, LAS VEGAS, NV 89178, APN: 176-19-316-010. SEE ATTACHED EXHIBIT A** |

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

EXHIBIT A

Parcel One:
Lot 93, Meranto/Grand Canyon Phase 2, as shown by map thereof on file in Book 170 of Plats, Page 9 in the Office of the County Recorder of Clark County, Nevada. Amended by Certificate of Amendment Recording Date: March 5, 2024, Recording No: Book 20240305, Instrument No. 20240305, of Official Records.

Parcel Two:
A non-exclusive easement for ingress, egress, use and enjoyment and public utility purposes on, over and across the private streets and common area on the map referenced hereinabove, which easement is appurtenant to Parcel One.

Property Address: 9878 Belikove Manor Ave, Las Vegas, NV 89178

Inst #: **20250724-0001166**
**Fees: $42.00**
**07/24/2025 11:12:43 AM**
**Receipt #: 5952880**
Requestor:
**Deeds.com, Inc.**
**Recorded By: DECHO  Pgs: 3**
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

## APN#    176-19-316-010
(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

.

## TITLE OF DOCUMENT
**(DO NOT Abbreviate)**

**Substitution of Trustee and Deed of Full Reconveyance**

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

**Monticello Private Estate Bank and Trust**

.

**RETURN TO: Name**    **Monticello Private Estate Bank and Trust**

**Address**    **2035 Sunset Lake Road, Suite B-2**

**City/State/Zip**    **Newark, DE 19702**

**MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)**

**Name**

**Address**

**City/State/Zip** .

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

**Parcel Tax ID: 176-19-316-010**
RECORD AND RETURN TO:
**Monticello Private Estate Bank & Trust**
2035 Sunset Lake Road, Suite B-2
Newark, DE 19702

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, the undersigned, **PENNYMAC LOAN SERVICES, LLC**, as the present Beneficiary(ies) under said Deed of Trust, hereby substitutes a new Trustee, **DOMINION TITLE TRUSTEE TRUST**, under said Deed of Trust, and **DOMINION TITLE TRUSTEE TRUST**, as Trustee under said Deed of Trust, does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the estate now held by Trustee under said Deed of Trust. WHEREAS, said Deed of Trust has been paid in full. WHEREAS, said Deed of Trust recorded in the official records of Clark County, NV is referenced below:

Trustor: **THU THUY NGUYEN, AN UNMARRIED WOMAN**
Original Beneficiary: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR PENNYMAC LOAN SERVICES, LLC, ITS SUCCESSORS AND ASSIGNS**
Dated: **12/12/2024** Recorded: **12/12/2024** Instrument No: **20241212-0000656**
Book: **N/A** in CLARK COUNTY, NEVADA
Property Address: **9878 Belikove Manor Ave, Las Vegas, NV 89178**

**Date:** _____July 24_____, 2025

Current Beneficiary:

**PENNYMAC LOAN SERVICES, LLC**
**3043 Townsgate Road, Suite 200**
**Westlake Village, CA 91361**

New Trustee:

**DOMINION TITLE TRUSTEE**
**TRUST**
**16192 Coastal Highway**
**Lewes, DE 19958**

By: _____

Name: **Melanie A. Oerkfitz**
Title: **Vice President**

By: _____

Name: **Marcus D. Grant**
Title: **Assistant Secretary**

STATE OF ILLINOIS     )

                                    ) ss.

COUNTY OF LAKE     )

On _____**July 24**_____, 2025, before me, the undersigned Notary Public, personally appeared **Melanie A. Oerkfitz,** known to me to be the **Vice President** of **PENNYMAC LOAN SERVICES, LLC,** whose address is **3043 Townsgate Road, Suite 200 Westlake Village, CA 91361,** and **Marcus D. Grant,** known to me to be the **Assistant Secretary** of **DOMINION TITLE TRUSTEE TRUST,** whose address is **16192 Coastal Highway Lewes, DE 19958**, and both persons being known to me (or satisfactorily proven) to be the individuals whose names are subscribed to the within instrument, acknowledged that they executed the same for the purposes therein contained and in their respective authorized capacities, and that by their signatures on the instrument, the entities upon behalf of which the individuals acted executed the instrument.

Witness my hand and official seal.

_____

Notary Public: **Laura Krieg**
My Commission Expires: **11/29/2025**
Commission #: **866126**

LAURA KRIEG
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
November 29, 2025