**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THU THUY NGUYEN,

Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC, *et al.*,

Defendants.

Case No.: 2:25-cv-00362-GMN-DJA

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is Defendant Federal National Mortgage Association's Motion to Dismiss, (ECF No. 43). Plaintiff Thu Thuy Nguyen did not file a Response, and the deadline to do so has passed. (*See generally* Order, ECF No. 45) (setting briefing schedule).

For the reasons discussed below, the Court GRANTS the Motion to Dismiss and DISMISSES Plaintiff's claims against Federal National Mortgage Association with prejudice.

## I. <u>BACKGROUND</u>

This case arises out of a loan agreement entered into by Plaintiff and Defendant PennyMac Loan Services, LLC ("PennyMac") on December 12, 2024, which Plaintiff used to purchase a property in Las Vegas, Nevada. (Am. Compl. ¶¶ 4–9, ECF No. 40). On January 14, 2025, Plaintiff received notice that Defendant Federal National Mortgage Association ("Fannie Mae") had purchased the loan from PennyMac. (*Id.* ¶ 12).

Plaintiff initiated this action in the Eighth Judicial District Court of Clark County, Nevada on January 17, 2025, asserting claims for quiet title, fraudulent misrepresentation, breach of contract, and "violations of federal and state law." (Compl. ¶¶ 16–26, Ex. 1 to Pet. Removal, ECF No. 1-1). Defendants PennyMac and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court on February 25, 2025, because it

presents questions of federal law. (Pet. Removal 1:23–24, ECF No. 1). On March 5, 2025, PennyMac filed a Motion to Dismiss, (ECF No. 6), which was joined by MERS, (ECF No. 7), and Fannie Mae, (ECF No. 27). Fannie Mae filed a separate Motion to Dismiss, (ECF No. 26), on June 20, 2025. On January 13, 2026, the Court granted both Motions to Dismiss, dismissing some claims with prejudice and others without prejudice and with leave to amend. (*See generally* Am. Order Granting Mots. Dismiss, ECF No. 39).

Plaintiff filed an Amended Complaint, (ECF No. 40), on February 2, 2026, and a duplicate Amended Complaint, (ECF No. 41), on February 5. Fannie Mae filed a Motion to Dismiss the Amended Complaint, (ECF No. 43), on February 20, 2026. Plaintiff did not file a Response, and the deadline to do so has passed. (*See generally* Sched. Order, ECF No. 45).

## II. LEGAL STANDARD

Dismissal is appropriate where a pleader fails to follow a district court's local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Rule 7–2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7–2(d). Before dismissing an action or claim, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Dismissal is also appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*,

550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

## III. DISCUSSION

Defendant Fannie Mae filed a Motion to Dismiss on February 20, 2026. (*See generally* Sec. Mot. Dismiss). On February 23, the Court's scheduling order set the deadline for Plaintiff to respond to the Motion to Dismiss as March 9, 2026. (*See generally* Sched. Order). The Order also informed Plaintiff that under Local Rule 7–2(d), failure to respond could lead the Court to grant the Motion. (*Id.* at 2). Plaintiff did not respond by the Court's deadline, nor did she seek to file a late response after obtaining counsel. (*See* Notice of Appearance, Ex. 1 to Answer, ECF No. 53-1) (dated April 21, 2026).

The *Pagtalunan* factors favor dismissal. Plaintiff's failure to respond to the Motion to Dismiss prejudices Fannie Mae and strains the Court's ability to manage its docket. Plaintiff already amended her Complaint once after the Court found that all her claims were either insufficiently pleaded or failed as a matter of law. (*See generally* Am. Order Granting Mots. Dismiss).

Moreover, the Court has reviewed Fannie Mae's Motion and concludes that it presents meritorious arguments that favor dismissal. The sole claim in Plaintiff's Amended Complaint that pertains to Fannie Mae is her allegation of a "Defective Notice of Transfer" under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g)(1)(D). (*See* Am. Compl. ¶ 29). Plaintiff asserts that the Notice of Transfer "was legally defective under TILA" because it "failed to identify the location where the transfer of ownership of the debt is recorded in the public records, as strictly required by" the statute. (*Id.*). She presented the same claim in her original Complaint as a breach of Nevada law, and it is no more viable under federal law than it was under state law. (*See* Compl. ¶ 11, Ex. 1 to Pet. Removal).

TILA requires that a notice include "the location of the place where transfer of ownership of the debt is recorded." 15 U.S.C. § 1641(g)(1)(D). However, it does not require lenders to record loan assignments in official property records where not required by local or state law. *See, e.g.*, *Lall v. Bank of New York Mellon*, No. 3:13-cv-3840, 2015 WL 5697480, at *8 (N.D. Tex. Sep. 9, 2015) (explaining that failure to include a location of record in a TILA notice is not a viable claim because Texas law does not mandate recording a transfer of assignment of a debt), *report & recommendation adopted*, 2015 WL 5723682 (N.D. Tex. Sep. 28, 2015); *accord Altier v. Fed. Nat. Mortg. Ass'n*, No. 1:13-cv-164, 2013 WL 6388521, at *8 (N.D. Fla. Dec. 6, 2013) (applying Florida law). As the Court explained when it granted Defendants' Motions to Dismiss with respect to Plaintiff's original Complaint, Nevada law "reject[s]" a requirement that Fannie Mae's interest be recorded. (Am. Order Granting Mots.

Dismiss 7:22–25) (first citing *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019); then citing *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017)). Therefore, even assuming Plaintiff's factual allegations against Fannie Mae to be true, she fails to present a viable claim for relief under TILA.

Accordingly, the Court GRANTS Fannie Mae's Motion to Dismiss. Because Plaintiff was already given an opportunity to correct her unfounded claim concerning Fannie Mae's duty to record, amendment would be futile. The Court will not permit her leave to amend her TILA claim against Fannie Mae.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Federal National Mortgage Association's Motion to Dismiss, (ECF No. 43), is **GRANTED**.

**IT IS FURTHER ORDERED** that Count II of Plaintiff's Amended Complaint, (ECF No. 40), is **DISMISSED with prejudice** as to Defendant Federal National Mortgage Association. Federal National Mortgage Association is **DISMISSED with prejudice** as a party in this action.

**IT IS FURTHER ORDERED** that Plaintiff's duplicate Amended Complaint, (ECF No. 41), is **STRICKEN**.

**DATED** this 29th day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT